IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION


JOSHUA WILSON, *et al*               §
                                     §
     Plaintiffs                    §
                                     §
                                     §      Case No. 4:22-cv-438-ALM
v.                                   §
                                     §
LLOYD AUSTIN, III, *et al.*,          §
                                     §
     Defendants                    §

ANNMARIE ACEVEDO,
RANDI ACHESON,
WILLIAM ADAMS,
KEVIN AFLATOONI,
CHARLES ALBERTSON,
MAYRA ALEXANDER,
JAMES ALLEN,
JARED ALLEN,
ISRAEL ALVARADO,
BRETT ANDERSEN,
JOSHUA ANDERSON,
MARC ANDERSON,
COY ANDREW,
BRIAN ANECITO,
CHARLES ARBUCKLE,
DEREK ARCHER,
CATHERINE ARNETT,
ALEXANDRA ARRABITO,
JARED ARTEAGA,
WADE ASHLEY,
FRANK AUCOMPAUGH,
KEVIN AUSTIN,
KAHMAAL AUTMAN,
ANTHONY AUTRY,
SCOTT BAILEY JR.,
LANII BAILLIE,
BRYANT BAKER,
JOHN BAKER,
ALEC BANSE,

**CANAAN BARGER,**
**ZACKERY BARKELL,**
**MATTHEW BARLOW,**
**AMOS BARTLOW,**
**MARK BASHAW,**
**CHARLES BAUMANN,**
**ANDREW BEAN,**
**ANDREW BEARDSLEY,**
**DAVID BECKERMAN,**
**NATHANIAL BERGAN,**
**DAVID BERGMAN,**
**MICHAEL BERNARD,**
**ANTHONY BEVERS,**
**ALEC BIRCHFIELD,**
**KIM BITTER,**
**JEFFREY BLASIAK,**
**NATHAN BLEVINS,**
**MATTHEW BOEDEKER,**
**JOSHUA BOELTER,**
**CAMERON BOIS,**
**JESSICA BOLTON,**
**BRANDON BOND,**
**ROCIO BOONE,**
**AARON BORSZICH,**
**PANAGIOTIS BOUTSIKAKS,**
**JOHN BOWES,**
**CAMILLE BRACCIO,**
**SEAN BRADY,**
**ZACHARY BRAIDA,**
**JOHN BRANCH,**
**JONATHAN BRAUNSTEIN,**
**MATTHEW BRIDGE,**
**ANTHONY BROOKS,**
**BRANDON BROWN,**
**JONAH BROWN,**
**EVELYN BRUNO,**
**JOCK BRYANT,**
**TODD BUCHANAN,**
**BENJAMIN BUCHTA,**
**THOMAS BUDGE,**
**PAIGE BUMP,**
**CHRISTOPHER BURGE,**
**ERIC BURGESS,**

2

DOMINICK BURKHARDT,
CLAIRE BURNS,
ISRAEL CABAN,
DONALD CALKINS,
TESSA RAE CALLENDER,
CHRISTOPHER CAMPBELL,
MICHEAL CAPELLE,
RYAN CAREY,
DAVID CARLO,
ERIC CARLO,
DAVID CARR,
ANDREW CARSON,
ALEXANDER CARVER-ROBBINS,
MICHAEL CASANO,
NICHOLAS CASTLE,
MATTHEW CASTRO,
AUSTEN CATLIN,
MARIO CECCARELLI,
ANTHONY CECORA,
JONATHAN CHEEK,
BRENT CHISHOLM,
LORNE CHRISTOPHER,
MICHAEL CHUZIE,
TANYA CLARK,
TYLER CLAWSON,
JASON CLENDENIN,
JOSHUA COBIN,
CATHERINE COCHRAN,
ZACKARY COCHRAN,
KRISTOPHER COCKBURN,
JACOB COLE,
NATHAN COLLINS,
RALPH COLLINS,
MICHAEL COLONEY,
BRYAN COLUCCI,
RYLAN COMMINS,
BRENDON CONNOR,
LYDIA COOK,
DANIEL COOKE,
RYAN COOKE,
JOHN COOPER,
RONNIE COOPER JR.,
GREGG COSTIN,

JOSEPH COTTON,
DEBORAH COUNTRYMAN,
JOSEPH CRISTI,
WILLIAM CRONKRIGHT,
CAROLINE CRUMBACKER,
MELISSA CUNNINGHAM,
RICHARD CUNNINGHAM,
MICHAEL CURLEY,
DANIEL DAHLBY,
PATRICK DALY,
ANDREW DANIELE,
MICHAEL DARNELL,
MICHAEL DAVENPORT,
NATHAN DAVIES,
KYLE DAVIS,
ALEXANDER DECAMPI,
DARREN DECARLO,
DANIEL DECKER,
ROBERT DEE,
MATTHEW DEISTER,
LUCIAN DEKICH,
ANTHONY DELIKAT,
GEORGE DELIYANIDES,
JASON DELMAR,
PHILIP DEMOLA,
NATHAN DENNEN,
DAVID DENSMORE,
CHRISTOPHER DEPASQUALE,
ETHAN DESOTO,
HAYDEN DEVERILL,
CHEYNE DEWOLFE,
JAMES DICKENS,
JUSTIN DIERCKS,
ANDREW DILLON,
ADRIAN DIMAS,
ZEBULON DIMMETT,
JOSHUA DONALDSON,
CRYSTAL DONDERS,
ZACKARY DONOHUE,
CHRISTOPHER DOSCHER,
JAMES DOUGLAS,
JONAH DREYFUS,
CRYSTAL DUBOIS,

**ELIJAH DUFFY,**
**JUSTIN DUMAIS,**
**ELIZABETH DUMLAO,**
**CHRISTOPHER DUNCAN,**
**KYLE DUNLAP,**
**AARON DUNN,**
**AARON M. DUNSON,**
**KIERAN DURDEN,**
**ADAM DYESS,**
**PHILLIP EDWARDS,**
**AARON ELLIOT,**
**ABIGAIL ELLIOT,**
**KATHERYN ELLIS,**
**JACOB ELLWOOD,**
**ELDEN ENGELHARD,**
**GARRETT ERICKSEN,**
**JACOB ERICKSON,**
**JOHN ESCHMANN,**
**CAROLINE ESSEX,**
**PETER EVANS,**
**CHRISTOPHER EVATT,**
**CARLOS FABIAN,**
**SCOTT FARRAR,**
**RYAN FAUCHEUX,**
**JOSHUA FEAGLEY,**
**JOHN FELBINGER,**
**DANIEL FERRIS,**
**LEAH FIELDER,**
**LUKE FINDLEY,**
**ALEXANDER FOGASSY,**
**NICOLE FOY,**
**JOHN FRANKMAN,**
**JONATHAN FRANZONE,**
**JOSHUA FRAZIER,**
**YULIA FRAZIER,**
**ROSE FREDERICKS,**
**WILLIAM FREINCLE,**
**CARL FRIEND,**
**JEREMY FRIX,**
**GEORGE FULLER,**
**JOHNATHAN FYFFE,**
**BARON GAINES,**
**ALEXANDER GALLOWAY**

5

RYAN GAMES,
CHRISTOPHER GARCIA,
DANNIELLE GARCIA,
RAQUEL GARCIA,
CHAYSE GARRETT,
ERIC GAYOSO,
BRIANA GEHIN-SCOTT,
SARAH GEORGIADES,
BENJAMIN GEPFORD,
PATRICK GIBSON,
MICAH GILLETTE,
SHAY GILLIM,
AUSTIN GILLIS,
SEAN GILSON,
DAVID GLENN,
ANDREW GLOWA,
JAMES GEOPPINGER,
JOHN GOFF,
CALEB GOOCH,
JAMIE GOODMAN,
ERICK GORCZOK,
JOSEPH GORIS,
JOSHUA GORNY,
MAX GOULAS,
LESLIE GRAHAM,
SYDNEY GRAHAM,
DANIEL GREER,
ANDREW GRIEB,
RYAN GRIM,
DAVID GRITSAVAGE,
JAMES GROVES,
DESIRAE GRUMBINE,
KATHERINE GUARINO,
THADDEUS GERRERO,
JOHN GURLEY,
REED GUTHRIE,
TRAVIS HAGEL,
JOEL HAKES,
KIMBERLY HALL,
HENRY HAMILTON,
DANIEL HANNA,
GABE HARCROW,
JORDAN HARRIOTT,

JOY HARRIS,
KENNETH HARRIS,
KRISTAN HARRISON,
JASON HART,
JON HAUGER,
MATTHEW HAWKE,
JONATHAN HEALEY,
ANDREW HELMAN,
MURRAY HEMSTREET,
KATIE HENSCHEL,
CRYSTAL HENSLEY,
BRIAR HERB,
MARCELLA HERSTER-DUDLEY,
ROBERT HERSTER-DUDLEY,
SHANE HESSE,
JOSEPH HEYSER,
SHANNON HICKMAN,
PETER HICKSON,
KEVIN HILL,
PAUL HINEN,
JAMES HOLDEN,
NATHAN HOLLANDER,
NICOLE HOLLANDER,
KRISTOPHER HOLSTEGE,
CHARLES HOOD III,
ALEXANDER HOOKS,
KATHERINE HOOPS,
JOSHUA HOPPE,
HENRY HORTENSTINE,
JAMES HOUCHIN,
BENJAMIN HOUGH,
CALEB HOWARD,
MARK HRYHORCHUK,
DONALD HUGGINS,
DAVID HUMISTON,
MICHAEL HUMISTON,
NICKOLAS HURST,
PAUL HYDE,
JOHN IHRIG,
JENSINE INDORF,
NOAH INGLESBY,
DENIS ISENBURG JR.,
CURTIS IVINS,

JAY JACOBSON,
MICHAEL JAEGER,
JARED JAQUISH
NATHAN JAQUISH,
NATHAN JENKINS,
JUSTIN JENSEN,
WADE JENSEN,
JOSE JIMENEZ,
JAMES JOB,
DAVID JOHNSEN,
MELANIE JOHNSON,
JASON JONES,
TROY JONES,
CHRISTOPHER JORDAN,
THOMAS JORDAN,
ROBERT JOVIN,
KALEB KAETTERHENRY,
JORDAN KAHRS,
SETH KAISER,
MELISSA KALAS,
NICHOLAS KASTILAHN,
WILLIAM KAZYAK,
CLINTON KELLEY,
DWAYNE KENNEDY,
MARISSA KESTER,
ENRIMON KIDANE,
JOHN KIEFFER,
CECIL KINDLE III,
BRANDI KING,
JUSTIN KING,
MORGAN KISSANE,
DOUGLAS KISSELL,
SARAH KLAESER-FERNANDEZ,
JACK KNUTSON,
JUSTIN KOCH,
DAVID KOPP,
MICHAEL KOSLOW,
JOHN KOZA,
ANDREW KRAEMER,
DAVID KUCHARIK
PAUL KUHN,
KARL KURBIKOFF,
ZARAH LACSAMANA,

ZACHARY LAFRENIERE,
JONATHAN LANSER,
JORDAN LANTZY,
MATTHEW LARKIN,
WADE LATHAM,
CHRISTOPHER LAUGHRUN,
JAMES LAVIOLA,
RYAN LEAVITT,
ROYCE LEGG,
MATTHEW LEIFERMAN,
MATTHEW LEMOINE,
MATTHEW LETTIERI,
JONATHAN LIGHTFOOT,
DANIEL LIMONCHENKO,
KYLE LINDSAY,
NEIL LISOWSKI,
BILLY LIVELY,
AUSTIN LOCKE,
MATTHEW LONG,
CHRISTOPHER LOTT,
MAX LUBITZ,
MICHAEL LUCKY,
ANDREW LUIKEN,
JAMIE LUNA,
STEPHANIE LUNSTRUM,
JOEL MACK,
JEFFREY MACNEILL,
JEVIN MACNEILL,
PAULA MACOMBER,
STEPHEN MAKSIM,
IVAN MALDONADO,
DAVID MANRRIQUE,
STEPHEN MARO,
ERIC MARPLE,
BRADY MARSH,
TYLER MARSH,
JOHN MARTIN,
JON MARTINEZ,
MICHAELES MARTINEZ,
MORGAN MARTINEZ,
BRITTANI MATHIS,
LEIDY MATOS,
BRETT MCAULIFF,

WILLIAM MCCARY,
CHRISTOPHER MCCAULEY,
AUSTEN MCCLAIN,
JOSHUA MCCLURE,
RANDY MCCOY,
JUSTIN MCDOWELL,
RICK MCGETTIGAN,
DAVID MCILROY,
JESSE MCLEAN,
KELLY MCLEAN,
DEREK MCMANN,
JOEL MCNALLY II,
CAMERON MEDFORD,
BRAD MELICHAR,
KYLE MEYER,
TIMOTHY MEYER,
JAMES MILLER,
LEMAN MILLER,
STEPHANIE MILLER,
TAMRA MILLS,
JAMESON MILLSPAUGH,
DUSTIN MOLL,
ACARYA MONGE,
ANTHONY MONTELEONE,
JOHN MONTES,
BRIAN MOODY,
CRISTEN MOORE,
JOSHUA MOORE,
KYLE MOORE,
NICHOLAS MOORE,
COLIN MORELLA,
VINCENT MORGAN, JR.,
ERIC MORRIS,
JAMIE MORRIS,
KYLE MORRIS,
NICHOLAS MORRISON,
MICHAEL MOSELEY,
CHRISTOPHER MOSS,
WILLIAM MOXEY,
STEPHEN MOY,
MARCUS MOYER,
NEIL MULVIHILL,
MELANIE MUMA,

JORDAN MUNTAIN,
BRYAN MURDOCK,
CARRA MURDOCK,
NICHOLAS MURDOCK,
RICHARD MURPHY,
SHANNON MURRAY,
CHASE MYERS,
KATHERINE MYERS,
EMILY NANKIVELL,
DEREK NEAL,
JASON NETTROUER,
KATHERINE NEWCOM,
RUSSELL NEWMAN,
GIANCARLO NILSSON-ANTONELLI,
DANIELLE NOTTLE,
DAN OBERG,
ANDREW OGLE,
ROVI ORION,
MATTHEW OROZCO,
RYAN ORR,
STERLING ORREN,
DAVID ORWIG,
NICOLA PAILLE,
TRAVIS PALMER,
TRENTON PALMER,
MILLICENT PARKER,
DAVID PARTIN,
RUSSELL PATTEN,
FRANKIE PAULINO,
MATTHEW PELTIER,
CHRISTOPHER PERRY,
RYAN PETERSEN,
CASEY T. PETERSON,
JAMES PETERSON,
CASEY W. PETERSON,
ANDREI PETROV,
STEVEN PEYTON,
JUSTIN PHILLIPS,
LLOYD PICHELMAYER,
CALEB PICKARD,
BRANDON PIEPER,
ZACHARY PIERCE,
JENNIFER PIGGOTT,

11

RUSSELL PIGGOTT,
ROBERT PIKE,
MICHAEL PIZZARI,
WILLIAM PLOWMAN,
DAVID POINTER,
RYAN POTTER,
RYAN PRITCHARD,
MEGAN PROANO,
ZACHARY PROANO,
FRANK PROKOP,
ALVARO PROVENCIO,
ROMAN RAMIREZ,
LARISSA RANDELL,
JOEL RASANEN,
JOHN RATH,
KENNETH REBER,
STEPHEN REDMON,
JOSHUA REEDER,
JORDAN REEVES,
DANIEL REUTER,
LUCAS REVAUL,
RYAN REX,
SHANNA REYES,
JEREMY RHYAN,
PAUL RHYNE II,
THOMAS RICHMOND,
SAMUEL RINALDI,
FAVIO RIVERA,
ANTHONY ROBERTO,
BLAINE ROBERTS,
SUSANNA ROBERTS,
CHAUNCY ROCKWELL,
DANIEL ROCOFF,
SHANNAN RODDY,
CARLOS RODRIGUEZ,
DANIEL ROMERO,
ADELE ROSAS,
GREG ROSENER,
MELANIE ROSERIE,
TRENTON ROSS,
DEVON ROUSSEAU,
STANLEY RUDA,
WILLIAM RUEHL,

**ELIOT RUPE,**
**SEAN RUSSELL,**
**THOMAS RUTT,**
**VICTORIA RUTT,**
**THOMAS RYAN,**
**SCOTT SAFFRAN,**
**ROBERTO SALINAS-JIMENEZ,**
**MATTHEW SASSER,**
**ZACHARY SASSER,**
**PATRICK SCANNELL,**
**GARRETT SCARBOROUGH,**
**AUSTIN SCHAEFFER,**
**BROGAN SCHAEFFER,**
**SAMUEL SCHIELKE,**
**STROM SCHIERECK,**
**JOSHUA SCHINELLER,**
**JOSEPH SCHLUETER,**
**JERRY SCHMALJOHANN,**
**SARA SCHMIDT,**
**DANIEL SCHNEIDER,**
**KENNETH SCHNEIDER,**
**SEBASTIAN SCHNEIDER,**
**JUSTIN SCHREINER,**
**KYLE SCHRIEVER,**
**DANIEL SCHULTZ,**
**AARON SEAMAN,**
**HAINA SEARLS,**
**ETHAN SENN,**
**ZACHARY SENN,**
**JEREMY SEVERSON,**
**ANDREW SEVERT,**
**HAYLEY SEWELL,**
**DEVIN SHALOY,**
**NOLAN SHARP,**
**RYAN SHARP,**
**MATT SHAW,**
**NATHAN SHAW,**
**JAIME SHERWOOD,**
**KATHLEEN SHIELDS,**
**RICHARD SHIRLEY,**
**JONATHAN SHOUR,**
**DAVID SHRIFT,**
**JEFFREY SIEGMAN,**

13

DANIEL SIMONEAUX,
JOHN SIMPSON,
KATIE SKALIJ,
GEORGE SKINNER,
CHRISTOPHER SKOUTAS
MARCUS SMART,
AARON SMITH,
GRANT SMITH,
JOSHUA SMITH,
MATTHEW SMITH,
RAQUEL SMITH,
ROBERT SMITH,
SANDER SMITH,
STEPHEN SMITH,
STEVEN SMITH,
JIMMY SMITH,
JOSHUA SNODGRASS,
RITA SORENSEN,
KELLY SOULE,
BRYAN SPENCE,
WILLIAM SPONHEIMER,
CHRISTIAN SPRINGER,
MAY SQUIBBANDERSON,
JONATHAN STAFFORD,
GREGORY STAMMEN,
JAMES STANLEY,
DAVID STEBBINS,
JONATHAN STEEL,
DAVID STEIN,
PHILIP STEIN,
RYAN STEPP,
CODY STEWART,
ZACHARY STOLP,
ASHLEY STRONG,
MATTHEW STRONGIN,
ROSS STUDWELL,
WILLIAM SULLIVAN,
JESSE SUMMERS,
MARK SUTHARD,
MICHAEL SWARD,
SETH SWARTZ,
DANIEL SYZDEK,
ANDREW TEAGUE,

**SAMANTHA TEAGUE,**
**DOMINIC TEICH,**
**JOHN THACKRAH,**
**DEAN THIBODEAU,**
**HUNTER THIBODEAU,**
**CHELISHA THOMAS,**
**DANIEL THOMAS,**
**PRESTON THOMPSON,**
**TREY THOMPSON,**
**CATHERINE TIGHE,**
**MARY TIGHE,**
**ALLEN TOEPFER,**
**MICAH TOLLIS,**
**HANS TOOHEY,**
**REFUGIO TOSCANO,**
**ADAM TREASTER,**
**MATTHEW TROWBRIDGE,**
**THOMAS TROWBRIDGE,**
**NAOMI TROY,**
**ALEJANDRO TRUJILLO,**
**DAVID TRUPE,**
**CAMERON TURNER,**
**COURTNEY TUTELA,**
**EEVEE UZUMAKI,**
**VICTOR VALENCIA,**
**KILLIAN VALENCIA,**
**NATHAN VALLE,**
**STEPHEN VAN DOREN,**
**MICAH VAN MERSBERGEN,**
**KIMBERLY VASQUEZ,**
**ROBERTO VAZQUEZ,**
**AARON VIDAL,**
**ANDREW VILLARREAL,**
**STEVEN VLADIFF,**
**FREDERICK VOLCANSEK,**
**ZAFER VURGUN,**
**JUSTIN WADE,**
**VINCENT WAGNER,**
**JUSTIN WAHLSTER,**
**JORDAN WALL,**
**JOHN WALSH,**
**BRANDON WARD,**
**JASON WARD,**

15

JASON WARD,
SETH WAY,
JOSEPH WEAKLEY,
RUSSELL WEBER,
CURTIS WEDDLE,
STEPHEN WEDDLE,
TRICHA WEEKS,
ASHLEY WELCH,
STEPHEN WELCH,
GERALD WELKER,
CHRISTOPHER WELLS,
MARK WESTPHAL,
BRYAN WHITE,
TYLER WHITNEY,
ALEXANDER WIECZOREK,
JOSEPH WIER,
PATRICK WIER,
PHILIP WIER,
RYAN WILCOX,
AMBER WILK,
JACOB WILKINS,
AUSTIN WILL,
LAUREN WILLIAMS,
STEPHEN WILLIAMS,
STEVEN WISNIEWSKI,
DEREK WOELLHOF,
KIRSTEN WOLFFORD,
BRANDON WOOD,
JUAN WOODS,
ROSS WOODS,
PATRICK WOOLCOCK,
JESSE WOOSTER,
EDEN WOZNICK,
JERICHO-MIGUEL WOZNICK,
JESSIKA WRAY,
CASSIDY WRIGHT,
JONATHAN WRIGHT,
MARK YACKLEY,
MICHAEL YENCHKO III,
TAYLOR YONTZ,
DAVID YORCK,
RACHEL YOUNG,
TOMASZ ZAREMBA,

MICHAEL ZENTGRAF,
JOSIAH ZIMMERMAN,
NOAH ZUNIGA
JOHN DOE, AN UNNAMED ANG OFFICER
JANE ROE, AN UNNAMED AIR FORCE ENLISTED
JANE ROE, AN UNNAMED AIR FORCE ENLISTED
JANE ROE, AN UNNAMED AIR FORCE ENLISTED
JOHN DOE, AN UNNAMED AIR FORCE OFFICER
JOHN DOE, AN UNNAMED ANG OFFICER
JOHN DOE, AN UNNAMED ANG OFFICER
JOHN DOE, AN UNNAMED AIR FORCE ENLISTED
JANE ROE, AN UNNAMED AIR FORCE (RES) ENLISTED
JOHN DOE, AN UNNAMED AIR FORCE OFFICER
JOHN DOE, AN UNNAMED ANG ENLISTED
JOHN DOE, AN UNNAMED AIR FORCE (RES) ENLISTED
JOHN DOE, AN UNNAMED AIR FORCE OFFICER
JOHN DOE, AN UNNAMED AIR FORCE OFFICER
JANE ROE, AN UNNAMED ANG ENLISTED
JOHN DOE, AN UNNAMED AIR FORCE ENLISTED
JOHN DOE, AN UNNAMED ANG OFFICER
JOHN DOE, AN UNNAMED AIR FORCE OFFICER
JOHN DOE, AN UNNAMED AIR FORCE ENLISTED
JANE ROE, AN UNNAMED AIR FORCE OFFICER
JANE ROE, AN UNNAMED AIR FORCE ENLISTED
JOHN DOE, AN UNNAMED AIR FORCE ENLISTED
JOHN DOE, AN UNNAMED AIR FORCE ENLISTED
JOHN DOE, AN UNNAMED AIR FORCE ENLISTED
JANE ROE, AN UNNAMED AIR FORCE OFFICER
JOHN DOE, AN UNNAMED AIR FORCE ENLISTED
JOHN DOE, AN UNNAMED AIR FORCE (RES) OFFICER
JOHN DOE, AN UNNAMED AIR FORCE OFFICER
JOHN DOE, AN UNNAMED ARMY ENLISTED
JOHN DOE, AN UNNAMED ARMY OFFICER
JOHN DOE, AN UNNAMED NG OFFICER
JOHN DOE, AN UNNAMED NG OFFICER
JOHN DOE, AN UNNAMED ARMY OFFICER
JOHN DOE, AN UNNAMED ARMY (RES) OFFICER
JANE ROE, AN UNNAMED NG ENLISTED
JOHN DOE, AN UNNAMED ARMY (RES) ENLISTED
JOHN DOE, AN UNNAMED NG OFFICER
JANE ROE, AN UNNAMED ARMY ENLISTED
JOHN DOE, AN UNNAMED ARMY ENLISTED
JOHN DOE, AN UNNAMED ARMY ENLISTED

**JOHN DOE, AN UNNAMED ARMY ENLISTED**
**JANE ROE, AN UNNAMED ARMY (RES) ENLISTED**
**JOHN DOE, AN UNNAMED ARMY (RES) ENLISTED**
**JOHN DOE, AN UNNAMED ARMY ENLISTED**
**JOHN DOE, AN UNNAMED MARINE CORPS OFFICER**
**JOHN DOE, AN UNNAMED MARINE CORPS ENLISTED**
**JOHN DOE, AN UNNAMED MARINE CORPS OFFICER**
**JOHN DOE, AN UNNAMED MARINE CORPS OFFICER**
**JOHN DOE, AN UNNAMED MARINE CORPS (RES) OFFICER**
**JOHN DOE, AN UNNAMED MARINE CORPS ENLISTED**
**JOHN DOE, AN UNNAMED NAVY OFFICER**
**JOHN DOE, AN UNNAMED NAVY ENLISTED**
**JOHN DOE, AN UNNAMED NAVY (RES) OFFICER**
**JOHN DOE, AN UNNAMED NAVY OFFICER**
**JOHN DOE, AN UNNAMED NAVY (RES) OFFICER**
**JOHN DOE, AN UNNAMED NAVY (RES) OFFICER**

       **Intervening Plaintiffs**

**v.**

**LLOYD AUSTIN III, Secretary of Defense,**

**JANET WOODCOCK, Acting Commissioner of**
**the Food and Drug Administration,**

**XAVIER BECERRA, Secretary of the**
**Dept. of Health & Human Services**

       **Defendants**

## PLAINTIFF-INTERVENORS' OPPOSED MOTION TO INTERVENE AND MEMORANDUM OF LAW

"Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *John Doe # 1 v. Glickman,* 256 F.3d 371, 375 (5th Cir. 2001), *citing Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir. 1994).

The Proposed Plaintiff-Intervenors are 733 (677 named, 56 pseudonymous)[1] members of the United States Armed Forces. Each is subject to the Department of Defense's ("DOD") COVID-19 vaccine mandate that lie at the foundation of this lawsuit. *See* ECF 1. Moving Plaintiff-Intervenors respectfully request that this Court grant this Motion to Intervene as Plaintiffs "as of right" under Federal Rule of Civil Procedure ("FRCP") 24(a)(2) or under the permissive standard FRCP 24(b)(1)(B). No legal harm or detriment will occur to any of the Defendants by granting Plaintiff status to these individuals; this Motion is timely; and Plaintiff-Intervenors meet the underlying requirements to be granted such status. Compliant with FRCP 24(c), this Motion is accompanied by Plaintiff-Intervenors' Complaint and related supporting documents. Ex. 1.

## FACTUAL BACKGROUND

The Complaint in this case was filed on May 23, 2022. *See* ECF #1. The caption includes 14 named individuals and "Members of the Armed Forces for Liberty," (MAFL) an unincorporated association formed solely for the purpose vindicating its

---

[1] Intervenor Plaintiffs' will separately Motion the Court (if allowed to intervene) regarding their need to proceed pseudonymously after further meet and confer with Defendants' counsel.

members' rights in this litigation. MAFL is comprised of the 14 named Plaintiffs and *all* of the Intervening Plaintiffs. That is to say, roughly 750 members of the Department of Defense or State National Guard subject to the DoD Vaccine Mandate sought status in this case from its inception under the auspices of FRCP Rule 17, which allows that "a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws." FRCP 17(b)(3)(A).

Plaintiffs' counsel engaged Defendants' counsel very early regarding the issue of discharge proceedings. *See* Ex. 2, June 17 Emails of Counsel. Plaintiffs sought participation in the case to vindicate their rights and also to see if Defendant would pause any administrative separation proceedings *pendente lite*. *Id.* Defendants' counsel had indicated on a call that in light of all of the ongoing federal court litigation, individual services had been willing to hold administrative separation proceedings in abeyance upon request as long as the plaintiffs were "parties" in a suit. *Id.*

On June 27, 2022, however, in working through some specific Plaintiff-Intervenors' cases, Defendants' counsel clarified that only "named" plaintiffs would be entitled to any consideration. *See* Ex. 3, June 27 Emails of Counsel. Plaintiffs' and Defendants' continued to work to sort out their respective positions through the beginning of July. *See* Ex. 4, July 1 Emails of Counsel. By then, counsel submitted their Joint Motion regarding page limits and dates for filing a preliminary injunction

20

motion and then Plaintiffs filed the PI Motion itself on July 1, 2022. ECF 8, 9. On July 13, 2022, the Court approved the Joint Motion.

While it was then clear that Plaintiffs who were solely members of MAFL would not receive any consideration to pause their discharge proceedings, those non-named members of MAFL waited until after the agreed upon and Court ordered PI Motion schedule to finish to file their initial Motion to Intervene on July 28-29, 2022. That filing omitted the actual substantive motion, so counsel moved to withdraw it on Sep. 2, 2022, and this Amended Motion to Intervene was filed shortly thereafter on Sep. 7, 2022.

## **ARGUMENT**

### I.    **The Court Should Grant Intervention Under Civil Rule 24(a).**

Under the Federal Rules of Civil Procedure 24(a)(2), "upon timely motion" a non-party *must* be allowed to intervene: (1) when it has an interest relating to the subject of the action, and (2) disposing of the action may practically "impair or impede" that interest (3) unless the parties "adequately represent" that interest. FRCP 24(a)(2). *Id. See John Doe # 1 v. Glickman,* 256 F.3d 371, 375 (5th Cir. 2001). As discussed immediately *infra*, Intervenors satisfy each of the FRCP 24(a)(2) elements.

### a.  **This Motion is Timely.**

FRCP 24(a) and (b) require that Intervention be made "on timely motion." Timeliness has four factors: "(1) length of time an intervenor knew or should have known *of its stake* in the litigation; (2) the prejudice, if any, the parties may suffer

21

due to the intervenor's delay; (3) the prejudice the potential intervenor may suffer if not allowed to intervene; and (4) any unusual circumstances." *Glickman,* at 376. The Plaintiff-Intervenors' Motion meets each factor.

The case was filed on May 25, 2022. ECF 1. Plaintiffs' and Defendants' counsel agreed on a schedule for briefing Plaintiffs' Preliminary Injunction Motion, and that was brought to the Court for approval, along with *inter alia* administrative issues regarding page limits. ECF 8. The Court approved the Joint Motion on July 13, 2022, (ECF 12), and that briefing completed by both sides on July 29, 2022. As Ex. 2-4 demonstrate, Plaintiffs have sought to vindicate their rights from the beginning of this suit through their unincorporated association, but have been forced to seek to Intervene because the Defendant DOD is moving forward with discharging unvaccinated members of the services even as litigation over the legality of the program continues.

Much like the plaintiffs in *Glickman*, Plaintiffs "interests" – and need to intervene – in the litigation did not manifest until it became clear that an association would not be adequate to protect their interests – i.e. To keep them from being discharged. In the *Glickman* case, it was the USDA's agreement to a stay in the D.C. litigation that caused the need for the plaintiffs to intervene in the Waco lawsuit – i.e. when the "Institute's stake in the Waco Lawsuit materlized." *John Doe # 1 v. Glickman,* 256 F.3d 371, 377 (5th Cir. 2001). Under the original government "policy," service members named in litigation would not be discharged. That changed as the services became more aggressive about discharging those who had not yet received

22

and would not take the unlicensed, EUA shots. Thus, there has been no delay in Plaintiffs' assertion of their rights and the Motion is timely.

The second prong of timeliness deals with prejudice as a result of any delay. The timing of this Motion also will not delay the litigation because the Court has established no calendar or orders governing scheduling for the case yet. Intervenors do not intend to request any modification any court-ordered schedule; therefore, intervention poses no potential to prejudice the rights of any current party. *See Ford v. City of Hunstville*, 242 F.3d 235, 240 (5th Cir. 2001) (finding that prejudice was created by "the intervenor's delay in seeking to intervene after it learns of its interest") citing *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203 (5th Cir. 1992).

Conversely, under the third prong – the prejudice that would result if the Court denies the intervenors – there is near-certainty at least some Plaintiff-Intervenors will be discharged during the pendency of this litigation. There are three injunctions currently in effect covering the Air Force, Navy, and Marine Corps, but those (a) cover only Plaintiffs with an approved Religious Accommodation Request,[2] (b) Defendants have appealed one to the Supreme Court and received partial relief,[3] and have also appealed the *Doster* injunction. Nothing is certain and Intervenors have 155 Army members who are not covered by any injunction. Discharge could occur any day and

---

[2] *See Navy SEALs 1-26 v. Austin*, 2022 WL 1025144, at *5 (N.D. Tex. Mar. 28, 2022) (granting class-wide PI for Navy); *Doster v. Kendall*, 2022 WL 2760455, at *4 (S.D. Ohio July 14, 2022) (same for Air Force); *Colonel Fin. Mgmt. Officer v. Austin*, 2022 WL 3643512, at *3 (M.D. Fla. Aug. 18, 2022) ("*CFMO*") (same for Marine Corps).

[3] *Austin v. U.S. Navy SEALs 1-26*, 142 S.Ct. 1301 (2022)

depending upon the judicial circuit, might require a discharged servicemember to exhaust their remedies in the Records Correction system, which normally takes years to even have a petition heard. Discharge from the military is a loss of job, loss of benefits (current and prospective), and for most, if not all, of these Plaintiff-Intervenors, a loss of sense of self (i.e., these individuals identify themselves with the military and their individual roles with the Force).

The final prong of the "timeliness" analysis is any "unusual circumstances." The Plaintiffs being members of the military who are challenging both DOD and FDA actions in the shadow of a "pandemic" that now is into its third year is certainly outside of the norm. The liberty interests involved – bodily autonomy, informed consent, and First Amendment and RFRA/religious freedom claims is certainly worthy of the Court's consideration, but the "unusual circumstances" aren't dispositive and arguably can be framed in other ways favorable to Defendants. Regardless, Intervention will not prejudice the present litigants as Government Defendants will out-process Intervenors as they see fit and the current Plaintiffs will suffer no risk by adding their colleagues to this litigation—these additional Plaintiffs neither detract nor delay current Plaintiffs' position. If anything, the addition of more than 700 members should bolster Plaintiffs' position by showing the impact associated with the COVID-19 mandate and related impending discharges and by the pleading of additional salient evidence that will give the Court the broadest possible sense of the impact of the Defendants' actions.

### b.  Intervenors have an Important Interest Related to the Subject of this Action.

Courts may not define the requisite interest for intervention purposes "too narrowly." *Ford v. City of Huntsville,* 242 F.3d 235, 240 (5th Cir. 2001). The "important interest" element requires that Intervenors have a "direct, substantial, legally protectable interest." *In re Lease Oil Antitrust Litig.,* 570 F.3d 244, 250 (5th Cir. 2009) (quotation omitted). In other words, "[a]ll that is required by the terms of the rule is an interest in the property or other rights that are at issue, provided the other elements of intervention are present." *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970). The Fifth Circuit has held that intervenors need not raise property interests as non-property interests satisfy the burden of this analysis as such interests "are concrete, personalized, and legally protectable." *Texas v. United States*, 805 F.3d 653, 658 (5th Cir. 2015). Moreover, such rights need not even be "enforceable" to meet the threshold burden as long as the right is "legally protectable." *Id.* at 659. Importantly, one of the "real, concrete" elements of the *Texas* case that granted intervention under this prong was Intervenors' lost "opportunity to obtain employment authorization." *Id.* at 661.

Here, Plaintiff-Intervenors have a concrete interest in *continued* employment (not an opportunity to obtain employment) and service in the military, both of which are at risk under the challenged FDA-enabled, DOD Vaccine Mandate. Notably, XXX of the YYY Intervenors have filed Religious Accommodation Requests ("RAR") with their respective services, but they do not press those claims here. *See* Ex. 1, ¶ 165.

Intervenors interest in continued employment, retirement, an Honorable discharge, and associated veterans' benefits, constitutes a concrete, legally-cognizable, protectable interest as is the personal liberty interest implicated by forced inoculation with unlicensed products that are not vaccines at all. See Id. [non-vaccine claims ¶¶]

### c. Disposition of this Action <u>will</u> Impair Intervenors' Interests if Intervention is Denied.

The Court must decide whether the judgment "may" have a "practical" impact on the would-be intervenor's interest. *Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 828-29 (5th Cir. 1967). As the advisory committee notes to Rule 24(a) state: "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." FRCP advisory committee note to 1966 Amendment.

Here, Proposed Intervenors cannot, and need not, wait until the conclusion of the litigation to vindicate their interests as many will be discharged well-before conclusion of litigation. Presently, roughly 20% (155/733) of the Plaintiff-Intervenors are threatened by discharge and cannot wait until conclusion of this litigation to seek protection of their careers, which will effectively end with their discharge.[4] Courts have recognized that parties seeking intervention after a court has rendered a

---

[4] Even if Plaintiffs somehow prevail in getting their record corrected, it will be years down the road, and it is almost unheard of for a member to be able to return to service with the passage of such time. Even if Plaintiffs were awarded constructive credit for their unlawful discharge, as a practical matter, they still will have missed (at least) 3 years of professional growth vs. their peers.

decision would face a "practical disadvantage" in asserting their rights. *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir.1989). After all, "[t]he very purpose of intervention is to allow interested parties to air their views so that a court may consider them before making potentially adverse decisions." *Brumfield v. Dodd*, 749 F.3d 339, 344–45 (5th Cir. 2014). If Intervenors must await a ruling from this Court to obtain protection from discharge, Intervenors would face a "practical disadvantage" with no meaningful opportunity to "air their views" through litigation.

Importantly, the Fifth Circuit has held, "prospective interference with promotion opportunities can justify intervention." *Brumfield v. Dodd*, 749 F.3d 339, 343 (5th Cir. 2014) citing *Black Fire Fighters Ass'n of Dallas v. City of Dallas, Texas,*19 F.3d 992, 994 (5th Cir.1994). Thus, if "equal access to a promotion system" within an employment setting is a sufficient "interest" to warrant intervention, it is reasonable to conclude that maintaining employment and military status meet the threshold, and the Plaintiff-Intervenors' high likelihood of discharge is an impaired interest.

### d. The parties Do Not Adequately Represent the Intervenors' Interests.

"The burden on the movant is not a substantial one. The movant need not show that the representation by existing parties will be, for certain, inadequate.... [T]he applicant's burden on this matter should be viewed as 'minimal.'" *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014) citing 6 Moore's § 24.03[4][a], at 24–47 citing *Trbovich v. United Mine Workers of Am.,*404 U.S. 528, 538 n. 10, 92 S.Ct.

630, 30 L.Ed.2d 686 (1972)). This standard was clarified earlier this year, when the Fifth Circuit citing *Brumfield*, held that test is whether the representation by existing parties "*may* be inadequate." *La Union Del Pueblo Entero v. Abbott*, 29 F.4th 299, 308 (5th Cir. 2022).

The Fifth Circuit recognizes two presumptions of adequate representation; one presumption "arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014). To overcome the presumption, "the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Id.* The Fifth Circuit's most recent reading of the "adversity of interest" test is that a Plaintiff intervenor meets this test where "its interests diverge from the putative representative's interests in a manner germane to the case." *La Union Del Pueblo Entero*, at 308.

Plaintiff-Intervenors' personal interests in the outcome of this litigation are akin to those Jane Doe Plaintiffs in *Texas v. United States*, where the Fifth Circuit concluded that each Plaintiff-intervenor had a personal interest in the outcome of litigation as the challenged program <u>would</u> grant a Plaintiff deferred action on his/her residency status. *Texas v. United States*, 805 F.3d 653, 655-56 (5th Cir. 2015). Importantly, this was prospective relief as each Doe plaintiff was merely an <u>intended beneficiary</u> of the program. *Id.* Nonetheless, the Court held that as intended beneficiaries, each plaintiff had "sufficiently concrete and specific" interests to support granting their intervention by right. *Id.*, at 661.

28

Here, Plaintiff-Intervenors have the same "ultimate objective" as the 14 named representative Plaintiffs, but each individual is asserting his/her personal rights to remain in the service and it is the Defendants' rules and litigation choices that make any service member not in the caption ineligible to receive the Court's protection if needed. Government Defendants are discharging individuals on a one-by-one basis, and litigation appears to be the only way to protect Plaintiffs or Plaintiff-Intervenors from discharge. While Plaintiffs adequately represent Plaintiff-Intervenors in the broadest sense of their claims against the Mandate, simply being a member of MAFL or a putative plaintiff provides no practical shield from the interest that Plaintiffs seek to protect most – their livelihoods as military pilots, crew chiefs, loadmasters, avionics technicians, electricians, etc., and the associated benefits that they have accrued (depending upon their years of service) and would forfeit by discharge short of their normal end of service, as well as healthcare, housing, and the normal benefits associated with employment. Each of the 733 Plaintiff-Intervenors' requires protection against their impending discharge and representation by the named Plaintiffs alone will not suffice until and unless this Court or another enjoins the military from continuing to discharge unvaccinated servicemembers.

## II.    If The Court Does Not Permit Intervention Under Civil Rule 24(a), it Should Allow Permissive Intervention Under Civil Rule 24(b).

If this Court determines that the Plaintiff-intervenors do not satisfy the requirements for intervention as of right, permissive intervention under FRCP 24(b)(1)(B) should be granted as is appropriate for anyone who "has a claim or defense that shares with the main action a common question of law or fact." *Id*. The Fifth

Circuit has distilled permissive intervention analysis into three elements: (1) the motion is timely; (2) an applicant's claim or defense has a question of law or fact in common with the existing action; and (3) intervention will not delay or prejudice the adjudication of the rights of the original parties. FRCP 24(b); *see United States v. LULAC*, 793 F.2d 636, 644 (5th Cir. 1986). Here, Plaintiff-intervenors meet all three elements.

As discussed above, this Motion is timely, and it will not delay or prejudice the original parties' rights. *See* Sections I.a and I.c. Likewise as to factor (3), as noted *supra*, intervention by these Plaintiffs will not delay or prejudice the rights of the original parties.[5] As to factor (2), Plaintiff-intervenors and named Plaintiffs share all of the essential common facts regarding this Mandate as members of the United States Armed Forces, but intervenors need the ability to seek individual protection from discharge with the Court as circumstances arise, short of classwide injunctive relief being granted. Many of the Plaintiffs and Plaintiff-intervenors have been informed by the military that they will be discharged imminently in spite of their First Amendment and RFRA rights to free exercise to be exempted from these mRNA inoculations.

Finally, when considering whether to grant permissive intervention, courts should also consider "whether intervention is likely to contribute significantly to the development of the underlying factual issues." *League of United Latin Am. Citizens,*

---

[5] *See* discussion *supra*, end of Sec. I.a.

*Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989). Here, the addition of the 733 Plaintiff-intervenors will undoubtedly help develop the record and offer additional facts yet to be developed. Such facts include the ability to sample a wide swath of all branches of the Armed Forces across the full-spectrum of service branches, duties, and bases and stations. Additionally, the cumulative loss of personnel specialty represented by the Plaintiff-intervenors will be demonstrated through their pleadings. These additional facts "likely to contribute significantly to the development of the underlying factual issues," and provide a basis for this Court granting Plaintiff-intervenors' request to intervene.

## CONCLUSION

WHEREFORE, the 733 Plaintiff-intervenors pray this honorable Court will grant this Motion and allow these members of the military to Intervene and join the action on an equal footing with the named plaintiffs as of right pursuant to Federal Rule of Civil Procedure 24(a), or, in the alternative, their motion for permissive intervention pursuant to Rule 24(b).


Dated:  September 8, 2022

Respectfully submitted,

  */s/ Dale Saran*

Dale Saran, Esq.
MA Bar #654781
19744 W 116th Terrace
Olathe, KS 66061
Telephone: 480-466-0369

Email: dalesaran@gmail.com

*/s/ Brandon Johnson*
Brandon Johnson, Esq.
DC Bar No. 491370
Defending the Republic
2911 Turtle Creek Blvd.,
Suite 300 Dallas, TX 75219
Tel. 214-707-1775
Email: bcj@defendingtherepublic.org

*/s/  Jerri Lynn Ward*
Jerri Lynn Ward, Esq.
Texas Bar #20844200
Garlo Ward, P.C.
1017 Rose Circle
College Station, Texas 77840
(512) 302-1103 ext. 115
jward@garloward.com

Attorneys for the Plaintiffs

## CERTIFICATE OF SERVICE

This foregoing Plaintiffs' Motion was e-filed using the CM/ECF system this 8th day of September, 2022.

*/s/ Dale Saran*
Dale Saran

## CERTIFICATE OF CONFERENCE

Counsel have complied with the meet and confer requirement in Local Rule CV-7(h). Both the movant's counsel and defendants' counsel have well-considered legal positions regarding the substantive and procedural aspects of the motion and the collateral, practical consequences that generates the need for this motion.

32

_/s/ Dale Saran_
Dale Saran