# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JOSHUA A. WILSON, et al., | § |
| *Plaintiffs,* | § |
| | § Civil Action No. 4:22-CV-438 |
| v. | § Judge Mazzant |
| LLOYD AUSTIN, III, et al., | § |
| *Defendants.* | § |

## ORDER

Pending before the Court is Plaintiffs' Motion for Preliminary Injunction (Dkt. #9). The named Plaintiffs in this case are all members of the United States Armed Forces, excluding members of the Coast Guard (Dkt. #1 at p. 3). At the time the lawsuit was filed in May of 2022, Plaintiffs were subject to a COVID-19 vaccine requirement that was issued by Defendant Secretary of Defense Lloyd Austin, III, in a memorandum that was released on August 24, 2021 (the "August 24 Memo") (Dkt. #1 at p. 2).

On July 1, 2022, Plaintiffs sought injunctive relief that related to the August 24 Memo (Dkt. #9). Specifically, Plaintiffs requested the following injunction:

1) Defendant Department of Defense ("DOD") is preliminarily enjoined from enforcing the DOD Mandate with respect to, or administering any COVID-19 vaccine, to Plaintiffs;
2) Defendant DOD is preliminarily enjoined from taking any adverse or retaliatory action against any Plaintiff as a result of, arising from, or in conjunction with the Plaintiffs' requests for exemption or denials thereof, for non-compliance with the DOD Mandate, or for pursuing this action, or any other action for relief from Defendants' constitutional, statutory, or regulatory violations, while this matter is pending before this Court; and
3) Defendant DOD shall direct the Armed Services and DOD not to take any action prohibited by (1) or (2) above.

(Dkt. #9, Exhibit 1 at pp. 1–2). The issue has been fully briefed and is ripe for ruling (Dkt. #22).

However, on January 11, 2023, Defendants filed a notice to inform the Court that the Secretary of Defense rescinded the August 24 Memo, vacating the vaccination requirement for the Plaintiffs and removing any "adverse actions solely associated with denials of [accommodation] requests" (Dkt. #34; Dkt. #34, Exhibit 1). The decision was issued in a memorandum on January 10, 2023 (the "January 10 Memo") (Dkt. #34, Exhibit 1).

A request for injunctive relief generally becomes moot when the event sought to be enjoined takes place. *Boerschig v. Trans-Pecos Pipeline, L.L.C.*, 872 F.3d 801 (5th Cir. 2017) (citing *Harris v. City of Houston*, 151 F.3d 1866, 189 (5th Cir. 1998)). Here, the January 10 Memo revoked the vaccine mandate that is the subject of the requested injunction and prohibits any adverse actions from occurring merely because a service member sought an accommodation on religious, administrative, or medical grounds. Upon reviewing the pending request and the subsequent change of events with the January 10 Memo, the Court is inclined to deny the pending motion as moot based on the above-mentioned rule. Unless the parties file a request with an adequate legal basis by February 17, 2023, the Court will deny Plaintiffs' Motion for Preliminary Injunction (Dkt. #9) as moot.

**IT IS SO ORDERED.**
**SIGNED** this 13th day of February, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE