**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| JOSHUA A. WILSON, *et al.,* | |
| Plaintiffs, | |
| v. | Case No. 4:22-cv-00438-ALM |
| LLOYD J. AUSTIN III, *et al.,* | |
| Defendants. | |

**DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

INTRODUCTION .............................................................................................................1

BACKGROUND ..............................................................................................................3

ARGUMENT ...................................................................................................................6

I.      The Court Should Dismiss This Action as Moot ...............................................6

        A.      The Challenged Vaccination Requirement Has Been Repealed and No
                Remaining Relief Is Available to Plaintiffs .........................................6

        B.      No Exception to Mootness Applies. ......................................................8

II.     Plaintiffs Lack Standing to Pursue Claims Based on False Allegations They Were
       Required to Receive an EUA Vaccine. ..........................................................12

III.    Plaintiffs Lack Standing to Bring Challenge the FDA's Actions ...................15

IV.    Plaintiffs' Statutory Claims Are Meritless. ...................................................16

V.     Plaintiffs' Constitutional Claims Are Meritless. ...........................................18

        A.      All of Plaintiffs' Constitutional Claims Are Subject to Rational Basis Review ...........18

        B.      Plaintiffs Cannot Meet Their Burden Under Rational Basis Review ...........................21

CONCLUSION ..............................................................................................................23

# TABLE OF AUTHORITIES

## CASES

*Abbott v. Biden*,
  608 F. Supp. 3d 467 (E.D. Tex. 2022), *appeal filed*, No. 22-40399 (5th Cir. June 29, 2022)......... 19, 20

*Already, LLC v. Nike, Inc.*,
  568 U.S. 85 (2013)..............................................................................................................6

*Alvarado v. Austin*,
  No. 1:22-cv-876 (AJT-JFA), 2023 WL 2089246 (E.D. Va. Feb. 17, 2023) ...........................3

*Am. Bar Ass'n v. FTC*,
  636 F.3d 641 (D.C. Cir. 2011) ................................................................................7, 8, 11

*Amawi v. Paxton*,
  956 F.3d 816 (5th Cir. 2020).............................................................................................10

*Ass'n of Am. Physicians & Surgeons v. U.S. FDA*,
  No. 20-1784, 2020 WL 5745974 (6th Cir. Sept. 24, 2020) ...............................................17

*Bayou Liberty Ass'n v. U.S. Army Corps of Eng'rs*,
  217 F.3d 393 (5th Cir. 2000).......................................................................................10, 11

*Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*,
  941 F.3d 1195 (9th Cir. 2019) ............................................................................................7

*Boerschig v. Trans-Pecos Pipeline, LLC*,
  872 F.3d 701 (5th Cir. 2017)..............................................................................................1

*Bolling v. Sharpe*,
  347 U.S. 497 (1954)...........................................................................................................18

*Bridges v. Hous. Methodist Hosp.*,
  543 F. Supp. 3d 525 (S.D. Tex. 2021), *aff'd*, 2022 Wl 2116213 (5th Cir. June 13, 2022)...................20

*Brown v. Smith*,
  24 Cal. App. 5th 1135 (Cal. Ct. App. 2018) ......................................................................21

*Butts v. Aultman*,
  953 F.3d 353 (5th Cir. 2020)..............................................................................................18

*Children's Health Def. v. U.S. FDA*,
  No. 21-6203, 2022 WL 2704554 (6th Cir. July 12, 2022), *cert. denied*,
  2023 WL 2123800 (U.S. Feb. 21, 2023) .....................................................................15, 16

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983).............................................................................................................13

*Coal. for Mercury-Free Drugs v. Sebelius,*
  671 F.3d 1275 (D.C. Cir. 2012) ....................................................................................14

*Crosby v. Austin,*
  No. 8:21-cv-2730, 2022 WL 603784 (M.D. Fla. Mar. 1, 2022)................................... 14, 16

*Cruzan ex rel. Cruzan v. Director, Missouri Department of Health,*
  497 U.S. 261 (1990)..................................................................................................20

*Ctr. for Individual Freedom v. Carmouche,*
  449 F.3d 655 (5th Cir. 2006) ....................................................................................... 6

*Denis v. Ige,*
  538 F. Supp. 3d 1063 (D. Haw. 2021)........................................................................22

*Dierlam v. Trump,*
  977 F.3d 471 (5th Cir. 2020), *cert. denied sub nom., Dierlam v. Biden,* 141 S. Ct. 1392 (2021)................15

*Doe #1–#14 v. Austin,*
  572 F. Supp. 3d 1224 (N.D. Fla. 2021) .................................................................. 14, 22

*Doe v. Sullivan,*
  938 F.2d 1370 (D.C. Cir. 1991) ..................................................................................21

*Doe v. Zucker,*
  520 F. Supp. 3d 217 (N.D.N.Y. 2021), *aff'd sub nom., Goe v. Zucker,* 43 F.4th 19 (2d Cir. 2022) .........19

*Empower Texans, Inc. v. Geren,*
  977 F.3d 367 (5th Cir. 2020)........................................................................... 10, 11, 12

*Envt'l Conservation Org. v. City of Dallas,*
  529 F.3d 519 (5th Cir. 2008).....................................................................................15

*F.F. ex rel. Y.F. v. New York,*
  65 Misc. 3d 616, (N.Y. Sup. Ct. 2019) .......................................................................21

*Fontenot v. McGraw,*
  777 F.3d 741 (5th Cir. 2015)........................................................................................ 6

*Freedom From Religion Found., Inc. v. Abbott,*
  58 F.4th 824 (5th Cir. 2023) .................................................................................. 7, 10

*Glass v. Paxton,*
  900 F.3d 233 (5th Cir. 2018).....................................................................................21

*Guedes v. ATF,*
  920 F.3d 1 (D.C. Cir. 2019)......................................................................................... 9

*Guilfoyle v. Beutner*,
No. 2:21-cv-05009, 2021 WL 4594780 (C.D. Cal. Sept. 14, 2021) ...................................................17

*Harris v. Univ. of Mass., Lowell*,
557 F. Supp. 3d 304 (D. Mass. 2021), *appeal dismissed*, 43 F.4th 187 (1st Cir. 2022)..........................20

*Hines v. Quillivan*,
982 F.3d 266 (5th Cir. 2020), *remanded*, 2022 WL 6618658 (E.D. Tex. Dec. 2, 2020).......................23

*Honig v. Students of Cal. Sch. for the Blind*,
471 U.S. 148 (1985)...................................................................................................................15

*Houston Chronicle Publ'g Co. v. League City*,
488 F.3d 613 (5th Cir. 2007).......................................................................................................7

*In re Scruggs*,
392 F.3d 124 (5th Cir. 2004) ........................................................................................................6

*J. T. v. District of Columbia*,
983 F.3d 516 (D.C. Cir. 2020) ......................................................................................................9

*Jacobson v. Massachusetts*,
197 U.S. 11 (1905)...................................................................................................................19

*Johnson v. Brown*,
567 F. Supp. 3d 1230 (D. Or. 2021) .............................................................................................20

*Johnson v. Mississippi*,
586 F.2d 387 (5th Cir. 1978)........................................................................................................7

*K.P. v. LeBlanc*,
729 F.3d 427 (5th Cir. 2013)........................................................................................................6

*Keister v. Bell*,
29 F.4th 1239 (11th Cir. 2022), *pet. for cert. filed*, No. 22-388 (U.S. Oct. 25, 2022) ..............................7

*Kingdomware Techs., Inc. v. United States*,
579 U.S. 162 (2016).............................................................................................................. 10, 12

*Klaassen v. Trs. of Ind. Univ.*,
7 F.4th 592 (7th Cir. 2021), *emergenc application for relief filed*, No. 21A15 (Aug. 12, 2021).................19

*Klaassen v. Trs. of Ind. Univ.*,
549 F. Supp. 3d 836 (N.D. Ind. 2021), *vacated & remanded as moot*, 24 F.4th 638 (7th Cir. 2022) ......20

*Klayman v. Obama*,
759 F. App'x 1 (D.C. Cir. 2019) ...................................................................................................9

*Koontz v. St. Johns River Water Mgmt. Dist.*,
  570 U.S. 595 (2013)................................................................................23

*LaRouche v. Fowler*,
  152 F.3d 974 (D.C. Cir. 1998) .................................................................10

*Libertarian Party v. Dardenne*,
  595 F.3d 215 (5th Cir. 2010)....................................................................11

*Lloyd v. Sch. Bd. of Palm Beach Cnty.*,
  570 F. Supp. 3d 1165 (S.D. Fla. 2021)............................................. 16, 22

*Log Cabin Republicans v. United States*,
  658 F.3d 1162 (9th Cir. 2011) ...................................................................7

*Long v. Jayton-Girard Indep. Sch. Dist.*,
  No. 5:21-CV-111-H, 2021 WL 7906835 (N.D. Tex. Sept. 3, 2021)........12

*Lopez v. City of Houston*,
  617 F.3d 336 (5th Cir. 2010).....................................................................11

*Love v. State Dep't of Educ.*,
  29 Cal. App. 5th 980 (Cal. Ct. App. 2018) ..............................................21

*McCorvey v. Hill*,
  385 F.3d 846 (5th Cir. 2004)......................................................................7

*Mindes v. Seaman*,
  453 F.2d 197 (5th Cir. 1971).......................................................................8

*Moore v. Hosemann*,
  591 F.3d 741 (5th Cir. 2009).....................................................................11

*Murphy v. Hunt*,
  455 U.S. 478 (1982)...................................................................................11

*Navy SEAL 1 v. Biden*,
  574 F. Supp. 3d 1124 (M.D. Fla. 2021) ...................................................16

*Navy SEAL I v. Austin*,
  600 F. Supp. 3d 1 (D.D.C. 2022), *appeal filed*, No. 22-5114 (D.C. Cir. May 5, 2022) ...........................21

*Norris v. Stanley*,
  558 F. Supp. 3d 556 (W.D. Mich. 2021) ..................................................14

*Norris, v. Stanley*,
  567 F. Supp. 3d 818 (W.D. Mich. 2021), *appeal dismissed*,
  2021 WL 66803021 (6th Cir. Nov. 24, 2021) ................................... 20, 23

*Oklahoma v. Biden*,
   577 F. Supp. 3d 1245 (W.D. Okla. 2021) ..........................................................................22

*Oliver v. Scott*,
   276 F.3d 736 (5th Cir. 2002)...........................................................................................11

*Overton Power Dist. No 5 v. O'Leary*,
   73 F.3d 253 (9th Cir. 1996)............................................................................................17

*People for the Ethical Treatment of Animals v. U.S. Dep't of Agric.*,
   918 F.3d 151 (D.C. Cir. 2019) ..........................................................................................9

*Pharmachemie B.V. v. Barr Lab'ys, Inc.*,
   276 F.3d 627 (D.C. Cir. 2002) ........................................................................................10

*Prince v. Massachusetts*,
   321 U.S. 158 (1944)........................................................................................................19

*Prison Legal News v. FBI*,
   944 F.3d 868 (10th Cir. 2019) ........................................................................................14

*Roman Catholic Diocese of Brooklyn v. Cuomo*,
   141 S. Ct. 63 (2020) ...........................................................................................11, 18, 20

*Roth v. Austin*,
   603 F. Supp. 3d 741 (D. Neb. 2022), *appeal filed*, No. 22-2058 (8th Cir. May 20, 2022) ....................21

*Sossamon v. Texas*,
   560 F.3d 316 (5th Cir 2009) .............................................................................................9

*Spell v. Edwards*,
   962 F.3d 175 (5th Cir. 2020)........................................................................................ 6, 12

*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190 (2021).......................................................................................................6

*Troiano v. Supervisor of Elections in Palm Beach Cnty.*,
   382 F.3d 1276 (11th Cir. 2004) ........................................................................................9

*Trump v. Hawaii*,
   138 S. Ct. 2392 (2018)....................................................................................................21

*Valdez v. Grisham*,
   559 F. Supp. 3d 1161 (D.N.M. 2021), *aff'd*, 2022 WL 2129071 (10th Cir. June 14, 2022)................20

*We The Patriots USA, Inc. v. Hochul*,
   17 F.4th 266 (2d Cir. 2021), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021),
   and *cert. denied sub nom.*, *Dr. A. v. Hochul*, 142 S. Ct. 2569 (2022).................................... 19, 20

*Williams v. Brown,*
   567 F. Supp. 3d 1213 (D. Or. 2021) ...........................................................................20

*Williamson v. Tucker,*
   645 F.2d 404 (5th Cir. 1981)................................................................................. 2, 14

*Yarls v. Bunton,*
   905 F.3d 905 (5th Cir. 2018)......................................................................................6

*Zucht v. King,*
   260 U.S. 174 (1922)..................................................................................................19

**STATUTES**

5 U.S.C. § 701 ................................................................................................................17

10 U.S.C. § 113..............................................................................................................17

10 U.S.C. § 1107a...........................................................................................................17

10 U.S.C. § 7013.............................................................................................................17

10 U.S.C. § 8013.............................................................................................................17

10 U.S.C. § 9013.............................................................................................................17

21 U.S.C. § 337...............................................................................................................17

21 U.S.C. § 360bbb-3 ............................................................................................... 16, 17

James M. Inhofe National Defense Authorization Act for Fiscal Year 2023,
   Pub. L. No. 117-263, 136 Stat. 2395 (2022)..............................................................4

**OTHER AUTHORITIES**

CDC Guidance (captured May 2, 2022),
   https://perma.cc/7V3Z-9UK5 ....................................................................................16

CDC, *Interim Clinical Considerations for Use of COVID-19 Vaccines*
   (updated June 30, 2022),
   https://perma.cc/HG5T-YTDV..................................................................................22

DoDI 6025.19 .................................................................................................................21

FDA, Letter of July 8, 2022,
   https://perma.cc/AJU6-8WUW..................................................................................15

Feb. 24, 2023, Deputy Secretary of Defense Memo,
   https://perma.cc/3MXS-2CNR ............................................................................... 4, 5

https://perma.cc/BTL2-JX7M ............................................................................................................13

Sec'y of Def. Mem. (Aug. 24, 2021),
    https://perma.cc/N759-S758 .......................................................................................... 2, 3, 17

## INTRODUCTION

This case is moot. This lawsuit seeks only injunctive and declaratory relief based on claims that the military's now-defunct COVID-19 vaccination requirement violated the Constitution and various federal statutes. *See generally* Compl. ECF No. 1. But the Secretary of Defense rescinded the COVID-19 vaccination requirement on January 10, 2023, at the direction of Congress, so there is nothing for this Court to enjoin and no exception to mootness applies for declaratory judgment.

As this Court recognized, "[a] request for injunctive relief generally becomes moot when the event sought to be enjoined takes place." Order, ECF No. 35 (citing *Boerschig v. Trans-Pecos Pipeline, LLC*, 872 F.3d 701 (5th Cir. 2017)). The Court issued a show-cause order requiring Plaintiffs to explain why their request for a preliminary injunction was not moot in light of the Secretary's January 10, 2023 rescission of the COVID-19 vaccination requirement. *Id.* Instead of defending their claims for preliminary injunctive relief, Plaintiffs withdrew their motion. ECF No. 36. That withdrawal underscores why this entire case is moot—the injunctive relief sought by the motion for preliminary injunction—to enjoin Defendants from requiring the COVID-19 vaccine—is essentially the same as the injunctive relief sought by the complaint. Both the motion for a preliminary injunction and the complaint as a whole are moot because the COVID-19 vaccination requirement was rescinded.

Beyond being moot, Plaintiffs' statutory claims (Claims V & VI) suffer from a host of fatal threshold issues. For example, Plaintiffs admit that the statutes cited in their Fifth Cause of Action "do not provide a private right of action." Compl. ¶ 184. Claim V can be dismissed for that reason alone, and the cited statutes cannot form the basis of an Administrative Procedure Act ("APA") claim (Claim VI).

Plaintiffs otherwise fail to state a statutory claim for a facial challenge to the now-rescinded policy. Plaintiffs allege that the now-defunct COVID-19 vaccine requirement violated the APA or was otherwise unlawful by supposedly requiring a COVID-19 vaccine authorized only under an

Emergency Use Authorization ("EUA") "without [a] Presidential waiver." Compl. ¶ 199. But the now-rescinded COVID-19 vaccination policy did *not* require Plaintiffs to take an EUA vaccine—it only required Service members to receive a vaccine that had received full U.S. Food and Drug Administration ("FDA") Biologics License Application ("BLA") approval. Sec'y of Def. Mem. (Aug. 24, 2021), https://perma.cc/N759-S758. Any facial challenge is not viable in light of the plain text of that policy.

In an attempt to plead around the text of the now-rescinded policy, Plaintiffs alleged a *de facto* policy of requiring EUA vaccines. They alleged, "[u]pon information and belief" that "there is no COMIRNATY or SPIKEVAX"—BLA-approved products—"available for ordering within the Defendant DoD's medical supply system" so Plaintiffs were required to take an EUA product to satisfy the COVID-19 vaccination requirement. Compl. ¶ 93. As an initial matter, this allegation is also moot because Plaintiffs are no longer required to take *any* COVID-19 vaccine under the challenged policy. Moreover, Plaintiffs' "information and belief" was wrong. DoD had BLA-approved Comirnaty in vials with BLA-approved labels. And Defendants even offered shots to Plaintiffs and members of the unincorporated association of BLA-approved Comirnaty from vials with BLA-approved labels. No one accepted that offer.[1]

Plaintiffs therefore lack standing because they suffered no harm caused by the alleged lack of BLA-approved vaccines. Their refusal to accept the offer of a BLA-approved vaccine from a vial with a BLA-approved label shows that any adverse action or alleged injury they faced in the past from refusing to comply with the now-defunct mandate was not caused by the alleged lack of BLA-approved products. Plaintiffs also have no redressable injury because requiring DoD to provide them

---

[1] Plaintiffs' refusal to accept a BLA-approved vaccine dose when offered is a jurisdictional fact that this Court can rely on when considering dismissal for lack of  standing. *See Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981) (when reviewing a motion to dismiss for lack of  jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of  jurisdictional claims").

a BLA-approved vaccine from a vial with a BLA-approved label would not change anything—there is no requirement and even if there were, Defendants *already* provided the opportunity to receive a vaccine from a BLA-labeled vial and all Plaintiffs already refused when offered.

Finally, Plaintiffs fail to plead a valid constitutional claim. *See* Compl. Claims I–IV. The COVID-19 vaccination requirement easily surpasses the applicable rational basis test—there are good reasons for the military to want their fighting forces protected against a deadly pathogen and the Court can dismiss these claims under Rule 12(b)(6).

For these reasons and others described below, the Court should dismiss the complaint in its entirety. [2]

## BACKGROUND

The history of the COVID-19 pandemic, its devastating impact on our Nation and the military, and the implementation of the now-defunct COVID-19 vaccination mandate were detailed in Defendants' opposition to Plaintiff's motion for preliminary injunction. ECF No. 14. As relevant here, on August 24, 2021, the Secretary of Defense, by memorandum, directed the Secretaries of the Military Departments to ensure that all members of the Armed Forces were fully vaccinated against COVID-19. Sec'y of Def. Mem. (Aug. 24, 2021), https://perma.cc/N759-S758. The memorandum made clear that "[m]andatory vaccination against COVID-19 will only use COVID-19 vaccines that

---

[2] Numerous courts of appeals have already held that requests for injunctive relief are moot. The Ninth Circuit in *Short v. Berger*, Nos. 22-15755, 22-16607 (9th Cir. Feb. 24, 2023), and *Dunn v. Austin*, No. 22-15286 (9th Cir. Feb. 27, 2023), dismissed Service members' appeals from the denial of preliminary injunctions prohibiting enforcement of the military's COVID-19 vaccination requirement. Two separate panels concluded that the rescission of the vaccination requirement mooted the plaintiffs' preliminary-injunction appeals, vacated the district courts' orders, and remanded for further proceedings. District courts have likewise noted that challenges to the COVID-19 vaccination requirement are moot. *Alvarado v. Austin*, No. 1:22-cv-876 (AJT-JFA), 2023 WL 2089246, at *3 (E.D. Va. Feb. 17, 2023) ("requests and any relief therefrom are now stale given the Rescission Memo"); *Chancey, v. Biden*, 1:22-cv-110, ECF No. 32 (N.D. Fla. Feb. 14, 2023) (dismissing case challenging military COVID-19 vaccine requirement as moot). Other cases have been voluntarily dismissed after the rescission. *See Oklahoma v. Biden*, No. 5:21cv1136 ECF Nos. 77 & 78 (W.D. Okla. Feb. 17, 2023).

received full licensure from the [FDA], in accordance with FDA-approved labeling and guidance." *Id.* This lawsuit challenges that now-rescinded requirement.

On May 23, 2022, fourteen Service members serving in the Army, Air Force, Navy, or Marines, along with an unincorporated association, sued DoD, the U.S. Department of Health and Human Services, and FDA on behalf of themselves and a yet-uncertified class. *See generally* Compl. Plaintiffs allege that the military's vaccination requirement is unconstitutional, exceeds Defendants' statutory authority, violates various federal statutes, and is arbitrary and capricious under the APA. *Id.* Counts I–VI.

On July 1, 2022, Plaintiffs moved for a preliminary injunction, seeking to enjoin DoD (i) from enforcing the military's vaccination requirement "or administering any COVID-19 vaccine" "with respect to . . . Plaintiffs," or (ii) "from taking any adverse or retaliatory action against any Plaintiff" for failing to comply with the military's vaccination requirement or for seeking an exemption, ECF No. 9-1 at 1.

On December 23, 2022, the President signed into law the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 ("NDAA"). *See* Pub. L. No. 117-263, § 525, 136 Stat. 2395, 2571-72 (2022). Section 525 directed the Secretary of Defense, within 30 days, to rescind the August 2021 memorandum requiring vaccination of Service members against COVID-19.

On January 10, 2023, the Secretary of Defense rescinded the mandate as directed. ECF No. 34-1. The rescission memorandum directs that currently serving Service members who sought an exemption shall not be "separated solely on the basis of their refusal to receive the COVID-19 vaccination" and directs the Services to "update the records of such individuals to remove any adverse actions solely associated with denials of such requests." *Id.*[3]

---

[3] Former Service members administratively discharged on the sole basis that the service member failed to obey a lawful order to receive a vaccine for COVID-19, "may petition their Military Department's

On February 24, 2023, the Deputy Secretary of Defense issued further guidance clarifying that when the Secretary of Defense rescinded the COVID-19 vaccination requirement, he "thereby also rendered all DoD Component policies, directives, and guidance implementing those vaccination mandates as no longer in effect as of January 10, 2023," including but "not limited to, any COVID-19 vaccination requirements or related theater entry requirements and any limitations on deployability of Service members who are not vaccinated against COVID-19." Feb. 24, 2023, Deputy Secretary of Defense Memo ("Deputy SECDEF Memo"), https://perma.cc/3MXS-2CNR. The only remaining COVID-19 vaccination requirements are those "required for travel to, or entry into, a foreign nation." *Id.* In short, other than complying with entry requirements into a foreign country, "commanders will not require a Service member or group of Service members to be vaccinated against COVID-19, nor consider a Service member's COVID-19 immunization status in making deployment, assignment, and other operational decisions." *Id.*

The Deputy Secretary also made clear that DoD has no expectation of implementing another force-wide COVID-19 vaccination requirement. Should any commander wish to require COVID-19 vaccination for any purpose, that request must be approved by the Assistant Secretary of Defense for Health Affairs, and any new requirements "will be made judiciously and only when justified by compelling operational needs and will be narrowly tailored as possible." *Id.*

On February 13, 2023, this Court ordered Plaintiffs to show cause why their preliminary injunction motion was not moot in light of the rescinded COVID-19 vaccination requirement. ECF No. 35. Instead of explaining why their motion for a preliminary injunction was not moot, Plaintiffs withdrew their motion. ECF No. 38. Pursuant to the parties' joint scheduling request, the Court ordered Defendants to respond to Plaintiffs complaint by March 3, 2023. Order, ECF No. 39.

---

Discharge Review Boards and Boards for Correction of Military or Naval Records to individually request a correction to their personnel records, regarding the characterization of their discharge." *Id.*

Defendants now submit this motion to dismiss.

## ARGUMENT

### I.  The Court Should Dismiss This Action as Moot.

#### A.  The Challenged Vaccination Requirement Has Been Repealed and No Remaining Relief Is Available to Plaintiffs.

"Plaintiffs must maintain their personal interest in the dispute at all stages of litigation." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021). "Even when a plaintiff has standing at the outset '[t]here must be a case or controversy through all stages of a case.'" *Fontenot v. McGraw*, 777 F.3d 741, 747 (5th Cir. 2015) (quoting *K.P. v. LeBlanc*, 729 F.3d 427, 438 (5th Cir. 2013)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)); *In re Scruggs*, 392 F.3d 124, 128 (5th Cir. 2004) ("A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." (citation omitted)). "Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Fontenot*, 777 F.3d at 747 (quoting *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006)).

"[A] case challenging a [government policy] usually becomes moot if the challenged [policy] has expired or been repealed." *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020). After all, "[o]nce the law is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do." *Id.* In short, "[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (quotation marks omitted).

Consistent with these principles, the Fifth Circuit and other circuits have repeatedly confirmed that when a statute or regulation is amended or repealed after plaintiffs bring a lawsuit challenging the legality of that statute or regulation, mootness is "the default." *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023) (5th Cir. 2023); *Houston Chronicle Publ'g Co. v. League City*, 488 F.3d 613, 619 (5th Cir. 2007) ("It goes without saying that disputes concerning repealed legislation are generally moot."); *McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004) ("Suits regarding the constitutionality of statutes become moot once the statute is repealed."); *Johnson v. Mississippi*, 586 F.2d 387, 388 (5th Cir. 1978) (per curiam) ("[T]he enactment of a superseding statute which satisfies all the principles sought in an attack on the prior statute simply moots the case."); *see also, e.g.*, *Keister v. Bell*, 29 F.4th 1239, 1250 (11th Cir. 2022) ("[W]hen a government fully repeals a challenged law, a case challenging that law is almost surely moot."), *pet. for cert. filed*, No. 22-388 (U.S. Oct. 25, 2022); *Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) ("[T]he repeal, amendment, or expiration of challenged legislation is generally enough to render a case moot and appropriate for dismissal."); *Am. Bar Ass'n v. FTC*, 636 F.3d 641, 643 (D.C. Cir. 2011) ("It is well established that a case must be dismissed as moot if new legislation addressing the matter in dispute is enacted while the case is still pending."); *Log Cabin Republicans v. United States*, 658 F.3d 1162, 1166–68 (9th Cir. 2011) (finding moot a challenge to the military's don't-ask-don't-tell policy when the policy was repealed by statute after judgment); *Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (clarifying the standard: "in determining whether a case is moot, we should presume that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot, unless there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it").

The Court should follow that ordinary practice here. The NDAA is intervening legislation that terminates the challenged vaccination requirement, rendering moot Plaintiffs' requests for declaratory

and injunctive relief. The NDAA as implemented through the rescission memorandum gives Plaintiffs the relief sought in their complaint. Defendants can no longer enforce the August 2021 DoD COVID-19 vaccination requirement against the named Plaintiffs or any member of association, nor may Defendants take adverse action against them based on that defunct policy. ECF No. 34.

As a result of the rescission, all relief sought by Plaintiffs is moot. There is no need for injunctive relief regarding the COVID-19 vaccine requirement because Defendants no longer require Plaintiffs to receive any COVID-19 vaccine (BLA, EUA, or otherwise). Plaintiffs' request for injunctive relief to "[e]njoin the DoD from vaccinating any service members" against COVID-19 is thus moot. Compl. at 84. The requests for declaratory relief are also academic at this point and will have no practical effect. A declaration that "use of Pfizer-BNT COVID-19 vaccine" for mandatory vaccination without a presidential waiver is "illegal," "that any order issued by DoD requiring Plaintiffs to receive inoculation with COVID-19 EUA vaccines are *per se* unlawful," or a declaration that those with a prior infection should receive a medical exemption, all have no practical effect because there is no longer any COVID-19 vaccination requirement. *Id.*; *see C & H Nationwide v. Norwest Bank Tex. N.A.*, 208 F.3d 490, 493 (5th Cir. 2000) ("The 'case or controversy' requirement of Article III of the United States Constitution prohibits federal courts from considering questions 'that cannot affect the rights of litigants *in the case before them.*'" (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (emphasis added)).[4]

**B.      No Exception to Mootness Applies.**

**Voluntary Cessation.** Plaintiffs may argue that the NDAA and subsequent rescission memorandum does not moot the litigation because the voluntary cessation exception applies. But here

---

[4] As Defendants explained when opposing the motion for preliminary injunction, Plaintiffs' claims were never ripe or justiciable to begin with because no Plaintiff faced final discipline or exhausted available intra-service remedies. ECF No. 14, at 14–23 (discussing ripeness and exhaustion requirements under *Mindes v. Seaman* 453 F.2d 197 (5th Cir. 1971))

Defendants' cessation of the vaccination requirement was not voluntary, Defendants "most assuredly did not alter [their own course] in order to avoid litigation." *Am. Bar Ass'n*, 636 F.3d at 648. Rather, intervening legislation—in the form of the NDAA—required DoD to rescind the vaccination mandate. *See id.* (finding voluntary cessation exception did not apply where "intervening legislation simply nullified the [agency's challenged] policy statement"). The NDAA "specifically forbids the kind of [action] challenged in this suit" and "[t]he cessation of the [vaccination requirement] therefore was not voluntary." *Klayman v. Obama*, 759 F. App'x 1, 3 (D.C. Cir. 2019); *see also J. T. v. District of Columbia*, 983 F.3d 516, 523 (D.C. Cir. 2020) ("'The voluntary-cessation doctrine has no apparent relevance' where the 'source of cessation . . . lies beyond the unilateral legal authority of any of the named defendants.'" (quoting *Guedes v. ATF*, 920 F.3d 1, 15 (D.C. Cir. 2019) (per curiam)).

Even if Congress's enactment of the NDAA could be considered a voluntary change on the part of Defendants, the Fifth Circuit has held that "courts are justified in treating a voluntary governmental cessation of possibly wrongful conduct with some solicitude, mooting cases that might have been allowed to proceed had the defendant not been a public entity." *Sossamon v. Texas*, 560 F.3d 316, 325 (5th Cir 2009). Indeed, despite the burden typically imposed in instances of voluntary cessation, "government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties." *Id.* "Without evidence to the contrary, [the Fifth Circuit] assume[s] that formally announced changes to official governmental policy are not mere litigation posturing." *Id.*; *see also, e.g.*, *People for the Ethical Treatment of Animals v. U.S. Dep't of Agric.*, 918 F.3d 151, 157–59 (D.C. Cir. 2019) (recognizing that an unambiguous representation by an agency official would be entitled to presumption of regularity and could satisfy burden for voluntary cessation purposes); *Troiano v. Supervisor of Elections in Palm Beach Cnty.*, 382 F.3d 1276, 1283 (11th Cir. 2004) ("[W]hen the defendant is not a private citizen

but a government actor, there is a rebuttable presumption that the objectionable behavior will *not* recur.").

Plaintiffs have provided no basis to suggest that the rescission of the vaccination requirement is pretextual or that the same or a substantially similar requirement will recur. On the contrary, Defendants have gone beyond what was required by Congress in the NDAA, for example, requiring the records of current service members who sought an exemption to be updated. Plaintiffs provide no evidence that the challenged vaccination requirement will be reinstated, that they will once again be subject to that requirement, or that any accommodation they seek regarding a substantially similar new requirement would be denied. Without direct evidence to the contrary, "it is remote, and indeed unrealistically speculative, that these defendants will ever again expose the plaintiffs to the claimed injury that prompted this lawsuit." *Amawi v. Paxton*, 956 F.3d 816, 821 (5th Cir. 2020). "The very process of the enactment of [the new law] by [Congress and the President], combined with the presumption of good faith that we afford government actors, overcomes concerns of voluntary cessation." *Id.* For these reasons, Plaintiffs cannot overcome the presumption that the NDAA and rescission memorandum moot this case. The "'challenged practice'" has been "discontinued," and "a live controversy no longer exists." *Freedom From Religion Foundation*, 58 F.4th at 833.

**Capable of Repetition.** The mootness exception for issues capable of repetition yet evading review also does not apply here for similar reasons. Under that exception, cases that would otherwise be moot are saved from mootness "if '(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" *Empower Texans, Inc. v. Geren*, 977 F.3d 367, 370 (5th Cir. 2020) (quoting *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016)). This exception applies "only in exceptional situations." *Id.* (quoting *Kingdomware*, 579 U.S. at 170). Plaintiffs—as the party seeking to assert the exception—bear the burden of showing that it applies.

*See id.*

The relevant inquiry under the evading-review prong is "whether 'the challenged activity is *by its very nature short in duration,* so that it could not, or probably would not, be able to be adjudicated while fully live.'" *Pharmachemie B.V. v. Barr Lab'ys, Inc.*, 276 F.3d 627, 633 (D.C. Cir. 2002) (quoting *LaRouche v. Fowler,* 152 F.3d 974, 978 (D.C. Cir. 1998)); *see also, e.g., Bayou Liberty Ass'n v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 399 (5th Cir. 2000) (considering whether the type of action challenged was "*inherently* capable of evading review" (emphasis added)). The long history of vaccines that have remained military requirements for decades shows that a vaccination requirement is, by its nature, not short in duration. *Cf. Moore v. Hosemann*, 591 F.3d 741, 744 (5th Cir. 2009) ("Election controversies are paradigmatic examples of cases that cannot be fully litigated before the particular controversy expires."). Moreover, challenges to the COVID-19 vaccination requirement have been heard in dozens of district courts, at least five Courts of Appeals, and military COVID-19 vaccinations cases were the subject of *two* orders from the Supreme Court. Nothing in that record suggests that should Defendants implement an across-the-board COVID-19 vaccination requirement—and these same Plaintiffs are subject to that requirement—that any claim would evade judicial review.

The COVID-19 vaccination requirement is very different than other circumstances where the exception has applied where challenged actions were "inherently capable of evading review." *Bayou Liberty Ass'n*, 217 F.3d at 399. In particular, the Supreme Court in *Roman Catholic Diocese of Brooklyn v. Cuomo* held that the case was not moot because the "[t]he Governor [of New York] regularly changes the [COVID-19 threat] classification of particular areas without prior notice," including eight times within a month-long period. 141 S. Ct. 63, 68 (2020). Other military vaccination requirements have been in place for decades. While the vaccination requirement here lasted approximately a year and a half, it ended only when Congress ordered Defendants to rescind the vaccination policy.  Thus, a vaccination requirement is not the kind of action that is "in its duration too short to be fully litigated

prior to cessation or expiration." *Geren*, 977 F.3d at 370 (citation omitted).

Nor do Plaintiffs present any evidence that they will "be subject to the same action again." *Id.* (citation omitted). To establish such evidence, Plaintiffs "must show either a 'demonstrated probability' or a 'reasonable expectation'" that they will be subject to the same challenged COVID-19 vaccination requirement again. *Libertarian Party v. Dardenne*, 595 F.3d 215, 217 (5th Cir. 2010) (quoting *Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2002)). "A 'mere physical or theoretical possibility' is not sufficient to satisfy this prong of the exception." *Id.* (quoting *Murphy v. Hunt,* 455 U.S. 478, 482 (1982); *see also Am. Bar Ass'n*, 636 F.3d at 647 ("It does not matter that the [agency] might hereafter . . . promulgate *new* rules" because "[t]hese are merely hypothetical possibilities," and "*possibilities* regarding regulations and enforcement policies that do not presently exist" are "not enough to give rise to a live dispute."); *Lopez v. City of Houston*, 617 F.3d 336, 340 (5th Cir. 2010) (requiring more than "merely a theoretical possibility" that the allegedly wrongful conduct would reoccur) (citation omitted).

The uncertain future of COVID-19 is similarly insufficient to justify excepting this case from the mootness doctrine. Indeed, the Fifth Circuit has already explained that "no one knows what the future of COVID-19 holds" and it is thus "speculative, at best, that the [government] might reimpose [a particular COVID-19] restriction or a similar one." *Spell*, 962 F.3d at 180 (holding moot a challenge to Louisiana's rescinded stay-at-home orders, especially given that "[t]he trend in Louisiana has been to reopen the state, not to close it down"); *see also Long v. Jayton-Girard Indep. Sch. Dist.*, No. 5:21-CV-111-H, 2021 WL 7906835, at *4 (N.D. Tex. Sept. 3, 2021) (holding moot a challenge to school district's rescinded mask mandate because "the mere possibility of COVID-19 worsening or COVID-19 policies being re-imposed is insufficient to satisfy the 'reasonable expectation' requirement of the second prong"). Thus, Plaintiffs' speculation that DoD might reimpose a COVID-19 vaccination

requirement in the future does not exempt this case from mootness.

Plaintiffs cannot establish either that the vaccination requirement is inherently "too short [in duration] to be fully litigated prior to cessation or expiration," or that there exists any "reasonable expectation that [they will] be subject to the same [challenged COVID-19 vaccination requirement] again.'" *Geren*, 977 F.3d at 370 (quoting *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016)).

## II.     Plaintiffs Lack Standing to Pursue Claims Based on False Allegations They Were Required to Receive an EUA Vaccine.

The Court should also dismiss Plaintiffs' various statutory claims challenging the DoD vaccination directive for lack of standing. Compl. Claims V & VI. Plaintiffs principally contend that DoD's vaccination directive violates various statutes because they are "required either to take a non-FDA-licensed EUA vaccine" or face "serious disciplinary consequences." Compl. ¶ 196. To the extent Plaintiffs allege that they were required to receive an EUA vaccine (despite the policy to the contrary), undisputed facts show that Plaintiffs lack standing to raise such a claim.

No declaratory or injunctive relief would remedy any harm they faced for non-compliance with the now-defunct vaccination requirement. For the same reasons this case is now moot, Plaintiff also lacks standing to obtain prospective injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). Alleged past injuries (even assuming that the allegations are true) do not support standing for prospective relief. *Id.* (alleged "past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy"). The challenge policy has been rescinded and they are not required to receive any COVID-19 vaccine at this time, let alone an EUA vaccine, and they cannot establish an imminent future threat for purposes of standing.

Moreover, Plaintiffs also lack standing because they allege (incorrectly) that the Armed Services had only EUA COVID-19 vaccines and that BLA vaccines (*i.e.*, Pfizer's "Comirnaty" or Moderna's "Spikevax") were not available. Compl. ¶ 93. Based on this false premise, Plaintiffs argue that DoD violated various statutory provisions by *de facto* requiring Service members to take "EUA

vaccines" and that FDA committed its own statutory violations. *Id.* Counts V–VI.

Plaintiffs' factual predicate was wrong. The Armed Services obtained tens of thousands of doses of BLA-licensed Comirnaty product in vials with BLA-approved labels, ECF No. 14-2, ¶ 19, and offered to administer those BLA-approved doses to all willing Plaintiffs, ECF No. 14-26. No Plaintiff took DoD up on the offer (and, it seems, they have been advised *not* to accept it because it would undermine their "litigation position," *see* https://perma.cc/BTL2-JX7M). Plaintiffs were offered—and refused—the very vaccine product they allege was unavailable. Under these facts, Plaintiffs faced no harm from an alleged "unavailability" of BLA-labeled vaccines, because when those vaccines were made available to them, they all refused.

The offer and refusal show that any harm Plaintiffs faced for non-compliance with the now-defunct vaccine requirement was not caused by the alleged unavailability of doses of BLA-licensed products in vials with BLA-approved labels—Plaintiffs were never going to comply with the COVID-19 vaccine requirement regardless of what product was made available or what label was on the vial. Plaintiffs ask the Court to declare that DoD should have offered a BLA-licensed vaccine from a vial with a BLA-approved label—but *they were offered exactly that* and still refused.

The fact that all Plaintiffs and members of the association refused the offer of a BLA-licensed vaccine from a vial with a BLA-approved label are undisputed. And, although those facts are not in the complaint, when deciding whether it has subject matter jurisdiction, the Court is not required to limit itself to the allegations in the complaint. "The district court consequently has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson*, 645 F.2d at 413. "[F]actual determinations decisive of a motion to dismiss for lack of jurisdiction are within the court's power." *Id.* at 414.

The undisputed fact that all Plaintiffs refused to receive a BLA-approved vaccine from a vial with BLA-approved label moots all of Plaintiffs' EUA-based claims. *See Norris v. Stanley*, 558 F. Supp. 3d 556, 559 (W.D. Mich. 2021) (no likelihood of success on EUA claim because it "would be moot" if offered the BLA-approved Pfizer vaccine); *Doe #1–#14 v. Austin*, 572 F. Supp. 3d 1224, 1234 (N.D. Fla. 2021) ("If the DOD is, in fact, administering Comirnaty . . . plaintiffs' § 1107a issue disappears."); *accord Crosby*, 2022 WL 603784, at *2; *cf. Coal. for Mercury-Free Drugs v. Sebelius*, 671 F.3d 1275 (D.C. Cir. 2012) (Kavanaugh, J.) (explaining that availability of vaccines other than the ones to which plaintiffs objected eliminated plaintiffs' standing).

Accordingly, this Court's resolution of Plaintiffs' statutory claims—all of which challenge a purported mandate to receive an "EUA vaccine"—would have no practical impact on Plaintiffs. *See Prison Legal News v. FBI*, 944 F.3d 868, 880 (10th Cir. 2019) ("An action becomes moot if an intervening circumstance deprives the plaintiff of a personal stake at any point[.]" (cleaned up)). Nor is there "any effectual relief" that the Court could grant to Plaintiffs based on their statutory claims that they have not already been obtained from the offer made by Defendants. *See Dierlam v. Trump*, 977 F.3d 471, 476 (5th Cir. 2020) (citation omitted), *cert. denied sub nom.*, *Dierlam v. Biden*, 141 S. Ct. 1392 (2021); *accord Honig v. Students of Cal. Sch. for the Blind,* 471 U.S. 148, 149 (1985). As a result, Plaintiffs "lack a legally cognizable interest" in the resolution of their statutory claims and thus lack standing. *See Envt'l Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008) (citation omitted).

## III.    Plaintiffs Lack Standing to Bring Challenge the FDA's Actions.

Plaintiffs separately lack Article III standing to assert their statutory claims against FDA for reasons discussed in a recent Sixth Circuit decision addressing similar claims. *See Children's Health Def. v. U.S. FDA*, No. 21-6203, 2022 WL 2704554 (6th Cir. July 12, 2022), *cert. denied*, 2023 WL 2123800 (U.S. Feb. 21, 2023). There, the Sixth Circuit held that an organization lacked associational standing to challenge, on behalf of a group of military Service members, "FDA's licensure of Pfizer's Comirnaty

and simultaneous extension of the Pfizer-BioNTech EUA." *Id.* at *2, 3–4. In support of its claim, the organization alleged that its unvaccinated military members "who refuse to comply with the military's vaccine requirements are facing or will face adverse consequences." *Id.* at *2. The court found that, even assuming the organization had shown that a member suffered or imminently would suffer an injury in fact, the "plaintiffs' alleged injuries" were not "fairly traceable to FDA's actions," because "[t]he military's vaccination requirements, and the alleged possible consequences from failing to comply, stem from DOD decisionmakers." *Id.* at *3. Moreover, the court rejected the argument that their alleged injuries were redressable because (as Plaintiffs also assert) DoD "relied on" FDA's "interchangeability" determination, *id.* at *4—*i.e.*, that Comirnaty and the EUA-authorized vaccine can be used interchangeably to provide the vaccination series without presenting any safety or effectiveness concerns, FDA, Letter of July 8, 2022, at 3 n.15, 16–17, https://perma.cc/AJU6-8WUW. The court explained that "DOD's vaccine mandate is not tied to FDA's actions," and thus no relief granted against FDA could "redress their alleged injuries," because, among other reasons, "DOD could administer COVID-19 vaccines manufactured by other companies with licenses . . . not challenged here." *Children's Health Def.*, 2022 WL 2704554, at *4.

Although Plaintiffs' claims vary from those asserted in *Children's Health Defense*, the same general analysis applies here. Plaintiffs challenge FDA's exercise of enforcement discretion concerning labeling requirements, as well as its so-called "interchangeability" determination. *See* Compl. ¶ 69 (citation omitted). But, for the same reasons discussed by the Sixth Circuit in *Children's Health Defense*, Plaintiffs have alleged no injury that would be fairly traceable to FDA's challenged actions, nor any injury that could be redressed by an order entered against the agency. Accordingly, Plaintiffs lack standing to assert their statutory claims against FDA.[5]

---

[5] Plaintiffs also fail to state a claim that any agency action was arbitrary or capricious under the APA. *See* Compl. ¶¶ 209, 210. Requiring everyone in the force, including those with prior infection, to receive

IV.    **Plaintiffs' Statutory Claims Are Meritless.**

The Court should also dismiss Plaintiffs various statutory claims challenging the DoD vaccination directive for failure to statute a claim. Compl. Claims V & VI.

First, Plaintiffs admit that the statutes they rely on "do not provide a private right of action." Compl. ¶ 184; *see also*, *Navy SEAL 1 v. Biden*, 574 F. Supp. 3d 1124, 1130 (M.D. Fla. 2021) (M.D. Fla. Nov. 22, 2021) ("[P]laintiffs sue under the 'informed consent' provisions of 21 U.S.C. § 360bbb-3(e)(1)(A). . . . But this statutory 'option to accept or refuse' an emergency vaccine confers no private right of action, creates no 'opportunity to sue the government,' and permits enforcement by the United States and by the states in specific circumstances only." (alterations adopted and citations omitted)); *accord Crosby v. Austin*, No. 8:21-cv-2730, 2022 WL 603784, at *1-2 (M.D. Fla. Mar. 1, 2022). Congress reserved exclusive enforcement authority to the United States—*not* individual plaintiffs—with one limited exception for state enforcement. 21 U.S.C. § 337(a) ("[A]ll such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States."); *Guilfoyle v. Beutner*, No. 2:21-cv-05009, 2021 WL 4594780, at *26–27 (C.D. Cal. Sept. 14, 2021). That express limitation, in turn, precludes Plaintiffs' attempt to assert their claim under the APA. 5 U.S.C. § 701(a)(1) ("[The APA] applies . . . except to the extent that . . . statutes preclude judicial review."); *see also, e.g.*, *Overton Power Dist. No 5 v. O'Leary*, 73 F.3d 253, 257–58 (9th Cir. 1996). Moreover, actions taken under the authority of 21 U.S.C. § 360bbb-3 are expressly committed to FDA's discretion. *Id.* § 360bbb-3(i); *Ass'n of Am. Physicians & Surgeons v. U.S. FDA*, No. 20-1784, 2020 WL 5745974, at *3 (6th Cir. Sept. 24, 2020). For that reason as well, Plaintiffs' allegations against FDA are not reviewable under the APA. 5 U.S.C. § 701(a)(2).

---

the COVID-19 vaccine was consistent with CDC guidance. *See* CDC Guidance (captured May 2, 2022), https://perma.cc/7V3Z-9UK5. As another court put it "the Court cannot find that Defendants are irrational for following the recommendations of the CDC." *See Lloyd v. Sch. Bd. of Palm Beach Cnty.*, 570 F. Supp. 3d 1165, 1185 (S.D. Fla. 2021) (granting motion to dismiss).

Second, the face of DoD's now-rescinded vaccination policy does not require an EUA vaccine and does not implicate the cited statutes. Congress has given the Secretary of Defense and the Armed Services wide latitude to establish a vaccination program for the welfare and readiness of troops. *See* 10 U.S.C. §§ 113(b), 7013(b)(9), 8013(b)(9), 9013(b)(9). Section 1107a places a narrow condition on that authority by requiring a presidential "waiver" of a notification requirement when the military seeks to require Service members to take products authorized only for "emergency use." 10 U.S.C. § 1107a(a). Contrary to what Plaintiffs suggest, however, *no* Service member was required under the now-defunct COVID-19 vaccine requirement to take a COVID-19 vaccine authorized only for "emergency use." The policy was clear that Service members are required to receive only "COVID-19 vaccines that receive full licensure . . . in accordance with FDA-approved labeling and guidance," Sec'y of Def. Mem. (Aug. 24, 2021), https://perma.cc/N759-S758. [6]

## V.   Plaintiffs' Constitutional Claims Are Meritless.

Plaintiffs' constitutional claims are meritless and should be dismissed for failure to state a claim. Plaintiffs argue that the military's defunct COVID-19 vaccination requirement violated the Fifth Amendment's guarantees of substantive and procedural due process and equal protection, and that it imposed unconstitutional conditions. Compl. Claims I–IV. By arguing that strict scrutiny applies to their claims, Plaintiffs rely on the wrong standard of review and ignore longstanding precedent (consistently reaffirmed) that vaccine requirements are subject to rational basis review. Since the challenged policies easily satisfy rational basis review, these claims fail to state a claim and should be dismissed.

---

[6] Plaintiffs make much of FDA's "interchangeability" determination. Compl. ¶ 62. But their arguments on this score are irrelevant to whether DoD's vaccination directive violates § 1107a because Plaintiffs have been offered doses of Comirnaty, and thus are not required to receive a vaccine that is "EUA-authorized" to comply with DoD's directive.

### A.      All of Plaintiffs' Constitutional Claims Are Subject to Rational Basis Review.

"Rational basis review is the test [that] *normally* applies to Fourteenth Amendment challenges, so long as they do not involve suspect classifications based on race or some other ground, or a claim of fundamental right." *Roman Cath. Diocese of Brooklyn*, 141 S. Ct. at 70 (Gorsuch, J., concurring).[7] Under rational-basis review, a plaintiff must show that the challenged government policy bears no "rational relationship to a legitimate governmental purpose" to succeed on an Equal Protection or Due Process challenge. *Butts v. Aultman*, 953 F.3d 353, 358 (5th Cir. 2020).

This case does not involve a suspect class. Plaintiffs admitted that "vaccination status has not historically been a 'suspect class.'" Mot. for PI, ECF No. 9 at 23. Moreover, they failed to identify any group that the defunct DoD vaccine requirement treated differently, much less any suspect classification that would trigger strict scrutiny. Plaintiffs even admitted that the military was "[t]reating all servicemembers the same" by requiring vaccination absent a pending or approved exemption. *Id.* at 19. Instead, Plaintiffs argued that individuals who did not comply with the rescinded requirement should be treated as a suspect class since they were the only ones who faced the consequences of non-compliance. *Id.* at 22–23. But no court has adopted that argument and for good reason—if non-compliers could be defined as a suspect class then *every* law and regulation with any consequences would be subject to strict scrutiny.[8]

Rational basis review also applies because the rescinded policy did not burden any "fundamental right ingrained in the American legal tradition"—"vaccination requirements, like other

---

[7] The Equal Protection Clause of the Fourteenth Amendment applies to the Federal Government under the Fifth Amendment's Due Process Clause. *Bolling v. Sharpe*, 347 U.S. 497, 500 (1954).

[8] Plaintiffs previously argued that a policy motivated "by irrational animus, prejudice, or demonization" should be subject to "heightened rational basis review." Mot. for PI at 23. Setting aside that it is unclear whether a "heightened rational basis review" standard even exists under the law of this Circuit, Plaintiffs offered no evidence that the now-rescinded COVID-19 requirements were the result of improper motives. *See id.* (offering no evidence of irrational animus or prejudice, and no evidence dating from before the requirement was announced).

public-health measures, have been common in this nation" throughout history. *Klaassen v. Trs. of Ind. Univ.*, 7 F.4th 592, 593 (7th Cir. 2021), *emergency application for relief denied*, No. 21A15 (Barrett, J., in chambers) (Aug. 12, 2021); *accord, e.g.*, *Doe v. Zucker*, 520 F. Supp. 3d 217, 249–53 (N.D.N.Y. 2021), *aff'd sub nom.*, *Goe v. Zucker*, 43 F.4th 19 (2d Cir. 2022); *Prince v. Massachusetts*, 321 U.S. 158, 166–67 (1944); *Zucht v. King*, 260 U.S. 174, 177 (1922). Vaccination requirements have also been commonplace in the military which "began requiring immunization in 1777" and for "the past several decades, the military has required at least nine immunizations, such as an annual flu shot." *Abbott v. Biden*, 608 F. Supp. 3d 467, 471 (E.D. Tex. 2022), *appeal filed*, No. 22-40399 (5th Cir. June 29, 2022).

Courts reviewing due process challenges to COVID-19 vaccination requirements have consistently held that rational basis review applies. *See, e.g.*, *Klaassen.*, 7 F.4th at 593; *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 293–94 (2d Cir. 2021) (rejecting the argument that COVID-19 vaccine requirement violated any "fundamental rights to privacy, medical freedom, and bodily autonomy under the Fourteenth Amendment"), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021), and *cert. denied sub nom. Dr. A. v. Hochul*, 142 S. Ct. 2569 (2022); *Johnson v. Brown*, 567 F. Supp. 3d 1230, 1251 (D. Or. 2021) (same); *Williams v. Brown*, 567 F. Supp. 3d 1213, 1226 (D. Or. 2021); *Norris, v. Stanley*, 567 F. Supp. 3d 818, 820 (W.D. Mich. 2021), *appeal dismissed*, 2021 WL 6803021 (6th Cir. Nov. 24, 2021); *Valdez v. Grisham*, 559 F. Supp. 3d 1161, 1173 (D.N.M. 2021), *aff'd* 2022 WL 2129071 (10th Cir. June 14, 2022); *Harris v. Univ. of Mass., Lowell*, 557 F. Supp. 3d 304, 313 (D. Mass. 2021), *appeal dismissed*, 43 F.4th 187 (1st Cir. 2022); *see also Roman Cath. Diocese of Brooklyn*, 141 S. Ct. at 70 (Gorsuch, J., concurring).

Plaintiffs' reliance on *Cruzan ex rel. Cruzan v. Director, Missouri Department of Health*, 497 U.S. 261, 279 (1990), to argue otherwise misses the mark. Mot. for PI at 17. *Cruzan* held only that the Constitution granted "competent persons a constitutionally protected right to refuse lifesaving hydration and nutrition" should they later become terminally ill and non-responsive. 497 U.S. at 279

(cleaned up). The rescinded DoD vaccine requirement was nothing like forcing someone to undergo intrusive, years-long treatment against their will even if they are in a vegetative state. *See, e.g.*, *We The Patriots USA*, 17 F.4th at 294 (rejecting argument based on *Cruzan* because "[v]accination is a condition of employment in the healthcare field; the State is not forcibly vaccinating healthcare workers"—"they do have a choice"); *Klaassen v. Trs. of Ind. Univ.*, 549 F. Supp. 3d 836, 870 (N.D. Ind. 2021) (university's mandate was "a far cry" from forced medical care), *vacated and remanded as moot*, 24 F.4th 638 (7th Cir. 2022); *Bridges v. Hous. Methodist Hosp.*, 543 F. Supp. 3d 525, 527 (S.D. Tex. 2021), *aff'd*, 2022 WL 2116213 (5th Cir. June 13, 2022). Instead, vaccinations are a fairly routine occurrence, and of course, Plaintiffs volunteered to join the military where vaccinations have long been a requirement. *See Abbott*, 608 F. Supp. 3d at 470-71.

Plaintiffs previously proposed, with no supporting case law, that the COVID-19 vaccine requirement violated a fundamental right to bodily integrity and should be subject to strict scrutiny as "gene therapy treatments" instead of vaccinations. Mot. for PI at 14–16. Plaintiffs are wrong on the facts—mRNA vaccines are not gene therapy. ECF No. 14-2, ¶ 16. Plaintiffs were also not required to take an mRNA vaccine; they could have received a non-mRNA vaccine like Johnson & Johnson or Novavax to satisfy the now-rescinded vaccination requirement. But more importantly, Plaintiffs provide no authority that policies requiring "treatments" receive higher scrutiny than policies requiring "vaccines." Indeed, the military has medical readiness requirements that involve treatments, including being free of any deployment-limiting medical conditions, which sometimes may require a Service member to receive treatment to resolve the limiting condition, for example, being up to date with dental exams, including completing "urgent or emergent dental treatment." *See* DoDI 6025.19, § 3.5.

### B. Plaintiffs Cannot Meet Their Burden Under Rational Basis Review.

Under rational basis review, and again to the extent the Court even reaches what should be a moot question, the Court would then be required to uphold the prior mandate unless plaintiffs

overcome "every conceivable basis which might support it." *Glass v. Paxton*, 900 F.3d 233, 245 (5th Cir. 2018) (citation omitted). When "mounting a facial challenge" under rational basis review, a plaintiff's "burden is heavy: he must demonstrate that no possible application" of the regulation "can be squared with the Fifth Amendment." *Doe v. Sullivan*, 938 F.2d 1370, 1383 (D.C. Cir. 1991).[9] "Given the standard of review, it should come as no surprise that [courts] hardly ever strike[] down a policy as illegitimate under rational basis scrutiny." *Trump v. Hawaii*, 138 S. Ct. 2392, 2420 (2018).

The rescinded prior policy easily satisfied this standard—as every court that has considered the issue has found that the military's COVID-19 vaccine requirement was rational. *E.g., Doe #1–#14*, 2021 WL 5816632, at *11 ("[P]laintiffs have not met their extraordinary burden of showing the mandate lacks any rationality."). Indeed, one Court noted that requiring the COVID-19 vaccine was "common sense" because "[t]he vaccine mandate to which [Plaintiffs] objects is the one—in addition to the nine that already apply to *all* service members—intended to protect service members from the virus which has, in less than two years, killed more Americans than have been killed in action in all of the wars the United States has ever fought." *Oklahoma v. Biden*, 577 F. Supp. 3d 1245, 1250 (W.D. Okla. 2021).

Plaintiffs cite no case in which DoD's vaccination requirement had been found to lack a rational basis. Instead, Plaintiffs claim that the COVID-19 vaccination requirement fails rational basis review because it does not include an exemption for those who were previously infected by COVID-19. Requiring vaccination for those who have previously been infected easily clears the low burden of

---

[9] Even if strict scrutiny applied, the challenged old requirements would have still been constitutional because mandatory vaccines are the least restrictive means to further a compelling government interest in preventing infectious disease. *E.g., F.F. ex rel. Y.F. v. New York*, 65 Misc. 3d 616, 633, (N.Y. Sup. Ct. 2019); *Brown v. Smith*, 24 Cal. App. 5th 1135, 1145 (Cal. Ct. App. 2018); *Love v. State Dep't of Educ.*, 29 Cal. App. 5th 980, 996 (Cal. Ct. App. 2018); *cf. Roth v. Austin*, 603 F. Supp. 3d 741, 779-80 (D. Neb. 2022) (finding military's COVID-19 vaccine requirement as-applied satisfied RFRA standard of compelling government interest and least restrictive means), *appeal filed*, No. 22-2058 (8th Cir. May 20, 2022); *Navy SEAL I v. Austin*, 600 F. Supp. 3d 1, 7-8 (D.D.C. 2022) (similar), *appeal filed*, No. 22-5114 (D.C. Cir. May 5, 2022)).

rationality given the CDC's recommendation that those with prior infection still be vaccinated. The CDC's guidance is dispositive in this case—while the COVID-19 vaccination requirement was in place, the CDC recommended all persons ages 6 months and over receive the COVID-19 vaccine "regardless of a history of symptomatic or asymptomatic SARS-CoV-2 infection." CDC, *Interim Clinical Considerations for Use of COVID-19 Vaccines* (updated June 30, 2022), https://perma.cc/HG5T-YTDV. Nothing alleged in Plaintiffs' complaint can overcome the high hurdle required to show the military was not acting rationally in following CDC guidance. *See Lloyd*, 570 F. Supp. 3d at 1185 (dismissing claims because "the Court cannot find that Defendants are irrational for following the recommendations of the CDC."); *accord Denis v. Ige*, 538 F. Supp. 3d 1063, 1078 (D. Haw. 2021).[10]

Finally, Plaintiffs' unconstitutional conditions claim fares no better. Compl. Claim III. "A predicate for any unconstitutional conditions claim is that the government could not have constitutionally ordered the person asserting the claim to do what it attempted to pressure that person into doing." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 612 (2013). The now-rescinded order requiring COVID-19 vaccination was constitutional for the reasons described herein, so the unconstitutional conditions doctrine does not apply. *See Norris*, 567 F. Supp. 3d at 822 (rejecting an unconstitutional conditions challenge). Regardless, this doctrine would not apply because, under the now-defunct policy, the military was directly ordering Plaintiffs—not indirectly regulating by withholding benefits.

## CONCLUSION

For the foregoing reasons, the Court should dismiss this case in its entirety.

---

[10] Plaintiffs also argue that DoD's reliance on CDC recommendation is not rational because the CDC recommends boosters, which DoD does not currently require. That argument fails because "policies survive this standard even when they are 'significantly over-inclusive or under-inclusive,' so long as they bear some rational connection to the policy's goal." *Doe #1-#14*, 572 F. Supp. 3d at 1240 (citation omitted); *see Hines v. Quillivan*, 982 F.3d 266, 275 (5th Cir. 2020), *remanded*, 2021 WL 6618658 (E.D. Tex. Dec. 2, 2020).

Dated: March 3, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

*/s/ Zachary A. Avallone*
ZACHARY A. AVALLONE (DC Bar No. 1023361)
JODY D. LOWENSTEIN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-2705
Email: zachary.a.avallone@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2023, I electronically filed the foregoing paper with the Clerk

of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.


/s/ Zachary A. Avallone
ZACHARY A. AVALLONE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch