Pritish Vora
27758 Santa Marg. Pkwy. #530
Mission Viejo, CA 92691
(949) 292-8359
Amicus Curiae, Pro Se

**FILED**
MAY - 2 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| JOSHUA WILSON, et. al., <br> Plaintiffs, <br> vs. <br> LLOYD AUSTIN, III, in his official capacity as Secretary of Defense, et. al., <br> Defendants. | Case No.: 4:22-cv-00438-ALM <br><br> **AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' FIRST AMENDED COMPLAINT AND IN OPPOSITION/RESPONSE TO DEFENDANTS' MOTION TO DISMISS** <br><br> Hon. Judge Amos L. Mazzant |

COMES NOW, Pritish Vora, Amicus Curiae, ("Amicus"), by way of Pro Se, files with the Honorable Court his amicus curiae brief in the above referenced matter, and states as follows:

## INTEREST OF THE AMICUS CURIAE

Amicus submits this informational brief in continued support of the Plaintiffs JOSHUA WILSON, MICHAEL GROOTHOUSEN, RYAN MADIGAN, DERRICK GIBSON, STEVEN BROWN, BENJAMIN WALKER, SCOTT WELLS, BRITTANY PUCKETT, KARYN CHRISTEN, MICHAEL DOUGHTY, CARLEY GROSS, SUMMER FIELDS, JUSTIN KING, and THOMAS BLANKENSHIP, for themselves and all others similarly situated, and MEMBERS FOR THE ARMED FORCES FOR LIBERTY, an unincorporated association, (collectively, "Plaintiffs"), who now face a motion to dismiss ("MTD") by Defendants to their first amended complaint ("FAC"). (See ECF 45 and 41, respectively). Amicus incorporates by reference the factual contentions that warrant judicial notice provided to the Court in his prior brief (See Dkt. 19), and provides additional facts that may escape the Court's consideration in determining the merits of the FAC. This brief shall address mootness, standing, subject matter jurisdiction and the claims asserted by the parties regarding the Department of Defense ("DoD") mandate for the Covid-19 mRNA vaccine.[1] No party assisted with the filing of this brief. Amicus has not received any monetary compensation to file this brief from any source, and does so at his own time, effort and expense.

---

[1] Amicus uses the word "vaccine" for convenience but continues to reject the notion of the Covid-19 injections being "vaccines." They are not. These are defined by Defendants as either "biological products" or "drugs" and also referenced as "countermeasures." Also, they are experimental.

AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se

## MEMORANDUM

Defendants' MTD can be summarized in two words: ***"willful blindness."*** (Emphasis added). The concept of willful blindness, also known as conscious avoidance, is a judicially made doctrine that expands the definition of knowledge to include closing one's eyes to the probability of a fact existing. It dates back to a jury charge in 1882 during a federal prosecution, where the trial judge rejected the *"great misapprehension"* that a person may *"close his eyes, when he pleases,* ***upon all sources of information****, and then excuse his ignorance by saying that he does not see anything."* See Global-Tech Appliances, Inc., v. SEB S.A., 563 U.S. 754 n.6 (2011). (Emphasis supplied). *"It is also said that persons who know enough to blind themselves to direct proof of critical facts in effect have actual knowledge of those facts."* See United States v. Jewell, 532 F.2d 697, 700 (CA9 1976) (en banc). Courts apply the doctrine to both criminal and civil cases.

As Amicus will show, the case is not moot, despite the passage of the National Defense Authorization Act ("NDAA"). The Plaintiffs have standing to prosecute their valid claims pursuant to the Administrative Procedures Act ("APA") [5 U.S.C. §§ 551-559, 701-706], pursuant to the doctrine of *ultra vires*, and pursuant to the doctrine of informed consent, 10 U.S.C. § 1107a. Thus, the Court has subject matter jurisdiction. As such, the Plaintiffs are likely to succeed on the merits and Amicus will respectfully request that the case proceeds.

## I. THE CASE IS NOT MOOT

*"The requisite personal interest that must exist at the commencement of the litigation (standing) which must continue throughout its existence (mootness)."* See <u>United States v. Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 397 (1980). Even if the Court determines that the primary injury has been resolved (i.e., that the Plaintiffs are no longer subject to the DoD mandate), the collateral consequences doctrine serves to prevent mootness when the violation in question may cause continuing harm and the Court is capable of preventing such harm. See <u>Sibron v. New York</u>, 392 U.S. 40, 52-59 (1968). This doctrine is not limited to criminal sentences, it frequently has been applied in the civil context. See <u>Daily v. Vought Aircraft Co.</u>, 141 F.3d 224, 227 (5th Cir. 1998) (citing WRIGHT ET AL, Sec 3533.3; MOORE ET AL, Sec 101.00[3], 101-190).

Amicus respectfully requests the Court to direct its attention to the Declaration of Rachel Saran, a paralegal for lead counsel in this action. See ECF 41-5 ("R.Saran Decl."). *"Plaintiff Major Carley Gross' religious accommodation denial remains on her online personnel records (Personal Records Display Applications, or "PRDA")."* (See R.Saran Decl. at ¶ 5a). Defendants filed the declaration of Staff Sergeant Ashley Chaponis. See ECF 45-5 ("Chaponis Decl."). However, the Chaponis Decl. fails to rebut the *specific* claim regarding the adverse file on Plaintiff Gross' personnel record. (See Chaponis Decl. at ¶ 6).

By way of another example, *"Plaintiff Major Ryan Madigan was placed on a No Points No Pay status for 5 months, which was then followed by a 6-month period in which he was only allowed to participate minimally."* (See R.Saran Decl. at ¶ 5c). Defendants' rebuttal states, *"He is **no longer** in a no pay, no points status."* (See Chaponis Decl. at ¶ 8). (Emphasis added). Therefore, the Defendants implied that Plaintiffs were correct.

By way of another example, *"Plaintiff Staff Sergeant Steven Brown decided not to reenlist at the expiration of term of service (ETS) in December 2022. He was given a GOMOR for refusing the vaccine after his medical exemption was denied. Despite being out of the Army, **this GOMOR remains permanently in his record and he has had to disclose this to several potential employers**."* (See R.Saran Decl. at ¶ 5d). (Emphasis added). Defendants concede that Plaintiff Brown was discharged by filing his discharge form. (See ECF 45-3). A GOMOR is a General Officer Memorandum Of Reprimand. According to the Army FAQs regarding what a GOMOR can be given for, it states as follows: *"A LOR or GOMOR can be given for **any serious conduct** that does not meet Army standards. Some examples include civilian criminal charges, inappropriate sexual relationships or conduct, SHARP or EO violations, toxic leadership environment, etc."* [2] (Emphasis added).

---

[2] https://home.army.mil/monterey/application/files/3015/9078/6719/GOMOR_and_Letters_of_Reprimand.pdf (last visited April 28, 2023).

AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se

SSG Brown received a GOMOR on his record, and any interim relief or events (e.g., the discharge form stating "HONORABLE") does not negate the effects of the ongoing harm specifically to him. This is just a small sample of the ongoing harm to the Plaintiffs and does not even include the examples cited from the 744 class member plaintiffs (See R.Saran Decl. at ¶¶ 6-14). There is one common theme attributable to these Plaintiffs: **they refused to accept the offer to take an <u>experimental</u> Covid-19 inoculation which has deleterious side effects, and they were punished for it**. (Emphasis added).

Defendants further contend that the case is moot by citing cases resulting from a "repealed statute," "ordinance" "executive order" or "challenged law." See MTD at pages 9 and 10 (citing cases). However, the DoD mandate **is a contract**.[3] (Emphasis added). It was enacted by Defendant Austin on August 24, 2021 for all service members. The DoD mandate clearly states that *"Mandatory vaccination against COVID-19 will only use COVID-19 vaccines that receive full licensure from the Food and Drug Administration (FDA), in accordance with FDA-approved labeling and guidance."* It further states, *"Service members **voluntarily** immunized with a COVID-19 vaccine under FDA Emergency Use Authorization…are considered fully vaccinated."* (Emphasis added). The key word is *"voluntarily."*

---

[3] https://thelawdictionary.org/mandate/ (last visited April 28, 2023).

AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se

## II. THE PLAINTIFFS HAVE STANDING

Plaintiffs are masters of the Complaint. See <u>Fair v. Kohler Die & Specialty Co.</u>, 228 U.S. 22, 23 (1913) (*"Of course the party bringing the suit is master to decide what law he will rely upon."*). See also <u>Wilson v. Birnberg</u>, 667 F.3d 591, 595 (5th Cir. 2012) (*"A court's analysis generally should focus exclusively on what appears in the complaint and its proper attachments."*).

This action is primarily brought pursuant to the APA. As such, *"APA cases are often resolved at summary judgment because whether an agency's decision is arbitrary and capricious is a legal question that the court can usually resolve on the agency record."* See <u>Amin v. Mayorkas</u>, 24 F.4th 383, 391 (5th Cir. 2022). Total failure by the agency to consider important evidence is a basis for setting aside agency action. See <u>Fritiofson v. Alexander</u>, 772 F.2d 1225, 1237 (5th Cir. 1985). So, the logical question becomes, what evidence was considered by the agency?

Under the "substantial evidence" review, Courts have leeway to consider whether the agency's factual and policy determinations were warranted in light of all the information before the agency at the time that the decision was made. See "DOJ Guidance to Federal Agencies on Compiling the Administrative Record" at page 6. [4] Amicus filed a brief in the District Court of South Carolina, where he

---

[4] https://www.spd.usace.army.mil/Portals/13/docs/regulatory/qmsref/eis/DOJ%20Guidance.pdf (last visited April 28, 2023).

Page 7 of 17

AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se

respectfully posed the following question to the Hon. Judge Richard Gergel, and respectfully shall do the same here: *"What was the product being distributed through interstate commerce and **available** to the Armed Forces at the time the DoD mandate **was made**?"* (Emphasis added). See Clements et. al. v. Austin, No. 2-22-cv-02069-RMG (Dist. S.C.).[5] ("Clements"). The Clements brief was accepted for filing and speaks for itself. As Amicus showed to the Court, the only products that were available at the time the DoD mandate was made (or anytime thereafter) were pursuant to an Emergency Use Authorization ("EUA"). As such, the DoD was prohibited from mandating them absent a Presidential waiver pursuant to 10 U.S.C. § 1107a, which Defendant Austin neither sought nor received.

Defendants make a big hullabaloo regarding Sec. 525 of the NDAA, claiming that once it was signed into law, Defendants no longer had standing. (See, in general, Defendants' MTD). Defendants are mistaken. Congress used the phrase *"shall rescind"* in Sec. 525. Defendant Austin then stated *"I hereby rescind that memorandum."* (See ECF 41-3). According to Upcounsel.com, "rescind" in law means *"to nullify, take back, or invalidate."* Rescinding a contract means ending it and returning ALL parties to the position they were in PRIOR to the contract's existence. There is nothing such as a partial rescission, a contract is either

---

[5] https://storage.courtlistener.com/recap/gov.uscourts.scd.272903/gov.uscourts.scd.272903.53.0.pdf (last visited April 28, 2023).

rescinded or not. (https://www.upcounsel.com/what-does-rescind-mean-in-law).

Defendants challenge the Plaintiffs' use of the word "rescind" as it applies to a contract, but that is what the DoD mandate was, **a contract**. (Emphasis added).

### III. THE PLAINTIFFS STATE PROPER CLAIMS FOR RELIEF

When reviewing a motion to dismiss, a district court *"must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint, and matters of which a court may take judicial notice."* See Polnac v. City of Sulpher Springs, 555 F.Supp. 3d 309, 322 (E.D. TX 2021) (Mazzant, A.) (quoting Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011).

The 5th Circuit construes facts in the light most favorable to the nonmoving party, as a motion to dismiss under 12(b)(6) ***"is viewed with disfavor and is rarely granted."*** See Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011). (Emphasis supplied).

Plaintiffs filed Exhibits attached to their FAC pursuant to the Federal Rules of Civil Procedure [F.R.Civ.P.]. (See ECF 41-1 through 41-17, respectively). F.R.Civ.P. 10(c) states that *"A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."* Exhibit 8 (ECF 41-8) is the package insert from the Food And Drug Administration ("FDA") from August of 2021. Defendant FDA knows (or should know) that the so-called "licensed"

AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se

version of the Pfizer-BioNTech EUA product, tradename COMIRNATY® had its marketing start date AND its marketing end date on August 23, 2021. In layman's terms, Defendant FDA **terminated** the marketing of the "approved" product while indicating in a press release that the Pfizer-BioNTech EUA product *"will now be marketed as Comirnaty."* [6] (Emphasis added). The FDA press release was a sham.

It is undisputed that Defendant DoD did NOT have any vials labeled "Comirnaty" at the time that the DoD mandate was made on August 24, 2021, the very next day *after* Defendant FDA issued its termination. This was well documented in the Northern District of Florida, where Amicus filed three separate Amicus briefs in support of the Plaintiffs' APA claims. See <u>Coker et. al., v. Austin et. al.</u>, No. 3:21-cv-01211-AW-HTC (N.D. Fla). ("<u>Coker</u>").[7] (See <u>Coker</u>, Dkt. entries 66-1, 84-1, and 99-1, respectively). The Court accepted the briefs for filing (albeit waiting until it ruled on the motion to dismiss). Amicus incorporates them by reference, and each brief speaks for itself. The <u>Coker</u> Court held oral arguments on the motion for preliminary injunction, and the relevant excerpts are as follows:

THE COURT: *"Let me ask this, is it – you have said in the papers that Comirnaty is available in the military. But do you mean Comirnaty, or do you mean a drug that's identical to Comirnaty?"*

---

[6] https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine (last visited April 28, 2023).

[7] https://www.courtlistener.com/docket/60630202/coker-v-austin/ (last visited April 28, 2023).

AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se

MR. CARMICHAEL: *"It's a hard question, right, because it is identical, right? So is it labeled "Comirnaty?" No. It is not labeled Comirnaty as far as I know."*

THE COURT: *"Is there anything in the world that's been produced that is labeled Comirnaty?"*

MR. CARMICHAEL: *"I don't know. I mean, I don't know if it is – I don't know if it is. I know it is approved. DOD told me they haven't seen one with the actual label."*

THE COURT: *"So if someone in the service said, I want to take – I will take it but it has to be the label --."*

MR. CARMICHAEL: *"It has to be the label?" Yeah; they would not get it."* [8]

With all due respect to Mr. Carmichael, who is ex-Navy and served in Afghanistan, defense counsel revealed the truth to the Hon. Judge Winsor by admitting there was NO "Comirnaty." Nevertheless, Defendants still misled the Coker Court with its "BLA-compliant" *ipse dixit*, which the Plaintiffs' SAC and the Amicus briefs thoroughly addressed later, and thoroughly debunked. Amicus respectfully disagrees with the dismissal of six of the seven causes of action in Coker, where the Court opined that *"the parties **agree** that the Pfizer vaccine received full FDA approval **and** that this approved product is marketed under the name Comirnaty."* (See Coker, ECF 126, ORDER at 3). (Emphasis supplied).

---

[8] See Coker transcript on motion hearing for preliminary injunction, ECF 45, pages 47-48. (Nov. 3, 2021).

With all due respect to Judge Winsor, the Court got it wrong. The Plaintiffs in Coker challenged BOTH the original version of COMIRNATY® (Purple Cap, which was never marketed or distributed through interstate commerce) **and** the so-called EUA-labeled "BLA-compliant" vials (a made-up term ***by defense counsel***), which the Court accepted as fact without an evidentiary hearing (Emphasis added).

In its MTD here, Defendants attempt to deceive the Court, and state as follows: *"But, again, leaving aside the fact that no COVID-19 vaccine is presently required, Plaintiffs admit in the next two paragraphs that the military had "FDA-licensed COMIRNATY® and FDA-licensed SPIKEVAX® with branded labels during the time when the COVID-19 requirement was in force. FAC ¶¶ 76-77."* (See MTD at 2). As Amicus will show, Defendants misconstrue, mischaracterize, misrepresent, and take out of context the content of the quoted paragraphs in the FAC. Paragraph 76 ***refers to what the Defendants said*** regarding when they made the claim of having any "FDA-licensed COMIRNATY®." (Emphasis added). Paragraph 77 ***only refers to when the Defendants stated*** they could "order" SPIKEVAX®, and when Defendants made the claim of allegedly having it in their possession. (Emphasis added).

Defendants are once again playing their usual sleight of hand, and the Court should not be persuaded. Plaintiffs make claims alleging the products were NOT "interchangeable." Plaintiffs factually allege that the Military Defendants did NOT

possess FDA-licensed products, and Plaintiffs factually allege that if Defendants claim such products exist (which Plaintiffs refute), they are misbranded/mislabeled and expired. (See e.g., FAC, ¶¶ 69, 70, 72, 74, 76-84, 188, 192, 193, respectively).

Defendants seek to dismiss pursuant to 12(b)(1) (i.e., lack of subject matter jurisdiction). If so, *"the plaintiff is left with safeguards similar to those retained when a 12(b)(6) motion to dismiss for failure to state a claim is raised,"* (which Defendants did). (See e.g., MTD at 34). See also Spector v. L Q Motor Inns, Inc., 517 F.2d 278, 281 (5th Cir. 1975).

Defendants also engage in a second go-around by complaining that Plaintiffs require "exhaustion" of their intra-military remedies. (See MTD at pg. 11 at n.2, and pgs. 21 and 22) (citing "exhaustion requirement" and cases). However, the Supreme Court has held that in suits brought under the APA, federal courts lack the power to exhaust their administrative remedies if no statute or agency rule requires such exhaustion. See Darby v. Cisneros, 509 U.S. 137, 146-47 (1993). See also Caldera v. Ins. Co. of PA, 716 F.3d 861, 867 n.11 (5th Cir. 2013).

Plaintiffs' FAC is clocked at 311 paragraphs and appears compliant with F.R.Civ.P. 8(a). Defendants question the FAC and wanted Plaintiffs to explain *"why their motion for preliminary injunction was not moot."* (See MTD at 7). However, F.R.Civ.P. 15(a)(1)(B) allows Plaintiffs to file the FAC, so that is what they chose to do, even if that was not the preferred choice of *Defendants*.

**AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se**

## IV.    DEFENDANTS' *IPSE DIXIT* CLAIMS FAIL ONCE AGAIN

Defendants are repetitiously asserting the same rehashed claims as they did before, which have already been discredited by the Plaintiffs, and by Amicus. (See Amicus Br., Dkt. 19, addressing the non-existent "BLA-compliant" lots; the non-availability of Spikevax; and the unavailability of "FDA-approved" Comirnaty).

Since more information has developed in the record, Amicus shall address each of these briefly in turn. Recognizing that Defendants had no licensed COMIRNATY®, Defendants began with "workaround #1." Under this DoD hocus-pocus theory, the DoD would regard EUA-labeled lots of Pfizer-BioNTech *"as if"* they were "BLA-compliant" COMIRNATY®. The lot numbers were as follows: FD7220, FE3592, FF2587, FF2588, FF2590, FF2593, FF8841, FH8027, and FH8028. These lot numbers are now listed either as *"not valid"* or as *"expired."* (See https://lotexpiry.cvdvaccine.com/).

Regarding the alleged "Comirnaty-labeled" lot numbers FW1330, FW1331 and FW1333 (See Rans. Decl., ECF 41-6 at pg. 5), the above site lists these as *"not valid."* Regarding the alleged "Spikevax-labeled" vials with lot number 052C22A, which is the only lot # claimed by DoD (See Rans. Decl. at pg. 6), this lot number says it is *"expired."* (See https://modernacovid19global.com/en-US/vial-lookup#). Interestingly, Moderna's site says, ***"this tool is not validated to authenticate or confirm legitimacy of vaccine."*** (Emphasis added).

## **SUMMARY AND CONCLUSION**

This case rests purely on an inventory question. Simply stated, the DoD MUST have actual FDA *licensed* products to support a "lawful order." It did not, either at the time the mandate was made or anytime thereafter. Common sense dictates that the mandate was unlawful. For Defendants to claim otherwise, despite ALL of the available evidence, is to engage in a blatant act of **willful blindness**. (Emphasis added). If Courts choose to bury all of these cases, then *justice is moot*.

Based on the foregoing, the Court may easily conclude that the DoD mandate and the FDA "interchangeability" determinations are both void *ab initio* and *ultra vires*. The 5th Circuit defines "void" as *"Null; ineffectual; nugatory; having no legal force or binding effect; unable, in law, to support the purpose for which it was intended."* "Ab initio" means: *"From the beginning, from the first act; from the inception."* See <u>Harris v. City of Houston</u>, 151 F.3d 186, 193 (5th Cir. 1998) (quoting BLACK'S LAW DICTIONARY 529 (6th ed. 1990 at 1573, 6)).

WHEREFORE, Amicus respectively requests that the Defendants' motion to dismiss should be DENIED.

Respectfully submitted on this day of: MAY 1, 2023

By: *[signature] Pritish Vora*

Pritish Vora, Amicus Curiae, Pro Se

## CERTIFICATE OF SERVICE

I, Pritish Vora, Amicus Curiae, hereby certify that I sent the Amicus Brief to the Clerk of the Court via FedEx on May 1st, 2023, and a copy of same was sent via U.S. first class mail, postage prepaid, to each of the respective parties below.

Respectfully submitted by:

*/s/ Pritish Vora*

Pritish Vora, Amicus Curiae, Pro Se
27758 Santa Marg. Pkwy #530
Mission Viejo, CA 92691
(949) 292-8359
pvora2112@gmail.com

Attorneys for the Plaintiffs:

Brandon Johnson, Esq.
DC Bar No. 491370
Defending The Republic
2911 Turtle Creek Blvd., Suite 300
Dallas, TX 75219
Tel: (214) 707-1775
bcj@defendingtherepublic.org

Dale Saran, Esq.
MA Bar #654781
19744 W 116th Terrace
Olathe, KS 66061
Tel: (480) 466-0369
dalesaran@gmail.com

Jerri Lynn Ward, Esq.
Texas Bar #20844200
Garlo Ward, P.C.
1017 Rose Circle
College Station, Texas 77840
Tel: (512) 302-1103 ext. 115
jward@garloward.com

AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se

Attorneys for the Defendants:

Jody D. Lowenstein
Zachary A. Avallone
Trial Attorneys
United States Dept. of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 598-9280
jody.d.lowenstein@usdoj.gov
zachary.a.avallone@usdoj.gov

AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se