# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **JOSHUA WILSON, et al,** ) | |
| ) | |
| **Plaintiffs** ) | |
| **v.** ) | |
| ) | **No. 4:22-cv-438 ALM** |
| **LLOYD AUSTIN, et al,** ) | |
| ) | |
| **Defendants** ) | |
| ) | |

### Declaration of Rachel Saran

I, Rachel Saran, declare under penalty of perjury and the laws of the State of California that the following is true and correct:

1. I am over the age of 18 years, have personal knowledge of the matters set forth in this Declaration, and if called upon to testify to them, I would and could do so competently.

2. I am a paralegal for the lead counsel in this action.

3. I am familiar with the status of the named plaintiffs and the other class members, including punitive plaintiffs who previously moved to be plaintiffs in this case, as part of my normal duties because these putative plaintiffs comprise the Members of the unincorporated association "Members of the Armed Forces for Liberty," (referred to as MAFL) also a plaintiff to this litigation.

4. I therefore keep in regular contact with the plaintiffs and receive documents related to their adverse counselings, notices of discharge, and any other status or significant changes to records for each of their respective military branches.

5. As a part of the unincorporated association "MAFL," we hold regular meetings with the group after which meeting minutes are distributed, I host two chat groups (one with 724 members of MAFL, the other with 285 members) for members of MAFL to ask questions and to provide updates on the case, and I send out a minimum of one email per month to keep the group updated.

6. Of the named plaintiffs:

a. Plaintiff Captain Carley Gross' religious accommodation denial remains in her online personnel records (Personal Records Display, or "PRDA") which is highly likely to halt her already delayed promotion to Major. She is, at minimum, six months behind her peers and has missed out on 8 months of temporary duty (TDY) opportunities. Her Individual Medical Report ("IMR") also shows an "admin refusal" for the Covid-19 vaccine, affecting her ability to deploy.

b. Plaintiff Staff Sergeant Steven Brown was put on terminal leave on June 30th, 2022, and discharged from the Army on November 4, 2022. Plaintiff Brown routinely requested temporary exemptions under AR 40-562 due to the unavailability of the FDA-approved vaccine in Italy. This occurred both prior to and after his GOMOR. At no time was the licensed product available: only vials clearly marked EUA (BNT162b2) was ever in the clinic. These requests to the Army were documented.

c. Plaintiff Col. Karyn Christen was given an ultimatum at 28 years, to retire or get vaccinated, rather than completing her contract and making it to 30 years in the Air Force. Plaintiff Christen had no intention of retiring, however given the ultimatum to retire or get vaccinated, she felt she was faced with no choice and retired involuntarily. She missed out on retirement pay, points, and the opportunity for wing command and Brigadier General, as the #1 Colonel on her evaluations. Her "retirement" was a career curtailment of by the choice to either be vaccinated, be discharged with nothing, or retire from the Air Force.

7. Of the 744 punitive plaintiffs, which is composed of active duty, reserves, and National Guardsmen: 426 are in the Air Force, 76 are in the Navy, 88 are Marines, 157 are in the Army, and 4 are members of the Space Force.

8. Of the 744 punitive plaintiffs, members of MAFL, at least 40 have "Covid-19 Refuser" in their Individual Medical Report (IMR). A servicemember's IMR indicates their readiness for deployment.

9. Of the 744 punitive plaintiffs, at least 20 have been denied promotion due to their vaccination status:

a. Since the filing of my last affidavit, Lt. Col. Tyler Walsh, USAF, had his two LORs removed from his record, however his Relieved of Command (for cause) adverse document remains in his file, which means he still has an open Unfavorable Information File (UIF) in his personnel record. Because of the UIF, Lt. Col. Walsh received a "Do Not Promote" recommendation at his latest promotion board for Colonel, despite attending USAF Weapons School then serving as an instructor there for 3 years, promoting a full year early to Lt. Col. and was the Commander of the largest Fighter Squadron in the Combat Air Forces.

10. Of the 744 punitive plaintiffs, at least 12 have some negative paperwork in the form of Page 13s, Article 92s, "acknowledgement memos" stating that the service member is unvaccinated, Letters of Reprimand, or other negative paperwork solely for their vaccination status:

a. Of the Army plaintiffs, at least four have GOMORs on their records and at least two have adverse action flags in their personnel records (IPPS).

   i. Plaintiff Lt. Col. Tomasz Zaremba is still being forced into retirement by the Army Reserve this summer because received a GOMOR for not being vaccinated. Last summer an Army Reserve Release from Active Duty (REFRAD) board selected him for separation because of his GOMOR. The Army has claimed the NDAA does not apply to Plaintiff Zaremba because he did not seek a religious or medical exemption. Due to the GOMOR and OERs (Officer Evaluation Report) in Plaintiff Zaremba's record, he had to "voluntarily" disenroll from Army War College because he could not complete the required travel to complete the coursework. With the GOMOR still in his records, he cannot seek re-entry to the War College post-NDAA or continue service in the Army Reserve.

b. Of the Navy plaintiffs, at least three have Page 13 memos in their records.

11. Of the 744 punitive plaintiffs, approximately 30 have received negative paperwork for refusing to test in the form of LORs, LoCs, and other negative counselings for refusing biweekly testing of the unvaccinated:

a. Major Melanie Roserie, USAF, has an LOR and LOA in her UIF (Unfavorable Information File) regarding refusing mandatory weekly testing for the unvaccinated. She is now looking to move into the Guard/Reserves due to the fact that her UIF will make it impossible to promote to O-5.

12. Of the 744 punitive plaintiffs, approximately seven have been discharged and/or separated since the start of litigation:

a. Captain Nicholas Morrison, USMC, was discharged in August 2022, with DD214 stating "Covid Vaccine Refusal Discharge."

b. 1Lt. Anthony Brooks, USMC, was discharged on August 10, 2022 with a JKMI (Misconduct) code in his record for refusing the Covid-19 vaccine. There has been no effort from the USMC to remedy this code.

13. Of the 138 punitive plaintiffs in the Reserves, 3 have been involuntarily moved to the IRR indefinitely.

14. During the summer of 2022, prior to each particular service injunction being granted in federal courts, dozens of members of Members of plaintiffs across various services, were given the following options, frequently on five day notice: (1) report to medical to receive the shot; or (2) refuse to report to medical and be discharged involuntarily, and therefore lose retirement benefits, for either violation of Art. 92 or being deemed non-deployable; or (3) sign a request for *voluntary* retirement (a "Retirement in Lieu of Discharge" or other equivalent paperwork). Many still had Religious Accommodation Requests pending and were told the requests would be denied even before they were given the official denial or even were availed of the appeals process.

15. As a result, approximately 20 plaintiffs applied to and were "voluntarily" retired from the military through the course of litigation, ending their careers much earlier than intended.

16. Additionally, I am aware of 3 unrepresented servicemembers (one in the US Space Force and two in the Air Force) who were involuntarily discharged solely for their refusal of the Covid-19 vaccine.

I declare under penalty of perjury, under the laws of the United States that the foregoing statements are true and correct to the best of my knowledge.

Executed this 12th day of May, 2023

Rachel Saran, Paralegal



**SECRETARY OF THE ARMY
WASHINGTON**

2 4 FEB 2023

MEMORANDUM FOR SEE DISTRIBUTION

SUBJECT:  Army Policy Implementing the Secretary of Defense Coronavirus Disease 2019 (COVID-19) Vaccination Mandate Rescission

1.  References. See enclosure 1.

2.  On 10 Jan 23, the Secretary of Defense rescinded the COVID-19 vaccination mandate across the Department of Defense (DoD).  Accordingly, I hereby rescind all Department of the Army policies specifically associated with the implementation of the COVID-19 vaccination mandate.  This includes rescinding references d, e, f, g, h, and i.

3.  No currently serving Soldier[1] shall be separated based solely on their refusal to receive the COVID-19 vaccine if they sought an exemption on religious, administrative, or medical grounds.  I want to reinforce that the Department of the Army will:

    a.  Cease any ongoing reviews of current Soldiers' religious, administrative, or medical exemption requests if those requests are solely for the COVID-19 vaccine. These specific pending requests are deemed resolved through the elimination of the COVID-19 vaccination mandate.

    b.  Update the records of Soldiers who requested an exemption for the COVID-19 vaccine to remove or correct any adverse actions associated with denials of such requests, as well as favorably remove any flags associated with those adverse actions.

    c.  No longer require the COVID-19 vaccine for accessions.  Those currently in, or seeking admission to pre-commissioning programs, are no longer required to receive the COVID-19 vaccine.

    d.  In addition to the elimination of travel restrictions directed in reference c, remove any remaining travel restrictions based solely on COVID-19 vaccination status. Other standing Department of the Army policies, procedures, and processes regarding immunization and travel remain in effect, including combatant command, country clearance, and theater entry specific requirements.

---

[1] For the purposes of this policy, the term Soldier refers to Soldiers currently serving in the Regular Army (RA), Army National Guard (ARNG) / Army National Guard of the United States (ARNGUS), and U.S. Army Reserve (USAR); cadets at the United States Military Academy (USMA); cadet candidates at the United States Military Academy Preparatory School (USAMPS); and cadets in the Senior Reserve Officers' Training Corps (SROTC).

SUBJECT:  Army Policy Implementing the Secretary of Defense Coronavirus Disease 2019 (COVID-19) Vaccination Mandate Rescission

4.  To prevent any inconsistent disciplinary action based on past actions during the pandemic, I continue to withhold the authority to impose any non-judicial and judicial actions based solely on a Soldier's refusal to receive the COVID-19 vaccine while the mandate was in effect.

5.  Furthermore, I am issuing the following guidance for updating the records and adjudicating pending exemption requests for Soldiers who sought an exemption.

   a.  Completed / Denied Exemption Requests.  Personnel records for Soldiers who sought, but were denied, an exemption on religious, administrative, or medical grounds to the COVID-19 vaccination requirement will be updated as follows:

      (1)  Pending Separations.  Effective immediately, Commanders will rescind all pending involuntary separation actions pursuant to reference d.  The Soldier's flag (Flag Code B) will be closed as *favorable*.

      (2)  Suspension of Favorable Actions (Flags).  Effective immediately, U.S. Army Human Resource Command (HRC), in coordination with the Deputy Chief of Staff G-1 (DCS G-1) will *favorably* close the flag for Soldiers who sought an exemption and are flagged (Flag Code A) for failure to comply with the lawful order to receive the COVID-19 vaccination.

      (3)  General Officer Memoranda of *Reprimand* (GOMOR).  Effective immediately, HRC, in coordination with DCS G-1, will remove GOMORs from a Soldier's Army Military Human Resource Record (AMHRR) if the GOMOR was issued for the failure to comply with the lawful order to receive the COVID-19 vaccine and the Soldier previously sought an exemption.

         (a)  Filing authorities will immediately withdraw and destroy locally filed GOMORs issued for the failure to comply with the lawful order to receive the COVID-19 vaccine for Soldiers who previously sought an exemption.

         (b)  GOMORs that have been issued for the failure to comply with the lawful order to receive the COVID-19 vaccine where the Soldier previously sought an exemption, but are not yet filed, will be rescinded.

      (4)  Bars to Continued Service.  Effective immediately, HRC, in coordination with DCS G-1, will remove all bars to continued service if the bar was based on the Soldier's failure to comply with the lawful order to receive the COVID-19 vaccination and the Soldier previously sought an exemption.

      (5)  Evaluation Reports.  Within 30 days of the publication of this policy, HRC, in coordination with DCS G-1, will contact the Soldier and their rating chain if a negative

SUBJECT:  Army Policy Implementing the Secretary of Defense Coronavirus Disease 2019 (COVID-19) Vaccination Mandate Rescission

evaluation report was based on the Soldier's failure to comply with the lawful order to receive the COVID-19 vaccine and the Soldier previously sought an exemption.

    (a)   Soldiers, working with their rating chain, will determine if the evaluation should be maintained, modified, or removed from Soldier's AMHRR to achieve the most advantageous outcome for the Soldier.

    (b)   For evaluations that are pending but not yet filed, rating officials will remove annotations documenting vaccine refusal that were included in the evaluation pursuant to reference d.

    (6)   Adverse Actions Referencing Additional Misconduct.  As stated above, HRC, in coordination with DCS G-1, will update personnel records to remove all adverse actions for Soldiers who sought, but were denied, an exemption on religious, administrative, or medical grounds to the COVID-19 vaccination requirement.  If the adverse action was taken due to other instances of misconduct, Commanders may initiate adverse actions based on the other misconduct not associated with the failure to comply with the lawful order to receive the COVID-19 vaccine.

    (7)   Reporting.  Within 45 days of the publication of this policy, HRC will report the actions taken to update Soldiers' personnel records.  The General Court Martial Convening Authority (GCMCA) or equivalent authority will validate the report within 15 days of receipt from HRC.  Soldiers who were inadvertently excluded in the report will notify their GCMCA.

    b.  Pending Exemption Requests.  Rescission of the DoD COVID-19 vaccination mandate eliminates the need for the Army to adjudicate pending exemption requests based on religious, administrative, or medical grounds.

    (1)   Notification.  Within 30 days of the publication of this policy, the Office of the Surgeon General (OTSG), in coordination with the Assistant Secretary of the Army (Manpower and Reserve Affairs) (ASA(M&RA)), will notify Soldiers who sought an exemption (or appealed a denied exemption) solely for the COVID-19 vaccination mandate that no further action be taken.  The Soldier will be notified through the GCMCA or equivalent authority that submitted the request. Commanders will notify each Soldier in writing within seven days of receipt of notification.

    (2)   Multiple Vaccine Exemption Requests.  Within 30 days of the effective date of this policy, Soldiers who sought exemption to other mandatory vaccines along with their request for exemption from the COVID-19 vaccine must resubmit their request if they continue to seek an exemption from the other vaccines.

    (a)   Soldiers who submitted multiple vaccine exemption requests did not consistently provide information related to non-COVID vaccine requests. To ensure fair

3

SUBJECT:  Army Policy Implementing the Secretary of Defense Coronavirus Disease 2019 (COVID-19) Vaccination Mandate Rescission

and expeditious processing of these requests, request for exemption should be specific to the vaccine and must address how receipt of each vaccine substantially burdens the Soldier's exercise of religion.

   (b)   To expedite the process, Soldiers are not required to receive additional counseling or training/education by a Chaplain or Medical Provider if the request is re-submitted within 30 days of notification. The new request must otherwise comply with the existing processes contained in Army Regulation (AR) 600-20, *Army Command Policy*, Appendix P-2.

   (c)   Commanders will ensure resubmissions are processed within 30 days. Commanders have the authority to determine if a new command recommendation is warranted based on the information in the request.

   (3)  Reporting.  On a monthly basis, GCMCAs or equivalent authorities will report the number of Soldiers notified and the projected number of resubmissions.  OTSG will validate and report the number of exemption requests and appeals adjudicated to include the number of approvals and denials in each category.

6.  Former Soldiers may petition the Army Discharge Review Board and the Army Board for Correction of Military Records to request corrections to their personnel records, including records regarding the characterization of their discharge.

7.  Additional Army policy and guidance to effect this rescission and implement DoD policy will be issued by the Assistant Secretary of the Army (Manpower and Reserve Affairs) as necessary and appropriate.

8.   I am proud of the efforts the Department of the Army has taken to respond to the COVID-19 pandemic. We will continue to promote and encourage COVID-19 vaccination for all personnel to ensure readiness, facilitate mission accomplishment, and protect our force.

Christine E. Wormuth

Encls

DISTRIBUTION:
Principal Officials of Headquarters, Department of the Army
Commander
    U.S. Army Forces Command
    U.S. Army Training and Doctrine Command
(CONT)

4

SUBJECT:  Army Policy Implementing the Secretary of Defense Coronavirus Disease 2019 (COVID-19) Vaccination Mandate Rescission

DISTRIBUTION: (CONT)
    U.S. Army Materiel Command
    U.S. Army Futures Command
    U.S. Army Pacific
    U.S. Army Europe and Africa
    U.S. Army Central
    U.S. Army North
    U.S. Army South
    U.S. Army Special Operations Command
    Military Surface Deployment and Distribution Command
    U.S. Army Space and Missile Defense Command/Army Strategic Command
    U.S. Army Cyber Command
    U.S. Army Medical Command
    U.S. Army Intelligence and Security Command
    U.S. Army Corps of Engineers
    U.S. Army Military District of Washington
    U.S. Army Test and Evaluation Command
    U.S. Army Human Resources Command
Superintendent, U.S. Military Academy
Commandant, U.S. Army War College
Director, U.S. Army Civilian Human Resources Agency
Executive Director, Military Postal Service Agency
Superintendent, Arlington National Cemetery
Director, U.S. Army Acquisition Support Center

CF:
Principal Cyber Advisor
Director of Business Transformation
Commander, Eighth Army

# REFERENCES

a.  Section 525 of the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023.

b.  Secretary of Defense memorandum (Rescission of August 24, 2021, and November 30, 2021, Coronavirus Disease 2019 Vaccination Requirements for Members of the Armed Forces), 10 January 2023.

c.  Consolidated Department of Defense Coronavirus Disease 2019 Force Health Protection Guidance, Revision 4, 30 January 2023.

d.  Army Directive 2022-02 (Personnel Actions for Active-Duty Soldiers Who Refuse the COVID-19 Vaccination Order and Accession Requirements for Unvaccinated Individuals), 31 January 2022.

e.  Secretary of the Army Memorandum (Flagging and Bars to Continued Service of Soldiers Who Refuse the COVID-19 Vaccination Order), 16 November 2021.

f.  Secretary of the Army Memorandum (Unvaccinated Cadets at the United States Military Academy and United States Army Senior Reserve Officers' Training Corps), 14 December 2021.

g.  Secretary of the Army Memorandum (Delegation of Authority for Consolidated Department of Defense Coronavirus Disease 2019 Force Health Protection Guidance), 25 May 2022.

h.  Under Secretary of the Army Memorandum (Updated Guidance on Official Travel), 17 October 2022.

i.  All Army Activities (ALARACT) Message 009/2022 (Execution Guidance for Accessions and Active-Duty Soldiers Who Refuse the COVID-19 Vaccination Order), 2 February 2022.

j.  Army Regulation 600-8-2 (Suspension of Favorable Personnel Actions (FLAG)).

k.  Army Regulation 600-20 (Army Command Policy).

l.  Army Regulation 600-37 (Unfavorable Information).

m. Army Regulation 601-280 (Army Retention Program).

n.  Army Regulation 623-3 (Evaluation Reporting System).

Enclosure 1

## Declaration of Col Karyn Christen, USAF, Retired

I, Karyn Christen, declare under penalty of perjury that the following is true and correct, and if called upon to testify to them, I would and could do so competently.

1.  I was promoted to Colonel in August of 2018 and had served for 28 years at the time of my retirement in August of 2022. Prior to the COVID-19 shot mandate, I was on track for Wing Commander.  To achieve this in Air Force Reserve Command, and Tenth Air Force more specifically, one needs to be a rated officer (I am a pilot) who has built a resume containing certain achievements.  I had achieved the rank of Colonel, graduated squadron command and operations group command, completed the requisite professional military education, and had been hired as the Director of the Commander's Action Group (CAG) at Tenth Air Force in order to add a tour at an above wing-level staff job to my resume. In addition, the major general for whom I worked as the CAG Director was also the hiring official for wing commander positions in Tenth Air Force.   I was directing his Commander's Action Group.  Someone competing for wing command also needs to be "stratified," which means that on my officer performance reports I needed to rank highly in comparison to my peers.  While not the only recent stratifications in my military record, to be brief I will include the ones I received in the last three years of service: #1/24 Tenth Air Force Operations Group Commanders, #1/13 Operations Group Commanders, #1/9 Tenth Air Force Staff Colonels.  Finally, performance reports contain "push statements" which are, in essence, recommendations from my supervisor or "rater" for my next job.  All four of my performance reports prior to my retirement (the last four years of my service) contain a push statement saying, "Ready for wing command."  My last performance report, with "#1/9 Tenth Air Force Staff Colonels" and the job push "Ready for wing command," was signed by my rater at the time of my retirement, the major general in charge of Tenth Air Force.

2.  I arrived for my new staff assignment at Tenth Air Force two weeks prior to the rollout of the Department of Defense COVID-19 shot mandate.  In response to the mandate, I submitted a request for religious accommodation in accordance with United States laws as well as Air Force and Department of Defense Instructions also referred to as "regulations."  My request for accommodation was denied, so I submitted an appeal

which was also denied.  Accompanying the notification that my religious accommodation appeal had been denied was another written order from my commander, the major general in charge of Tenth Air Force, to get "vaccinated" (see attachment.)  Following the order was a Memorandum For Record where I had to acknowledge in writing my receipt of the order and then annotate which of three options I was being offered: 1) get the shot; 2) apply for retirement, if eligible; or, 3) refuse the shot and face "administrative proceedings as a result of non-compliance" under the UCMJ.  Unable to violate my conscience due to my sincerely held religious beliefs as well as my belief that the shot mandate was legally questionable, I opted for retirement since I was eligible.

3.    If "choosing" retirement over violating my conscience or being administratively separated/court-martialed is considered "voluntary" then I would like to know what "ultimatum" and "coercion" look like.  If my intent was to retire, I could have retired when I reached 20 years of Active Duty service in August of 2018.  If my intent was to retire, I could have retired as a Colonel when I reached 3-years time-in-grade and 23 years of Active Duty service in August of 2021.  If my intent was to retire, then why did I apply for a staff job at Tenth Air Force (a career move for wing command), move my family half-way across the country and sign a 3-year contract (Active-Guard Reserve Title 10 Active Duty order) that had to be curtailed by 2 years for my retirement to be approved 1 year into the contract?  If my intent was to retire, then why was I performing at a level to be stratified #1 amongst all the Colonels on the staff in my last year prior to being forced to retire?

Executed this May 11, 2023.

Karyn L. Christen, Colonel (Retired), USAF



**DEPARTMENT OF THE AIR FORCE**
**AIR FORCE RESERVE COMMAND**

Date: _1 Apr 22_

MEMORANDUM FOR  COLONEL KARYN L. CHRISTEN

FROM: 10 AF/CC

SUBJECT: Order to Receive Mandatory COVID-19 Vaccine after Denial of Religious Accommodation
Request

References: (a) Secretary of Defense, *Mandatory Coronavirus Disease 2019 Vaccination of Department*
*of Defense Service Members* (24 August 2021)
(b) Secretary of the Air Force, Mandatory Coronavirus Disease 2019 Vaccination of
Department of the Air Force Military Members (3 September 2021)
(c) AFI 48-1 I0_IP, immunizations and Chemoprophylaxis for the Prevention of Infectious
Diseases (16 February 2018)
(d) Assistant Secretary of Defense, Mandatory Vaccination of Service Members using Pjizer-
BioNTech COVID-19 and Comirnaty COVID-19 Vaccines (14 September 2021)

1.  On 24 August 21, the Secretary of Defense issued a mandate for all members of the Armed Forces
under DoD authority on active duty or in the Ready Reserve, including the National Guard, to receive the
COVID-19 vaccine (Reference (a)). Subsequently, on 3 September 21, the Department of the Air Force
issued additional guidance requiring that unless exempted, all active duty Airmen and Guardians must be
fully vaccinated no later than 2 November 21, and all **Guard and Reserve members must be fully
vaccinated no later than 2 December 21**. Your submitted religious accommodation request to AFRC
was denied on 8 November 21. You submitted an appeal on 24 November 21. As a result of your denied
religious accommodation request appeal from HQ USAF/SG on 18 March 2022, you have 5 days from
the date of this letter to initiate compliance with the above mandate.

2.  Mandatory vaccinations include COVID-19 vaccines that receive full licensure from the Food and
Drug Administration (FDA). On 23 August 2021, the FDA approved the biologics license application for
the Comirnaty vaccine, made by Pfizer-BioNTech. Previously, on 11 December 2020, the FDA issued an
Emergency Use Authorization (EUA) for the Pfizer-BioNTech COVID-19 vaccine, which has the same
formulation as the Comirnaty vaccine. Per reference (d) and consistent with FDA guidance, these two
vaccines are "interchangeable" when prepared according to their respective instructions for the purpose of
vaccinating service members. Additionally, on 31 January 2022, the FDA approved the biologics license
application for the Spikevax vaccine, made by Moderna, as a two-dose series for prevention of COVID-
19 in persons aged 18 years or older. Previously, on 18 December 2020, the FDA issued an EUA for the
Moderna COVID-19 vaccine, which has the same formulation as the Spikevax vaccine. Per reference (d)
and consistent with FDA guidance, these two vaccines are "interchangeable" and DoD health care
providers should "use doses distributed under the EUA to administer the vaccination series as if the doses
were the licensed vaccine" for the purpose of vaccinating Service members. All other vaccines authorized
by the FDA under EUA will remain voluntary until they receive full FDA approval. Service members are
considered fully vaccinated two weeks after completing the second dose of a two-dose vaccine or two
weeks after receiving a single dose of a one-dose vaccine. Those with previous COVID-19 infection or

positive serology ARE NOT considered fully vaccinated and are not exempt.

3.  As of 30 March 2022, the 10 AF did not have record of your COVID-19 vaccination. As a result, and in accordance with the above paragraphs, I am ordering you to receive an initial dose of a COVID-19 vaccine with full licensure approval from the FDA as described above AND provide proof by 5 April 2022 (5 days from receipt of this memo). Additionally, you are ordered to receive the second dose of the same vaccine AND provide proof by 2 May 2022.

a.  If you previously received the completed vaccination series, but your military medical records do not reflect it, you similarly are required to provide proof of vaccination by the first due date listed above.

4.  Failure to comply with this lawful order may result in administrative and/or punitive action for Failing to Obey an Order under Article 92, Uniform Code of Military Justice.

*for*

BRYAN P. RADLIFF
Major General, USAF
Commander

1st Ind, COLONEL KARYN L. CHRISTEN

MEMORANDUM FOR  10AF/CC

1. I acknowledge receipt of this order on ___1 Apr 22___ (DATE). As a result of my denied religious accommodation request appeal, I elect the following (initial next to statement):

_____I will comply with this order and obtain the required COVID-19 Vaccination. I understand the dates for starting and completing the COVID-19 vaccination process. I also understand I must provide proof by the dates listed in the order.

__KLC__ I am eligible for retirement and will submit my request or I have an approved retirement request with the following date:_____.

_____I refuse to obtain the required COVID-19 vaccination and understand there will be follow-on administrative proceedings as a result of non-compliance.

2. I understand a request for an extension to this order must be writing, prior to the due dates, and can only be approved by the Commander.

KARYN L. CHRISTEN, Colonel, USAF
CAG Director

2d Ind to 10 AF/CC, 1 Apr 22 (DATE), Order to Receive Mandatory COVID-19 Vaccine after Denial of Religious Accommodation Request

10AF/CC

MEMORANDUM FOR RECORD

On 11 Apr 22 (DATE), member:

    a. _____ provided proof of receiving an initial dose of a Pfizer or Moderna COVID-vaccination series;

    b. _____ provided proof of receiving of a Johnson & Johnson COVID-19 vaccination and has thereby fully complied with my order - no additional action is required of the member;

    c. _X_ submitted a valid retirement request;

    d. _____ provided proof of an approved military medical exemption;

    e. _____ did not provide sufficient documentation by the required deadline and thus failed to comply with the order and Paragraph 2 applies. Member failed to comply with my issued lawful order and is in violation of Article 92, UCMJ; or

    f. _____ refused to be vaccinated.

BRYAN P. RADLIFF
Major General, USAF
Commander