**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| JOSHUA A. WILSON, *et al.,*<br><br>    Plaintiffs,<br><br>v.<br><br>LLOYD J. AUSTIN III, *et al.*,<br><br>    Defendants. | Case No. 4:22-cv-00438-ALM |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

ARGUMENT ...............................................................................................................................1

    I.      Plaintiffs' Claims Are Moot................................................................................1

    II.     Congress Did Not Require the Military to Restore Those Who Refused a Lawful Order to the *Status Quo Ante*................................................................4

    III.    Plaintiffs' Claims are Not Justiciable..................................................................5

    IV.    Plaintiffs Lack Standing to Assert Their EUA-based Claims..............................7

    V.     Plaintiffs Lack Standing to Challenge FDA's Actions. .......................................9

    VI.    Plaintiffs' Remaining Claims Are Meritless.....................................................10

CONCLUSION............................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Abraugh v. Altimus*,
  26 F.4th 298 (5th Cir. 2022) ..................................................................................................8

*Already, LLC v. Nike, Inc.*,
  568 U.S. 85 (2013) ..................................................................................................................9

*Andrews v. United States*,
  550 F. App'x 886 (Fed. Cir. 2014) ........................................................................................4

*Austin v. U.S. Navy SEALs 1–26*,
  142 S. Ct. 1301 (2022) ...........................................................................................................5

*Baldwin Metals Co. v. Donovan*,
  642 F.2d 768 (5th Cir. 1981) .................................................................................................6

*Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*,
  217 F.3d 393 (5th Cir. 2000) .................................................................................................4

*Cell Sci. Sys. Corp. v. La. Health Serv.*,
  804 F. App'x 260 (5th Cir. 2020) .........................................................................................8

*Children's Health Def. v. U.S. FDA*,
  No. 21-6203, 2022 WL 2704554 (6th Cir. July 12, 2022) ..............................................10

*Church v. Biden*,
  573 F. Supp. 3d 118 (D.D.C. 2021) .....................................................................................9

*Col. Fin. Mgmt. Off. v. Austin*,
  8:22-cv-1275, 2023 WL 2764767 (M.D. Fla. Apr. 3, 2023) ........................................ 3, 4

*Crawford v. Tex. Army Nat'l Guard*,
  794 F.2d 1034 (5th Cir. 1986) ...............................................................................................8

*LaRouche v. Fowler*,
  152 F.3d 974 (D.C. Cir. 1998) ..............................................................................................3

*Menchaca v. Chrysler Credit Corp.*,
  613 F.2d 507 (5th Cir. 1980) .................................................................................................8

*Mindes v. Seaman*,
  453 F.2d 197 (5th Cir. 1971) ............................................................................................ 6, 9

*Navy SEAL 1 v. Biden*,
　574 F. Supp. 3d 1124 (M.D. Fla. 2021) ................................................................................... 10

*Orloff v. Willoughby*,
　345 U.S. 83 (1953) ..................................................................................................................... 5

*Pharmachemie B.V. v. Barr Lab'ys, Inc.*,
　276 F.3d 627 (D.C. Cir. 2002) ............................................................................................... 3, 4

*Rhodes v. United States*,
　574 F.2d 1179 (5th Cir. 1978) ................................................................................................... 6

*Rivers v. Roadway Exp., Inc.*,
　511 U.S. 298 (1994) ................................................................................................................... 5

*Roberts v. Roth*,
　594 F. Supp. 3d 29 (2022) ......................................................................................................... 9

*Sims v. Nacogdoches Cnty.*,
　No. 9:21-cv-251, 2022 WL 3207460 (E.D. Tex. July 18, 2022) ...................................... 6, 7, 10

*TransUnion LLC v. Ramirez*,
　141 S. Ct. 2190 (2021) ............................................................................................................... 7

*Von Hoffburg v. Alexander*,
　615 F.2d 633 (5th Cir. 1980) ................................................................................................. 6, 9

## STATUTES

1 U.S.C. § 109 ................................................................................................................................. 5

NDAA, Pub. L. No. 117-263 § 525, 136 Stat. 2395 (2023) ...................................................... 2, 4

## OTHER AUTHORITIES

2 Sutherland Statutes and Statutory Const. § 41:3 (West 8th ed. 2022) ....................................... 5

Deputy SecDef Memo ............................................................................................................ 2, 3

## INTRODUCTION

Plaintiffs' opposition confirms that Defendants' motion to dismiss should be granted. There is no longer any actual or *de facto* COVID-19 vaccination requirement in the military. *See generally* Pls.' Resp. to Defs.' Mot. to Dismiss, ECF No. 49 ("Opp."). COVID-19 vaccination is not required to deploy, no assignment requires COVID-19 vaccination, and Plaintiffs have not identified a single post-rescission instance where the military has taken COVID-19 vaccination status into consideration. These are jurisdictional facts that render Plaintiffs' requests for injunctive and declaratory relief moot.

There remains no dispute that all Plaintiffs—including Plaintiff Brown before his discharge—had the opportunity to receive a licensed COVID-19 vaccine. DoD had "FDA-licensed COMIRNATY®" and FDA-licensed SPIKEVAX® with branded labels during the time when the COVID-19 vaccination requirement was in force. FAC ¶¶ 76–77. Defendants offered Comirnaty to Plaintiffs and members of the unincorporated association. Mot. to Dismiss FAC, at 4, ECF No. 45 ("Mot."). So no Plaintiff can plausibly allege that they lacked access to BLA-approved COVID-19 vaccines or that their claimed injury would be redressed by access to a BLA-approved vaccine when the military's requirement was in force. Plaintiffs were also under no obligation to receive the COVID-19 vaccine from a military health provider, and at all times were free to receive a BLA-approved (or FDA EUA or WHO-approved) COVID-19 vaccine from a private health care provider.

Plaintiffs also fail to show that Congress intended the word "rescind" to provide the types of relief Plaintiffs seek in this case. For these reasons and those set forth in Defendants' motion, the Court should dismiss the complaint in its entirety.

## ARGUMENT

**I.    Plaintiffs' Claims Are Moot.**

Plaintiffs argue the "central question" in this case is whether "the DoD—through its officials —*now* possess the authority to declare unlicensed biologic products *licensed* and thereby *force* members

1

of the all-volunteer military to take them?" Opp. at 1. That "central question" is plainly moot because Plaintiffs are not currently required to receive a COVID-19 vaccine.

Defendants demonstrated that there is no longer a COVID-19 vaccination requirement—*de jure* or *de facto*. Congress directed the Secretary of Defense to rescind the COVID-19 requirement. NDAA, § 525. The requirement was rescinded on January 10, 2023. ECF No. 34-1. The Deputy Secretary of Defense explained that "all DoD Component policies, directives and guidance implementing those [COVID-19] vaccination mandates [were] no longer in effect as of January 10, 2023." Deputy SECDEF Memo. Other than complying with entry requirements into a foreign country, "commanders will not require a Service member or group of Service members to be vaccinated against COVID-19, nor consider a Service member's COVID-19 immunization status in making deployment assignment and other operational decisions." *Id.* Defendants also demonstrated that each Military Department rescinded the policies associated with COVID-19 vaccination requirements. Mot. at 6–7.

In response, Plaintiffs first argue that the Secretary of Defense's memo "directs commands to consider vaccination status." Opp. at 4. Plaintiffs misread the memo. That portion refers to *other immunizations* (which is why the term is plural) when it states "[o]ther standing Departmental policies, procedures, and processes regarding immunizations remain in effect" which include "the ability of commanders to consider as appropriate, the individual immunization status of personnel in making deployment, assignment, and other operational decisions, including when vaccination is required for travel to, or entry into, a foreign nation." ECF No. 34-1. Even if there was some ambiguity over that language, the Deputy SECDEF memo clarifies that "commanders will not require a Service member" to be vaccinated against COVID-19 nor may commanders consider COVID-19 vaccination status when making deployment, assignment, or other operational decisions. Deputy SECDEF Memo.

Plaintiffs next point to a pre-NDAA statement by the Secretary of the Navy that retaining

2

sailors unvaccinated against COVID-19 would "create almost two classes of citizens in our services . . . [t]hose that can't deploy and those that can deploy." Opp. at 5. But that quotation is from a news article dated December 7, 2022, weeks before the NDAA passed. Moreover, current policy unambiguously states that commanders *cannot* consider COVID-19 vaccination status when making deployment, assignment, or other operational decisions. Deputy SECDEF Memo.

In short, Plaintiffs' entire "*de facto* mandate" argument boils down to an erroneous interpretation of the Secretary of Defense's rescission memo, and a pre-NDAA and pre-rescission statement from the Secretary of the Navy that does not refer to current policy. Because mootness is jurisdictional, once Defendants demonstrated that a claim is moot, *Plaintiffs* bear the burden of proving—with evidence—that the Court retains jurisdiction. They have failed to do so.

Plaintiffs argue incorrectly that two exceptions to mootness apply in this case. Opp. at 7–8. The voluntary cessation exception to mootness does not apply here because "[t]he rescission is 'unambiguous,' results from Congress's constitutional authority and not from an attempt by the Secretary of Defense to 'manipulate jurisdiction,' has resulted in consistent application, and has rendered superfluous the plaintiffs' request for" injunctive and declaratory relief. *Col. Fin. Mgmt. Off. v. Austin*, 8:22-cv-1275, 2023 WL 2764767, at *2 (M.D. Fla. Apr. 3, 2023) ("Col. FMO"). "Unlike a typical instance of voluntary cessation, the Secretary of Defense's rescission of the COVID-19 vaccination mandate results not from the Secretary's unilateral decision but from a higher authority, Congress, which enjoys the constitutional power under Article I, Section 8, '[t]o make Rules for the Government and Regulation of the land and naval Forces.'" *Id.*

The capable of repetition yet evading review exception also does not apply. The relevant inquiry under the evading-review prong is "whether 'the challenged activity is by its very nature short in duration, so that it could not, or probably would not, be able to be adjudicated while fully live.'" *Pharmachemie B.V. v. Barr Lab'ys, Inc.*, 276 F.3d 627, 633 (D.C. Cir. 2002) (quoting *LaRouche v. Fowler*,

3

152 F.3d 974, 978 (D.C. Cir. 1998)); s*ee also, e.g.*, *Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 399 (5th Cir. 2000) (considering whether the challenged action was "inherently capable of evading review" (emphasis added)). But a military vaccination requirement is not "by its very nature short in duration." *Pharmachemie*, 276 F.3d at 633. Military vaccination requirements have been in place for decades, and if the military were to subject plaintiffs to a new COVID-19 vaccination requirement—a wholly speculative possibility—there would be no likely impediment to challenging that requirement before its cessation or expiration.

"Because in this action Congress has unambiguously renounced the mandate and has directed by statute a rescission of the mandate, recurrence of the military's challenged conduct seems, absent any compelling evidence to the contrary, remote and implausible." *Col. FMO*, 2023 WL 2764767, at *2. Defendants, for their part, have made clear that they have no intention to reimplement the kind of broad, force-wide COVID-19 vaccination requirement challenged in this case. No commander is authorized to implement even a narrower COVID-19 vaccination requirement without clearance.

## II. Congress Did Not Require the Military to Restore Those Who Refused a Lawful Order to the *Status Quo Ante*.

Plaintiffs ignore significant evidence that Congress did not intend to retroactively unwind all prior actions taken by the military related to COVID-19 vaccination requriement, including the text of the NDAA and legislative history. Plaintiffs argue that the word "rescind" must be retroactive because the relationship between Service members and Defendants is contractual. Opp. at 8–10. That is wrong. *See Andrews v. United States*, 550 F. App'x 886, 888 (Fed. Cir. 2014) ("[C]ommon-law rules governing private contracts have no place in the area of military pay [because a] soldier's entitlement to pay is dependent upon statutory right."). But even in contract law, this term has different meanings, and the retroactive contract remedy called "rescission" does not apply here because Plaintiffs are not seeking reimbursement to cover costs for partial performance. Mot. at 13–14.

Plaintiffs also argue that NDAA § 525 should be presumed retroactive because it is "remedial."

4

Opp. at 10 (citing 2 Sutherland Statutes and Statutory Const. § 41:3 (West 8th ed. 2022)). Section 525 is not remedial—it directs DoD to rescind a policy. And Plaintiffs misstate the law. *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 313 (1994); *see id.* at 310 ("Our decisions simply do not support the proposition that we have espoused a 'presumption' in favor of retroactive application of restorative statutes.").[1]

### III.   Plaintiffs' Claims are Not Justiciable.

Even if this case is not dismissed as moot, Defendants have moved to dismiss Plaintiffs' claims on several other grounds. *See* Mot. at 17–28. Plaintiffs offer little (if any) response to these separate grounds for dismissal, and therefore have failed to provide a persuasive reason why this case should not be dismissed in its entirety.

*The injunctive relief requested in the Complaint is not justiciable.* Plaintiffs' amended complaint seeks retrospective injunctive relief that restores them "to the pre-[m]andate *status quo ante*" and "return[s] them to the position in which they would have been absent" the mandate. *See* FAC, Relief Requested ¶ 6. As Defendants explained, *see* Mot. at 17–21, insofar as the complaint requests an injunction ordering, *inter alia*, promotions, reinstatement, backpay, and specific duty assignments or training, *see* FAC ¶ 178, such claims for relief are not justiciable. But rather than defend their claim for injunctive relief, Plaintiffs concede that "[t]his Court cannot order backpay, or require reinstatement or promotion," *see* Opp. at 13, and provide no argument that the Court has the power to order specific duty assignments or training, *see Orloff v. Willoughby*, 345 U.S. 83, 93 (1953); *Austin v. U.S. Navy SEALs 1–26*, 142 S. Ct. 1301 (2022) (mem.). In light of this concession, it is unclear whether Plaintiffs seek *any* injunctive relief at this point. But in any event, they have explicitly abandoned their request for an injunction ordering promotions, reinstatement, backpay, or specific duty assignments or training.

*Plaintiffs failed to exhaust their claims.* Assuming this case is not resolved on mootness grounds,

---

[1] Defendants cited to 1 U.S.C. § 109 to show there is a baseline presumption against retroactive application. Counsel's citation to this statute does not create a "credible threat of criminal prosecution or punishment." *See* Opp. at 10–11.

5

Defendants have moved to dismiss Plaintiffs' claims for failure to exhaust all available administrative remedies, as required under Fifth Circuit precedent. *See* Mot. at 21–22 (citing *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971), and its progeny). In response, Plaintiffs do not dispute that they are required but have failed to exhaust their claims for *injunctive* relief before bringing them to federal court, thus waiving any opposition to dismissal of these claims on exhaustion grounds. *See Sims v. Nacogdoches Cnty.*, No. 9:21-cv-251, 2022 WL 3207460, at *3 (E.D. Tex. July 18, 2022) ("A party's failure to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of those issues[.]").

Plaintiffs assert, however, that their claims for *declaratory* relief are not subject to an exhaustion requirement. But declaratory relief is just a *remedy* for a claim; it does not excuse exhausting *the claim* administratively before seeking judicial relief. Indeed, not only has the Fifth Circuit drawn no distinction between injunctive and declaratory relief in applying the military-exhaustion requirement, *see, e.g.*, *Von Hoffburg v. Alexander*, 615 F.2d 633, 634 (5th Cir. 1980) (affirming dismissal of "claims for declaratory and injunctive relief because those claims should be reviewed, in the first instance, by the military's own internal administrative system"), it has held that declaratory relief is not available when a plaintiff has not exhausted adequate administrative remedies, *Baldwin Metals Co. v. Donovan*, 642 F.2d 768, 775 n.17 (5th Cir. 1981); *accord Rhodes v. United States*, 574 F.2d 1179, 1181 (5th Cir. 1978) ("The declaratory judgment procedure will not be used to preempt and prejudge issues that are committed for initial decision to an administrative body or special tribunal." (citation omitted)). The Court should therefore dismiss Plaintiffs' claims for injunctive and declaratory relief for failure to exhaust available administrative remedies, assuming it does not dismiss them on mootness grounds.[2]

*The Association lacks standing.* Defendants also have moved to dismiss the claims asserted by the

---

[2] In all events, assuming for argument's sake that Plaintiffs were exempt from the military-exhaustion requirement, each *Mindes* factor weighs decidedly against judicial review. *See* Mot. at 22–25. Plaintiffs offer no response to that argument, and have thus waived any opposition to dismissal on those grounds, as well. *See Sims*, 2022 WL 3207460, at *3.

6

Members of the Armed Forces for Liberty ("Association") for lack of Article III standing. *See* Mot. at 25–28. Plaintiffs have failed to respond to this portion of Defendants' motion or to otherwise defend the Association's standing to bring this lawsuit on behalf of its so-called "members." The Association's claims have therefore been abandoned. *See Sims*, 2022 WL 3207460, at *3. At any rate, for reasons Defendants have already explained, *see* Mot. at 25–28, assuming the Association's claims are not dismissed as moot, they should be dismissed under Rule 12(b)(1) for lack of associational standing.

**IV.     Plaintiffs Lack Standing to Assert Their EUA-based Claims.**

Plaintiffs assert several claims that rest on the allegation that they were required to receive a vaccine authorized only under an Emergency Use Authorization ("EUA") to comply with the now-rescinded COVID-19 vaccination requirement. *See* FAC Claims III–VIIIa. As already explained, *see* Mot. at 8–12, *supra* I, those claims should be dismissed as moot based on the mandate's rescission alone, because Plaintiffs are no longer required to receive a COVID-19 vaccine.

Even setting mootness aside, Plaintiffs lack standing to assert these EUA-based claims for a separate reason: it is undisputed that each Plaintiff was offered and refused doses of Comirnaty—a BLA-approved COVID-19 vaccine—when the requirement was still in effect. *See* Mot. at 4. So contrary to what Plaintiffs allege, no Plaintiff has suffered a redressable injury based on the "unavailability" of BLA-approved vaccines. The Court thus lacks jurisdiction over Plaintiffs' EUA-based claims. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) ("[P]laintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek . . . .").

Plaintiffs offer no persuasive argument to the contrary. Indeed, Plaintiffs do not dispute that they were each offered and refused Comirnaty while the requirement was still in effect. Instead, Plaintiffs suggest that this Court must ignore that fact in resolving Defendants' motion to dismiss. *See* Opp. at 16–18. But Plaintiffs conflate the standards for resolving a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) with a motion to dismiss for failure to state a claim

under Rule 12(b)(6). That each Plaintiff was offered Comirnaty is a jurisdictional fact relevant to Defendants' argument that Plaintiffs' EUA-based claims should be dismissed for lack of Article III standing. *See, e.g.*, *Abraugh v. Altimus*, 26 F.4th 298, 303 (5th Cir. 2022) ("Article III standing is . . . required before a federal district court can exercise subject matter jurisdiction."). A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction must be granted when the allegations contained in the complaint fail to establish jurisdiction either "facially" or "factually." *Cell Sci. Sys. Corp. v. La. Health Serv.*, 804 F. App'x 260, 263 (5th Cir. 2020). A "factual" attack contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings, and the court may review the extrinsic evidence without converting the motion into one for summary judgment. *Id.* When faced with a factual attack, the "plaintiff bears the burden of proof that jurisdiction does in fact exist." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Here, Defendants have challenged the truth of the central factual allegation underpinning Plaintiffs' EUA-based claims—*i.e.*, that they were unable to comply with the now-rescinded vaccination mandate because BLA-approved COVID-19 vaccines were never available. Contrary to what Plaintiffs suggest, when considering a Rule 12(b)(1) for lack of subject-matter jurisdiction, the Court need not accept that allegation as true.

Plaintiffs' other standing arguments are similarly unavailing. Although they cite the fact that Brown received a GOMOR in November 2021 for refusing to be vaccinated against COVID-19, and allege that his refusal was because Comirnaty was not available during what appears to be a single visit to a military clinic, *see* Opp. at 17–18, that alleged injury is not currently redressable in federal court. Brown was not required to receive a COVID-19 vaccine at a military clinic. Moreover, Plaintiffs do not dispute that Brown was later offered Comirnaty—the BLA-approved vaccine that he allegedly requested—and still refused. Mot. at 4. And as already explained, assuming Brown wishes to have this GOMOR removed from his record, he must first pursue that relief through the Board for Correction for Military Records before seeking judicial review. Mot. at 8, 22; *e.g.*, *Crawford v. Tex. Army Nat'l Guard*,

794 F.2d 1034, 1036 (5th Cir. 1986); *Von Hoffburg*, 615 F.2d at 638, 641; *Mindes*, 453 F.2d at 198.

Finally, nothing in the record supports Plaintiffs' assertion that they face an imminent threat of involuntary discharge or criminal prosecution for failing to previously comply with the military's now-rescinded COVID-19 vaccination requirement. *See* Opp. at 15. In making that claim, Plaintiffs apparently misapprehend Undersecretary Gilbert R. Cisneros Jr.'s testimony during a February 2023 hearing before the House Armed Services Committee. *See id.* (citing ECF No. 41-14 at 2–3). There, the Undersecretary stated only that the Services were still reviewing cases of members who did not seek an accommodation and who refused to comply with a lawful order to become vaccinated against COVID-19 to determine, based on the facts of each individual case, whether any actions need to be taken. But each Plaintiff currently serving in the Armed Forces allegedly sought an accommodation.[3] The Secretary of Defense ordered in his rescission memorandum that any currently serving member who had sought an accommodation would not "be separated solely on the basis for their refusal to receive the COVID-19 vaccination." *See* ECF No. 34-1. And nowhere did the Undersecretary suggest that a member who sought an accommodation would be involuntarily discharged or criminally prosecuted for his or her refusal to become vaccinated.[4] Plaintiffs' assertions to the contrary are thus unsupported and rest on pure speculation. *See, e.g.*, *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 97 (2013) (explaining that speculation cannot establish a "concrete and actual injury" for standing purposes).

## V. Plaintiffs Lack Standing to Challenge FDA's Actions.

As explained, *see* Mot. at 31–32, Plaintiffs lack standing to assert any claims against FDA, *see* FAC Claims VI–VIIIa, because they have alleged no injury that is fairly traceable to FDA's challenged

---

[3] *See* FAC ¶¶ 25 (Wilson), 29 (Fields), 31 (Madigan), 33 (King), 36 (Walker), 38 (Gross), 39 (Gibson), 40 (Wells), 41 (Puckett), 42 (Doughty).

[4] Moreover, even assuming for argument's sake that involuntary discharge could be a consequence for a past failure to comply with a lawful order to become vaccinated, any claim to avoid the *possibility* of discharge would neither be constitutionally nor prudentially ripe. *E.g.*, *Roberts v. Roth*, 594 F. Supp. 3d 29, 35 (2022) ("[M]ilitary discharge complaints . . . are ripe only after a plaintiff has been discharged.").

actions, nor any injury that could be redressed by an order entered against the agency. *See Children's Health Def. v. U.S. FDA*, No. 21-6203, 2022 WL 2704554 (6th Cir. July 12, 2022), *cert. denied*, 143 S. Ct. 784 (2023). Plaintiffs have failed to respond to this argument, and thus have waived any opposition to dismissal of their claims against FDA on these grounds. *See Sims*, 2022 WL 3207460, at *3.

## VI.     Plaintiffs' Remaining Claims Are Meritless

Plaintiffs admitted that the statutes they rely on for their EUA-based claims "do not provide a private right of action." Compl. ¶ 184, ECF No.1; *see also, Navy SEAL 1 v. Biden*, 574 F. Supp. 3d 1124, 1130 (M.D. Fla. 2021). Plaintiffs also do not dispute that the face of DoD's now-rescinded vaccination policy does not require an EUA vaccine and does not implicate the cited statutes. Those claims should be dismissed for failure to state a claim.

Plaintiffs' constitutional claim asserts that the military retains medical records of who has received COVID-19 vaccinations, and may rely on those records if a country requires COVID-19 vaccination as an entry requirement. Opp. at 18. But Plaintiffs have not alleged that any country currently requires COVID-19 vaccination or will do so in the foreseeable future, or that they will be deployed or assigned to a place with that requirement. Thus, any claim they would be injured by the existence of such records, or any foreign entry requirement in the future, is entirely speculative. Moreover, they have not explained how the military's reliance on such records would itself be unlawful or why compliance with a foreign entry requirement in the future could be unlawful.[5]

Plaintiffs fail to defend Claim IX (Declaratory and Injunctive Relief under *Rumsfeld*) in their opposition, and the court can dismiss that claim on that basis alone.

## CONCLUSION

For the foregoing reasons, the Court should dismiss this case in its entirety.

---

[5] Throughout Plaintiffs' brief in opposition, they refer to religious accommodations, but this case does not involve any religious-based claims.

10

Dated: May 19, 2023					Respectfully submitted,

							BRIAN M. BOYNTON
							Principal Deputy Assistant Attorney General

							ALEXANDER K. HAAS
							Director, Federal Programs Branch

							ANTHONY J. COPPOLINO
							Deputy Branch Director
							Federal Programs Branch

							*/s/ Zachary A. Avallone*
							ZACHARY A. AVALLONE (DC Bar No. 1023361)
							JODY D. LOWENSTEIN (MT Bar No. 55816869)
							Trial Attorneys
							U.S. Department of Justice
							Civil Division, Federal Programs Branch
							1100 L Street NW
							Washington, DC 20005
							Phone: (202) 514-2705
							Email: zachary.a.avallone@usdoj.gov

							*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2023, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

/s/ Zachary A. Avallone
ZACHARY A. AVALLONE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch