IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOSHUA WILSON, *et al* § | |
| Plaintiffs, § | |
| § | |
| v. § | Case No. 4:22-cv-438-ALM |
| § | |
| LLOYD AUSTIN, III, *et al.*, § | |
| Defendants. § | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully notify the Court of the decision in *Bazzrea v. Mayorkas*, No. 3:22-cv-265, 2023 WL 3958912, --- F. Supp. 3d --- (S.D. Tex. June 12, 2023). In that case, members of the Coast Guard challenged the Coast Guard's COVID-19 vaccination requirement and brought claims under the Religious Freedom Restoration Act, the Free Exercise Clause of the First Amendment, and other claims. After briefing from the parties on mootness, the court found the case was moot in its entirety and dismissed the case for lack of jurisdiction. This opinion provides additional authority in support of Defendants' motion to dismiss, ECF No. 45.

Defendants also notify the Court that the Fifth Circuit recently held that Governor Abbott's challenge to the military COVID-19 vaccination requirement as it applied to the Texas National Guard was not moot. *Abbott v. Biden*, No. 22-40399, 2023 WL 3945847, --- F.4th ---- (5th Cir. June 12, 2023). The Fifth Circuit concluded that the Secretary of Defense had "reserved the ability to punish Guardsmen who didn't seek a religious, administrative, or medical accommodation while the mandate was operative," so those "Texas Guardsmen . . . [who] never sought an accommodation while the mandate was in

1

effect" remain subject to potential future adverse action. *Id.* at *4. But even assuming that the Fifth Circuit correctly interpreted applicable military policies, that narrow reasoning does not apply to this case since all Plaintiffs currently serving in the military sought accommodations and are thus not subject to future punishment for past noncompliance. ECF No. 50, at 9 (citing FAC ¶¶ 25, 29, 31, 33, 36,38,39, 40, 41, and 42). Indeed, the Fifth Circuit explained that if there is no further risk of punishment for those who submitted accommodation requests to the COVID-19 vaccination requirement, then those claims are "very likely moot." *Abbott*, 2023 WL 3945847, at *4.

Finally, Defendants also notify the Court that the District of South Carolina recently dismissed Coast Guard and Air Force plaintiffs' challenge to their services' COVID-19 vaccination requirements under the Administrative Procedures Act. The court denied plaintiffs' motion for preliminary injunctive relief as moot as well as their motion for reconsideration. *See Clements v. Austin*, No. CV 2:22-2069-RMG, 2023 WL 3479466, at *1 (D.S.C. May 16, 2023). The court provided plaintiffs an opportunity to file an amended complaint, which they declined to do, and the case was dismissed on June 6, 2023. Order, *Clements*, ECF No. 67 (dismissing case). The opinions underlying both the denial of preliminary injunction and reconsideration provide additional authority in support of Defendants' pending motion to dismiss in this case.

Dated: June 13, 2023                                    Respectfully submitted

                                                                 BRIAN M. BOYNTON
                                                                 Principal Deputy Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Director

/s/ *Zachary A. Avallone*
ZACHARY A. AVALLONE (DC Bar No. 1023361)
JODY D. LOWENSTEIN
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-2705
E-mail: zachary.a.avallone@usdoj.gov

DAMIEN DIGGS
United States Attorney

JAMES GILLINGMAN
Assistant U.S. Attorney
Eastern District of Texas
110 N. College Street, Suite 700
Tyler, Texas 75702

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on this 13th day of June, 2023, the Motion was e-filed using the CM/ECF system.

*/s/ Zachary A. Avallone*
Zachary A. Avallone