# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ERIC JACKSON, ET AL.,

   Plaintiffs,

v.                                                           No. 4:22-cv-0825-P

ALEJANDRO N. MAYORKAS,
ET AL.,

   Defendants.

## OPINION & ORDER

    Article III of the Constitution limits federal-court jurisdiction to "cases" and "controversies." A case is no longer a "case" or "controversy" if it becomes moot. In this case, Plaintiffs sued, contending that the Coast Guard's COVID-19 Vaccine Mandate—which forced Coast Guard members to be injected with a novel vaccine against their sincerely held religious beliefs—was unlawful. Because the Mandate was rescinded, Defendants moved to dismiss the case as moot. Every court faced with a challenge to the military's rescinded COVID-19 mandates has held that the case is moot. *See, e.g.*, *Bazzrea v. Mayorkas*, No. 3:22-CV-265, 2023 WL 3958912, at *7 (S.D. Tex. June 12, 2023) (Coast Guard); *Roth v. Austin*, 62 F.4th 1114, 1119 (8th Cir. 2023) (Air Force); *Colonel Fin. Mgmt. Officer v. Austin*, No. 8:21-CV-2429-SDM-TGW, 2023 WL 2764767, at *3 (M.D. Fla. Apr. 3, 2023) (Navy and Marine Corps). This case is no different.

## BACKGROUND

### A. Coast Guard's Vaccine Mandate

    In August 2021, the Secretary of Defense issued a mandate, forcing all service members of the Armed Forces under the Department of Defense's ("DOD") authority to be injected with a COVID-19 vaccine. Shortly after, the Coast Guard—under the authority of the Department of Homeland Security rather than the DOD—directed its service-

members to do the same. The Coast Guard claimed to permit religious-accommodation requests. But it shockingly only granted requests by service members already slated to leave the Coast Guard.

### B. Plaintiffs and this Lawsuit

Plaintiffs Stone, Jackson, and Marcenelle are members of the Coast Guard and sought religious accommodations to be exempted from the Mandate. But their requests were denied. As a result, Plaintiffs sued, alleging that the Mandate violates the First Amendment of the United States Constitution, the Religious Freedom Restoration Act ("RFRA"), and the Administrative Procedure Act ("APA"). They seek prospective relief: (1) a declaration that the Mandate is unlawful; and (2) injunctive relief prohibiting enforcement of the Mandate or Defendants' taking adverse action against Plaintiffs related to the Mandate.

### C. Rescission of the Mandate

After Plaintiffs sued, Congress passed the National Defense Authorization Act ("NDAA"), directing the Secretary of Defense to rescind the Mandate that members of the Armed Forces must be injected with a COVID-19 vaccine. Pub. L. No. 117-263, 136 Stat. 2395, 2571–72. The Secretary complied and instructed that current service members who sought an exemption from the vaccination requirement may not be "separated solely on the basis of their refusal to receive the COVID-19 vaccination" and required the military services to "update the records of such individuals to remove any adverse actions solely associated with denials of such requests." Sec'y of Def. Mem. (Jan. 10, 2023).

A day later, the Coast Guard similarly rescinded its Mandate. The Coast Guard also issued formal policies that prohibit new adverse actions on the basis of vaccination status, require past adverse actions associated with the Mandate to be corrected, and permit full participation in the service by unvaccinated members.

### D. Defendants' Motion to Dismiss

Because the Coast Guard rescinded its Mandate, Defendants now move to dismiss this case as moot. Plaintiffs, however, argue that the case is not moot because they continue to face ongoing and prospective harm based on their past objections to the Mandate. They claim that the

Coast Guard refuses to grant Plaintiff Marcenell a promotion that he missed out on due to his vaccination status, refuses to remove administrative remarks in Plaintiffs' records referencing their vaccination statuses, and subjects Plaintiffs and other unvaccinated service members to a discriminatory quarantine policy.

## LEGAL STANDARD

Article III of the Constitution limits federal-court jurisdiction to "cases" and "controversies." U.S. CONST. art. III, § 2. The "case" or "controversy" must remain throughout a case's existence. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013). If not, a case is moot and must be dismissed for lack of subject-matter jurisdiction. *Walmart Inc. v. U.S. Dep't of Just.*, 21 F.4th 300, 307 (5th Cir. 2021).

## ANALYSIS

Defendants argue this case is moot because the Mandate has been repealed and no relief remains available to Plaintiffs. But Plaintiffs disagree and contend that (1) their claims are not moot because relief for their claims is still available, and (2) even if they were moot, this case falls under several mootness exceptions. The Court addresses both arguments in turn.

### A. Mootness

A case is moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012). Plaintiffs seek injunctive and declaratory relief against Defendants due to the Mandate. The Court addresses whether either form of relief would be effectual for Plaintiffs.

#### 1. <u>Injunctive Relief</u>

Plaintiffs first seek injunctive relief prohibiting enforcement of the Mandate or Defendants from taking adverse action against them based on the Mandate. But the Mandate—requiring Plaintiffs to receive a COVID-19 Vaccine—has been rescinded. So "[t]here is no need to enjoin policies that no longer exist." *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 672 (5th Cir. 2023). Plaintiffs also no longer face any "adverse actions" from the Mandate. The Coast Guard's "policies now formally

3

prohibit any new adverse administrative actions against unvaccinated servicemembers and require removing past adverse actions." *Id.* at 673 (cleaned up). Thus, enjoining enforcement or adverse action against Plaintiffs related to the rescinded Mandate "offers Plaintiffs no effectual relief." *Id.*

### 2. <u>Declaratory Relief</u>

Plaintiffs also seek a declaratory judgment that the Mandate violates the First Amendment of the United States Constitution, RFRA, and the APA. A plaintiff's claim for declaratory relief may not be moot "even if injunctive relief is no longer available to him or her." *Manzo-Hernandez v. Saucedo*, No. 21-40034, 2021 WL 5627068, at *3 (5th Cir. Nov. 30, 2021). But for that to be the case, the plaintiff must demonstrate either (1) continuing harm or (2) a real-and-immediate threat of repeated injury in the future. *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003).

Plaintiffs have shown neither. Now that the Mandate "is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do." *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020). And Plaintiffs identify no threat of imminent future harm from the Mandate. Plaintiffs allege only past harm—deprivation of their constitutional right to free exercise of their religion, missed opportunities for promotion and training, and reputational damage—resulting from the Mandate. And such harm will not suffice for declaratory relief. *See Bauer*, 341 F.3d at 358 (holding that a claim for declaratory relief is moot because the plaintiff alleged only past injuries).

Thus, "[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit," Plaintiffs' claim for declaratory relief is moot. *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018); *see also Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023).

\* \* \*

In sum, Plaintiffs' claim for injunctive relief is moot because enjoining enforcement or adverse action against Plaintiffs related to the

rescinded Mandate "offers Plaintiffs no effectual relief." *U.S. Navy SEALs 1-26*, 72 F.4th at 673. And Plaintiffs' claim for declaratory relief is moot because they allege past harms but no continuing or immediate threat of harm resulting from the rescinded Mandate. *See Bauer*, 341 F.3d at 358. Thus, absent an exception, the case is moot. It is to those exceptions that the Court now turns.

## B. Mootness Exceptions

Plaintiffs contend that their claims fall under one of three potential exceptions to the mootness doctrine: (1) collateral consequences; (2) voluntary cessation; and (3) capable of repetition yet evading review. The Court addresses each in turn.

### 1. <u>Collateral Consequences</u>

As their main defense to mootness, Plaintiffs invoke the collateral-consequences doctrine. The doctrine states that, even when a plaintiff's primary injury has ceased, the case is not moot if the challenged conduct continues to cause other harm that the court can remedy. *See Sibron v. New York*, 392 U.S. 40, 53–59 (1968). Plaintiffs offer a list of three harms left unresolved by the rescission of the Mandate: (1) a discriminatory quarantine policy; (2) administrative remarks in their personnel files referencing their vaccination statuses; and (3) missed opportunities for promotion and training.

Start with the discriminatory quarantine policy. It requires unvaccinated service members—but not vaccinated services members—to quarantine if they contract COVID-19. But this policy is not a part of the Mandate. And Plaintiffs assert no cause of action against this policy. Thus, any ruling for Plaintiffs would not remedy this harm. *See Mendoza-Flores v. Rosen*, 983 F.3d 845, 848 (5th Cir. 2020) ("Collateral consequences must stem from the underlying cause of action to salvage justiciability.").

Next, the administrative remarks in Plaintiffs' personnel files. The personnel records documenting Plaintiffs' failure to comply with the

5

Mandate were removed. Plaintiffs contend that the documentation[1] of that removal could hurt their service reputation. But the possibility of such harm is speculative and not the type of actual, imminent, concrete, and particularized harm that Article III requires. *See Danos v. Jones*, 652 F.3d 577, 584 (5th Cir. 2011). And even if Plaintiffs' reputations were harmed by the removal documentation, an interest in vindicating reputation is not "constitutionally sufficient to avoid mootness." *Spencer v. Kemna*, 523 U.S. 1, 16 n.8 (1998); *see also Danos*, 652 F.3d at 584 ("[W]here reputational injury is the lingering effect of an otherwise moot aspect of a lawsuit, no meaningful relief is possible and the injury cannot satisfy the requirements of Article III.").

Finally, the missed opportunities for promotion and training. Plaintiff Marcenelle alleges that he missed a promotion opportunity with the Special Selection Board due to his vaccination status. But after the Mandate was rescinded, the Special Selection Board agreed to give him that opportunity and will consider him for promotion next month. And if promoted, Marcenelle will receive pay, benefits, and rank with the same effective date as if his first selection board had promoted him. *See* 14 U.S.C. § 2120(d). But even if the Coast Guard had not remedied Marcenelle's missed promotion opportunity, the Court cannot remedy such an injury. *See Orloff v. Willoughby*, 345 U.S. 83, 92 (1953) ("Whether Orloff deserves appointment is not for judges to say and it would be idle, or worse, to remand this case to the lower courts on any question concerning his claim to a commission.").[2]

Plaintiff Stone alleges that—contrary to the Coast Guard's policy at the time—he could not attend a training course because of his vaccination status. And because of the missed training, he was downgraded a point on his officer evaluation. But Stone seeks prospective relief rather than compensatory relief to redress that harm. And missing a training session under past policy provides no basis for prospective relief. *See Log Cabin Republicans v. United States*, 658 F.3d

---

[1] Such documentation simply ensures that there is an accurate record of the changes to Plaintiffs' files and is in accordance with how the military corrects its records. *See* ECF No. 75 at ¶ 4.

[2] To remedy any monetary loss Plaintiffs suffered as a result of the Mandate, such relief must be sought in the Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1)

6

1162, 1167 (9th Cir. 2011) (collateral-consequences doctrine did not apply in a constitutional challenge to a policy because "missed benefits are not legal penalties from past conduct").[3]

In any event, with Marcenelle's missed promotion opportunity and Stone's missed training, "this Court has no authority to interfere in such 'professional military judgments' and promotional decisions made within the military branch." *Crocker v. Austin*, No. CV 22-0757, 2023 WL 4143224, at *8 (W.D. La. June 22, 2023) (quoting *Austin v. U.S. Navy SEALs 1-26*, 142 S. Ct. 1301, 1302 (2022)).

Thus, the collateral-consequences exception does not apply here.

## 2. Voluntary Cessation

Plaintiffs next look to the voluntary-cessation doctrine as another possible lifeline to avoid mootness. The doctrine prevents a defendant from mooting a case simply by ending its unlawful conduct once sued. *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). It applies if the defendant can demonstrate that "it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Freedom from Religion Found.*, 58 F.4th at 833. "Essentially, the goal is to determine whether the defendant's actions are 'litigation posturing' or whether the controversy is actually extinguished." *Yarls*, 905 F.3d at 910.

But "when a governmental entity, rather than another kind of defendant, voluntarily ceases possibly wrongful conduct, courts extend the defendant some solicitude." *Bazzrea*, 2023 WL 3958912, at *6 (citing *Yarls*, 905 F.3d at 910). "So, 'without evidence to the contrary, courts assume that formally announced changes to official governmental policy are not mere litigation posturing.'" *Yarls*, 905 F.3d at 910 (quoting *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009))

---

[3] Assuming Stone's injury has not been remedied, the proper avenue to redress his injury starts with the military's administrative process. *See Hodges v. Callaway*, 499 F.2d 417, 420 (5th Cir. 1974) ("[A] court should not review internal military affairs in the absence of (a) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, and (B) exhaustion of available intraservice corrective measures.").

7

(cleaned up). "Among other things, the government's ability to reimplement the statute or regulation at issue is insufficient to prove the voluntary-cessation exception." *Freedom from Religion Found., Inc.*, 58 F.4th at 833.

Plaintiffs contend that the exception must apply because the NDAA does not apply to the Coast Guard. The NDAA directs the Secretary of Defense to rescind the Mandate that members of the Armed Forces be vaccinated against COVID-19. NDAA, Pub. L. No. 117-263, 136 Stat. 2395, 2571–72. While the Coast Guard is not under the authority of the Secretary of Defense, when Congress refers to "armed forces," that term generally "means the Army, Navy, Air Force, Marine Corps, Space Force, and *Coast Guard*." 10 U.S.C. § 101(a)(4) (emphasis added). Thus, it is unclear whether the NDAA directs the Coast Guard to rescind its Mandate. Perhaps the lack of clarity on that front caused Plaintiffs to name the Secretary of Defense as a Defendant and treat the DOD's Mandate as interchangeable and coextensive with the Coast Guard's Mandate. *See* ECF No. 1 at ¶ 36. In any event, even if the Coast Guard rescinded its Mandate voluntarily rather than as required by congressional decree, doing so does not show that Defendants engaged in "litigation posturing."

Instead, the Court agrees with the court's holding in *Bazzrea*—the DOD and Coast Guard rescinded their Mandates, not as mere "litigation posturing," but as purposeful government action. 2023 WL 3958912, at *7. The Court assumes that the rescission by the government was done in good faith. *See Allied Home Mortg. Corp. v. U.S. Dep't of Hous. & Urb. Dev.*, 618 F. App'x 781, 786 (5th Cir. 2015). And the possibility for the Coast Guard to reissue the Mandate is too speculative to overcome the mootness doctrine. *See Thomas v. Bryant*, 938 F.3d 134, 144 n.21 (5th Cir. 2019); *State of Ala. ex rel. Baxley v. Woody*, 473 F.2d 10, 14 (5th Cir. 1973).

Thus, the voluntary-cessation exception does not apply here.

### 3. Capable of Repetition Yet Evading Review

Plaintiffs look to the capable-of-petition-yet-evading-review exception to mootness as their last line of defense. But that exception

looks the other way. It applies only when "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Turner v. Rogers*, 564 U.S. 431, 440 (2011) (cleaned up). Neither requirement is met.

*First*, this case does not meet the duration requirement. Plaintiffs complain that the Coast Guard took too long to deny their religious-accommodation requests—leaving insufficient time for them to sue and obtain relief. But the challenged regulation or law must be short enough to evade review because the causal or underlying event or condition is too short to be fully litigated. *Meadows v. Odom*, 198 F. App'x 348, 352 (5th Cir. 2006). For example, "cases involving strikes, pregnancies, or elections" are, by nature, short-duration conditions or events. *Id.* at 351–52. "Here, the causal condition—the plaintiffs' religious objection—is not a condition or event that was short in duration or has terminated." *Bazzrea*, 2023 WL 3958912, at *7; *see Crocker,* 2023 WL 4143224, at *7 And "[a] military vaccination requirement does not 'inevitably expire' and naturally constrain judicial review in the same way other regulations and laws under this exception do." *Crocker,* 2023 WL 4143224, at *7 (quoting *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 346 (5th Cir. 1981)).

*Second*, "Plaintiffs have provided no evidence that they will be subjected to another COVID-19 vaccination requirement, and thus, they cannot show a 'demonstrated probability,' as opposed to a 'theoretical possibility,' that they will be subject to this same government action in the future." *Crocker,* 2023 WL 4143224, at *7 (quoting *Libertarian Party v. Dardenne*, 595 F.3d 215, 217 (5th Cir. 2010)). And courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Spencer,* 523 U.S. at 18.

This exception thus does not apply.

\* \* \*

In sum, none of the three mootness exceptions raised by Plaintiffs apply. The collateral-consequences exception does not apply because the Court cannot remedy the list of Plaintiffs' grievances left unresolved by the rescission of the Mandate. The voluntary-cessation exception does not apply because Defendants' rescission of the Mandate was not litigation posturing. And the capable-of-petition-yet-evading-review exception does not apply because the challenged action is not too short in duration to be fully litigated and there is no reasonable expectation that Plaintiffs would face the Mandate again.

## CONCLUSION

Because Plaintiffs' claims for injunctive and declaratory relief are moot and no mootness exception applies, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 69) and **DISMISSES** Plaintiffs' claims **without prejudice**.[4]

**SO ORDERED** on this **17th day of August 2023.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiffs seek leave to amend their complaint. But now that this case is moot, it is too late for Plaintiffs to amend. *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000).