IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOSHUA A. WILSON, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>LLOYD J. AUSTIN III, *et al.*,<br><br>       Defendants. | Case No. 4:22-cv-00438-ALM |

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION**

Last month, the Court dismissed this case as moot, holding correctly that plaintiffs lack a cognizable interest in the resolution of their claims seeking declaratory and injunctive relief regarding the military's rescinded COVID-19 vaccination requirement. *See* Memo. Op. & Order, ECF No. 61. Plaintiffs now ask the Court to reconsider that ruling under Federal Rule of Civil Procedure 59(e),[1] which authorizes a court to alter a final judgment. Yet they identify no flaw in the Court's mootness analysis, but instead rest their motion on a recent Fifth Circuit opinion that does not even address mootness, let alone create a basis for reconsideration. The Court should thus deny plaintiffs' motion.

Rule 59(e) permits a court to "alter or amend a judgment" to correct a manifest error of law or fact or to account for newly discovered evidence. *Faciane v. Sun Life Assurance Co. of Can.*, 931 F.3d 412, 423 (5th Cir. 2019). But courts have "considerable discretion in deciding whether" to grant relief under Rule 59(e), *Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (citation omitted), because reconsideration of a final judgment is "an extraordinary remedy," *id.*, that is disfavored and rarely entertained, *see S. Constr. Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993); *see also Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995) ("The district court," in exercising its

---

[1] *See* Mot. for Reconsideration of Court's Grant of Defs.' Mot. to Dismiss, ECF No. 63.

1

discretion under Rule 59(e), "must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts.").

Plaintiffs' motion for reconsideration falls far short of meeting the standard for relief under Rule 59(e). Plaintiffs nowhere attempt to grapple with the reasons the Court dismissed this case as moot, let alone contend that the Court's decision was the product of a manifest legal or factual error. Nor have they submitted any newly discovered evidence that would "call[] into question the correctness" of the Court's decision. *See Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Rather, plaintiffs' sole basis for seeking reconsideration rests on the Fifth Circuit's recent opinion in *Apter v. HHS*, 80 F.4th 579 (5th Cir. 2023).

But *Apter* has nothing to do with mootness or the subject matter of this case. There, a group of physicians challenged certain public statements made by the Food and Drug Administration, arguing that they were in excess of statutory authority (or *ultra vires*) and violated the Administrative Procedure Act ("APA"). *Id.* at 583. The district court dismissed the lawsuit on sovereign-immunity grounds without determining any other jurisdictional issues.[2] *Id.* at 586–87. On appeal, the Fifth Circuit reversed the dismissal of the plaintiffs' *ultra vires* claim while affirming dismissal of their APA claims, holding that the APA had waived the defendants' sovereign immunity from plaintiffs' *ultra vires* claim. *Id.* at 587–95. It then remanded for the district court to address standing and any other relevant jurisdictional issues. *Id.* at 595. But neither the Fifth Circuit nor the district court applied (or even had occasion to mention) principles of mootness.

Plaintiffs' reliance on *Apter* as a basis for reconsideration is thus misplaced. Their motion for reconsideration appears to conflate the distinct jurisdictional doctrines of sovereign immunity and mootness. Under the doctrine of federal sovereign immunity—a concept rooted in the ancient

---

[2] Plaintiffs are incorrect in stating that the district court in *Apter* dismissed the case for lack of standing. *See* Mot. at 7.

common law, *The Siren*, 74 U.S. (7 Wall.) 152, 153–54 (1868)—the United States, as a sovereign, is immune from suit except as it has consented to be sued. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Mootness, on the other hand, is a component of Article III's case-or-controversy requirement, and it concerns whether a case continues to present an actual, ongoing controversy that the parties have a legally cognizable interest in resolving. *See, e.g.*, *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Whether the United States' sovereign immunity bars a claim or has been waived—the issue addressed in *Apter*—says nothing about whether a claim presents a live dispute or has become moot during the course of litigation—the issue that this Court resolved in dismissing this case.

Accordingly, *Apter* is irrelevant to this case and in no way calls into question the correctness of this Court's dismissal of plaintiffs' claims on mootness grounds. And because plaintiffs have failed to provide any other reason (persuasive or otherwise) why this Court should reopen this matter under Rule 59(e), it should deny plaintiffs' motion for reconsideration.

Dated: October 13, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Mont. Bar. No. 55816869
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

3

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2023, I electronically filed the foregoing document with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

/s/ Jody D. Lowenstein
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice