1  Pritish Vora

2  27758 Santa Marg. Pkwy. #530

3  Mission Viejo, CA 92691

4  (949) 292-8359

5  Amicus Curiae, Pro Se

6

7

8

9  **UNITED STATES DISTRICT COURT**

10  **EASTERN DISTRICT OF TEXAS**

11  **SHERMAN DIVISION**

12

13

14

15

16  JOSHUA WILSON, et. al.,                    Case No.: 4:22-cv-00438-ALM

17            Plaintiffs,                             **AMICUS CURIAE BRIEF IN**

18        vs.                                         **SUPPORT OF THE PLAINTIFFS'**

19  LLOYD AUSTIN, III, in his official           **MOTION FOR**

20  capacity as Secretary of Defense, et. al.,   **RECONSIDERATION**

21            Defendants.

22

23  _____           **Hon. Judge Amos L. Mazzant**

24

25  COMES NOW, Pritish Vora, Amicus Curiae, ("Amicus"), by way of Pro Se, files

26  with the Honorable Court his amicus curiae brief in the above referenced matter,

27  and states as follows:

28

## **INTEREST OF THE AMICUS CURIAE**

Amicus Curiae submits this informational brief in continued support of the Plaintiffs JOSHUA WILSON, MICHAEL GROOTHOUSEN, RYAN MADIGAN, DERRICK GIBSON, STEVEN BROWN, BENJAMIN WALKER, SCOTT WELLS, BRITTANY PUCKETT, KARYN CHRISTEN, MICHAEL DOUGHTY, CARLEY GROSS, SUMMER FIELDS, JUSTIN KING, and THOMAS BLANKENSHIP, for themselves and all others similarly situated, and MEMBERS FOR THE ARMED FORCES FOR LIBERTY, an unincorporated association, (collectively, "Plaintiffs"), who seek reconsideration pursuant to the Federal Rules of Civil Procedure [F.R.Civ.P.] Rule 59(e) of the Court's ORDER on dismissal of the entire case. (See ORDER and JUDGMENT, ECF 61 and 62, respectively).

Amicus provides information to this Court from publicly available sources found on HRSA.gov, C-SPAN.org, and through publicly available court filings on CourtListener.com via its RECAP archive, which are also available on PACER.gov, of relevant facts that warrant judicial notice,[1] and of facts that may escape the Court's consideration in determining the merits of the Plaintiffs' motion for reconsideration.

Both parties' counsel consented to the filing of this brief. Amicus, a pro se, solely prepares, writes and submits this brief at his own time, effort and expense.

---

[1] See <u>Swindol v. Aurora Flight Sciences Corp.</u>, 805 F.3d 516, 519 (5th Cir. 2015).

**AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se**

Amicus incorporates by reference the factual representations in his prior amicus brief in support of the Plaintiffs' First Amended Complaint ("FAC") and in opposition to the Defendants' motion to dismiss. (See Dkt. entry # 48).

## PRELIMINARY STATEMENT

*"In evaluating whether subject matter jurisdiction exists, the court accepts all uncontroverted, well-pleaded factual allegations as true."* See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).  Simply stated, at the pleading stage, the Court accepts the well-pled facts that *Plaintiffs* say are true, not the *ipse dixit* of Defendants or their respective counsel.

F.R.Civ.P. 11 keeps ALL parties in check and for ALL filings made in Court. Indeed, the framers of the rules neither used the word "Plaintiff" nor "Defendant" in drafting F.R.Civ.P. 11(b), because it applies to an attorney or an unrepresented party when filing *"a pleading, a written motion, or other paper."* F.R.Civ.P. 11(b)(3) states that *"or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."* Any claim, if left unsupported, does not "do justice" for the case.

Unfortunately, Defendants' repeated claims of *"medical interchangeability"* of the Covid-19 shots have plagued PACER like a virus that has spread throughout the District Courts. The Court may eventually conclude that it is the ***Defendants' claims and rebuttals*** that are not in compliance with Rule 11.  (Emphasis added).

AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **MEMORANDUM**

**"*FDA is not a physician…the Posts that issue medical advice to consumers are plausibly ultra vires.*"** See <u>Apter v. Dept. of Health & Human Services</u>, 80 F.4th 579, 583 (5th Cir. 2023). ("<u>Apter</u>"). (Emphasis supplied).

The Plaintiffs rely on the 5th Circuit's ruling in <u>Apter</u> to support its motion for reconsideration. (See ECF 63). Although <u>Apter</u> is still in litigation in the Southern District on the standalone claim for *ultra vires*, the Court may consider the Defendants' claim of *"interchangeability"* (i.e., pawning off EUA Covid shots *"as if"* they were licensed shots) *also* as providing medical advice, just as the 5th Circuit held against the FDA for their social media posts regarding Ivermectin.

The Plaintiffs' FAC was dismissed in its entirety after the DoD mandate was rescinded. The Plaintiffs believe this finding is erroneous. *"If the Court is capable of granting relief sought that is beyond the scope of the defendant's offer, the plaintiff maintains a personal stake in the outcome, and a "live controversy" remains."* See <u>Payne v. Progressive Fin. Serv.</u>, 748, F.3d 605, 607 (5th Cir. 2014). ("<u>Payne</u>"). See also <u>Verde v. Stoneridge, Inc.</u>, 137 F.Supp. 3d 963, 971 (E.D. TX 2015). In <u>Payne</u>, the 5th Circuit distinguished two separate injuries: *"(1) the merits, whether [the plaintiff] sufficiently stated a claim; and (2) jurisdiction, whether the court has the power to reach the merits of [the plaintiffs] claim"* – mootness. (quoting <u>Bell v. Hood</u>, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946)).

**AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se**

1   It took "an act of Congress," literally, to get Defendant DoD to rescind the

2   mandate, but there has been no intervening circumstance (by Congress or Courts)

3

4   that would render ALL of Plaintiffs' claims as being moot. The <u>Apter</u> ruling

5   suggests that the Court is, in fact, capable of providing meaningful relief to the

6

7   Plaintiffs for the **<u>unresolved claims</u>**. (Emphasis added). (See ECF 63 at page 2).

8   Relief under Rule 59(e) is appropriate only when "*(1) there is a manifest*

9   *error of law or fact; (2) there is newly discovered or previously unavailable*

10

11   *evidence; (3) there would otherwise be manifest injustice; or (4) there is an*

12   *intervening change in controlling law."* See <u>Schiller v. Physicians Res. Grp. Inc.</u>,

13

14   342 F.3d 563 567 (5th Cir. 2003).*"The rule does not exist to be a vehicle for re-*

15   *litigating old issues, presenting a case under new theories, obtaining a rehearing*

16

17   *on the merits, or taking a 'second bite at the apple.'"* See <u>Sequa Corp. v. GJB</u>

18   <u>Corp.</u>, 156 F.3d 136, 144 (2nd Cir. 1998). See also <u>Simon v. United States</u>, 891

19   F.2d 1154, 1159 (5th Cir. 1990).

20

21   Here, the Plaintiffs are not *"re-litigating old issues."* Indeed, the factual

22   claims have maintained consistency throughout litigation (e.g., APA claims against

23

24   DoD and FDA for interchangeability directives and being *ultra vires*). Plaintiffs do

25   not present the case *"under new theories."* In fact, the exact *opposite* is true. The

26   Plaintiffs' factual claims that the Covid-19 shots are/were experimental have been

27

28   pled since the onset and supported by Amicus. (See Dkt. entries 19 and 48).

**AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se**

Certainly, the Plaintiffs are not *"obtaining a rehearing on the merits,"* as there has been **no hearing on the merits**. (Emphasis added). The Plaintiffs are not taking a *"second bite at the apple"* as the Court has yet to rule on the merits of the "first bite." The 5th Circuit states that *"reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."* See <u>Templet v. HydroChem Inc.</u>, 367 F.3d 473, 479 (5th Cir. 2004). Of course, this does not *preclude* the Court from granting such a remedy to prevent a manifest injustice.

Amicus informs the Court of a fact that warrants judicial notice. Defendant HHS, through one of its agencies, HRSA.gov (Health Resources & Services Administration), updated its website in September of 2023 (coincidentally, the same month that the Court dismissed the case). It states as follows:

*"For a category of vaccines to be covered by the VICP, the category of vaccines must be recommended for routine administration to children and/or pregnant women by the Centers for Disease Control and Prevention, subject to an excise tax by federal law, and added to the Vaccine Injury Table by the Secretary of Health and Human Services.* ***This has not been done for any U.S. licensed COVID-19 vaccines, which have not been developed to date.*** *"* (Emphasis added).

For the Court's convenience, Amicus attaches the document as Exhibit A. The document references licensed shots *"which have not been developed to date."* Indeed, it is a ".gov" website, it speaks for itself, and is undisputable.

1
2
3
4
5

In a recent Congressional hearing on February 15, 2024 regarding Vaccine Safety Systems, aired for the public on C-SPAN, the head of HRSA testified, under oath, that any claimed injuries from the Covid-19 shots are NOT subject to compensation pursuant to the VCIP, but rather the CICP. [2]

6
7
8
9
10
11
12

This is not a new theory, as Amicus clearly mentioned that *"Defendant HHS has not placed Comirnaty (or Spikevax) in the NVICP, as neither Pfizer nor Moderna has paid the .75 cents excise per dose to the U.S. Treasury (a mere pittance) to cover future compensation claims, despite 1,350,947 VAERS adverse reports through July 25, 2022."* (See Amicus Brief, Dkt. 19 at 12:5-12).

13
14
15
16
17
18
19
20
21
22
23
24

So then, the logical question becomes, if there are TWO sets of categories for claims, one for "covered countermeasures" (such as the EUA Covid-19 shots pursuant to the CICP), where there are no compensatory damages or an award of attorneys' fees (which are ONLY available through the NVICP), then how could the products be claimed by Defendants as *"medically interchangeable?"* In other words, can a person file a petition in the Federal Court of Claims for an experimental Covid shot *"as if"* it was a *licensed* product? The answer is simple: **"No!"** (Emphasis added).

25
26
27

---

[2] https://www.c-span.org/video/?533510-1/hearingon-vaccine-safety-systems (last visited on March 15, 2024). Note: the VICP is also referenced as the NVICP, and the testimony by Commander Reed Grimes, Director of the Countermeasures Injury Compensation Program at HSRA (a division of HHS) begins at 26:37 into the hearing.

28

**AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se**

1

## <u>SUMMARY</u>

2
3
4

As the Supreme Court has stated, *"[a] suit arises under the law that creates the cause of action."* See <u>American Well Works Co. v. Layne & Bowler Co.</u>, 241

5
6
7
8
9
10
11
12

U.S. 257, 260 (1916). There are ten counts in the FAC. Plaintiffs seek reconsideration for the causes of action that remain unaddressed, and unresolved. (See ECF 41, pages 59-72, Counts III to VIII). The 5th Circuit identified *"the APA as a route through which private plaintiffs can obtain federal court review of the decisions of federal agencies."* See <u>Vieux Carre Property Owners, Residents & Associates, Inc., v. Brown</u>, 875 F.2d 453, 456 (5th Cir. 1989).

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

If the Court denies the motion, then it sets a precedent that FDA authorizes experimental products to be distributed through interstate commerce *"as if"* they are *"medically interchangeable"* with licensed products. The FDA approves a BLA, dupes the public (and the Courts) with a deceptive press release, terminates the marketing of the so-called "licensed" product on the same day, and waives labeling requirements. When confronted with the facts, it evades judicial review under "mootness" when the mandate gets rescinded. This is exactly what happened with the Comirnaty "approval." The circumstances surrounding the so-called "approval" of Moderna's Spikevax fares no better. It was clearly *"not orderable"* by CDC.gov the same day that FDA granted *its BLA* on January 31, 2022. It is undisputed that Plaintiffs (and Amicus) have briefed these facts extensively.

**AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se**

Amicus wrote to both the Hon. Judge Winsor and the Hon. Judge Gergel, respectively, that the last bastion of hope when government agents go rogue is a ***"strong-willed judiciary."*** (Emphasis added). See <u>Coker v. Austin</u>, No. 3:21-cv-01211-AW-HTC (N.D. Fla.). [3] See also <u>Clements et. al. v. Austin</u>, No. 2:22-cv-02069-RMG (Dist. S.C.). [4] Amicus defines a "strong-willed judiciary" as one that makes findings of fact and conclusions of law pursuant to the plain language of the **words of the statute and the merits of the claim**, *even if* that claim exposes an agenda driven by political ideology and motivation of those who abuse their power to make the laws of Congress seem ineffective. (Emphasis added).

Defendants understood the claims made by Plaintiffs, and Defendants know (or should know) the difference between two Congressional statutes, one that defines *EUA products* and the other governing *licensed products*. (See, in general, ECF 41). Also, Defendants know (or should know) the difference between the CICP and the NVICP. By now it should be blatantly obvious how Defendants ran with the self-serving narrative. HHS determines the emergency, FDA authorizes the EUA shots, DoD implements the mandate, and the Plaintiffs suffer the harm.

This case was filed by B.A.R. appointed attorneys (i.e., officers of the Court). If they are prevented from prosecuting their claims, then *justice is moot*.

---

[3]https://storage.courtlistener.com/recap/gov.uscourts.flnd.409961/gov.uscourts.flnd.409961.66.1.pdf
[4]https://storage.courtlistener.com/recap/gov.uscourts.scd.272903/gov.uscourts.scd.272903.53.0.pdf

**AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se**

## **CONCLUSION**

Based on the foregoing, a reasonable trier-of-fact may easily conclude that an actual "case or controversy" still exists, giving an Article III Court its subject matter jurisdiction. Plaintiffs properly filed their Rule 59(e) motion, and it is ripe for review.  Indeed, as THIS Honorable Court is fully aware, the decision on how to control its docket is up to the discretion of the presiding judge. [5] See Nevada v. U.S. Dept. of Labor, 227 F.Supp. 3d 696, 698 (E.D. TX 2016). (Mazzant, A.).

WHEREFORE, Amicus respectfully requests that the Court GRANT the Plaintiffs' motion for reconsideration filed pursuant to Rule 59(e) and allow Counts III through VIII to proceed on the merits.

Respectfully submitted on this day of:  MARCH 22, 2024

By: _Pritish Vora_

Pritish Vora, Amicus Curiae, Pro Se

---

[5] In its ORDER dismissing the case, the Court referenced the collateral consequences doctrine proposed by Amicus. (See ORDER, ECF 61 at pages 15 and 16, respectively). Although Amicus appreciates the Court's *sua sponte* ruling regarding this issue, Amicus respectfully disagrees with it. The Court could have considered why exhaustion would be futile, especially for those Armed Services members who challenged the Covid-19 mandate on the premise that the product was experimental. Instead, the Court wrote that *"it will not address any of the merits of Wilson's claims."* (See ORDER at page 19, n.5).

**AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se**

1

## **CERTIFICATE OF SERVICE**

2       I, Pritish Vora, Amicus Curiae, hereby certify that I sent the Amicus Brief to

3  the Clerk of the Court via FedEx on March 22, 2024, and a copy of same was sent

4  via U.S. first class mail, postage prepaid, to each of the respective parties below.

5

6                                Respectfully submitted by:

7

8                                Pritish Vora, Amicus Curiae, Pro Se

9                                27758 Santa Marg. Pkwy #530

10                                Mission Viejo, CA  92691

                                  (949) 292-8359

11                                pvora2112@gmail.com

12

13

14  Attorneys for the Plaintiffs:

15

16  Brandon Johnson, Esq.            Dale Saran, Esq.

    DC Bar No. 491370               MA Bar #654781

17  Defending The Republic          19744 W 116th Terrace

    2911 Turtle Creek Blvd., Suite 300   Olathe, KS 66061

18  Dallas, TX  75219              Tel: (480) 466-0369

    Tel: (214) 707-1775            dalesaran@gmail.com

19  bcj@defendingtherepublic.org

20

21

22  Jerri Lynn Ward, Esq.

    Texas Bar #20844200

23  Garlo Ward, P.C.

    1017 Rose Circle

24  College Station, Texas 77840

25  Tel: (512) 302-1103 ext. 115

    jward@garloward.com

26

27

28

**AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se**

1

Attorney for the Defendants:

2

Jody D. Lowenstein

3

Mont. Bar. No. 55816869
Trial Attorney

4

United States Dept. of Justice

5

Civil Division, Federal Programs Branch
1100 L Street, N.W.

6

Washington, DC  20005

7

Tel: (202) 598-9280

8

jody.d.lowenstein@usdoj.gov

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMICUS CURIAE BRIEF OF PRITISH VORA, Pro Se